UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Marvin Gerber and Dr. Miriam Brysk

    Plaintiff,

                                          Case No.2:19-cv-13726

vs.                                       Hon. Victoria Roberts

Henry Herskovitz, et al.

    Defendants, Jointly and Severally.

_____/

| | |
|---|---|
| Marc M. Susselman (P29481) | Cynthia Heenan (P53664) |
| ***Attorney for Plaintiff*** | Hugh M. Davis (P12555) |
| 43834 Brandywyne Rd. | Constitutional Litigation Associates, PC |
| Canton, MI 48187 | ***Attorneys for Defendants Herskovitz,*** |
| (734) 416-5186 | ***Harb, Saffold, List, Mark and Jewish*** |
| marcsusselman@gmail.com | ***Witnesses for Peace and Friends*** |
| | 220 Bagley St., Ste. 740 |
| | Detroit, MI 48226 |
| | (313) 961-2255/Fax: (313) 922-5130 |
| | Heenan@ConLitPC.Com |
| | Davis@ConLitPC.Com |
| | |
| | John Shea (P37634) |
| | ***Attorneys for Defendants Herskovitz,*** |
| | ***Harb, Saffold, List and Mark*** |
| | 120 N. 4th Ave. |
| | Ann Arbor, MI 48104 |
| | (734) 995-4646 |

_____/

**DEFENDANTS HENRY HERSKOVITZ, GLORIA HARB, TOM SAFFOLD, RUDY LIST, CHRIS MARK AND JEWISH WITNESSES FOR PEACE AND FRIENDS' ANSWER TO PLAINTIFFS' MOTION FOR ENTRY OF A DEFAULT JUDGMENT**

NOW COME Defendants HERSKOVITZ, HARB, SAFFOLD, LIST, MARK and JEWISH WITNESSES FOR PEACE AND FRIENDS (hereafter, "JWP"), by and through their attorneys, CYNTHIA HEENAN and HUGH M. DAVIS, of CONSTITUTIONAL LITIGATION ASSOCIATES, P.C. and JOHN A. SHEA, and answering Plaintiffs' Motion for Entry of a Default Judgment (ECF No. 16), state as follows:

1. Admitted.

2. Neither admitted nor denied, leaving Plaintiffs to their proofs. Answering further, denied that JWP is a legal entity capable of being sued.

3. Neither admitted nor denied, as the Certificate of Service speaks for itself.

4. Neither admitted nor denied, leaving Plaintiffs to their proofs. Answering further, denied that JWP is a legal entity capable of being sued. Further, the original Complaint did not plead that JWP was a "voluntary unincorporated organization" that would be capable of being sued.

5. Admitted.

6. Neither admitted nor denied, leaving Plaintiffs to their proofs.

7. Denied as stated. Answering further, as set forth in greater detail in Defendant JWP's Motion to Set Aside Default, it has been Defendants Herskovitz, Harb, Saffold, List and Mark's counsels' position, as expressed in the January 3,

2020 telephone conference with this Court and Plaintiffs' counsel, that JWP is not a legal entity capable of being sued, but rather just a name that the individual Protestor Defendants called themselves. Once Plaintiffs filed their Motion for Default Judgment on February 4, 2020, and undersigned counsel realized that Plaintiffs' First Amended Complaint contained new language alleging that JWP was a "voluntary unincorporated organization," appearances were promptly entered and a motion to set aside the default was filed.

Further, JWP was never "electronically" served with the First Amended Complaint, since no attorney, subject to electronic service, had appeared for JWP. Neither JWP nor its alleged agent, Henry Herskovitz, was personally served with the 1st Amended Complaint.

8. Admitted.

9. Admitted.

10. Neither admitted nor denied, as Rule 5 speaks for itself. Answering further, once a default is entered, the defaulted defendant has an opportunity to seek a set-aside of the default before a default judgment may be entered. Fed. R. Civ. P. 55(c); <u>United Coin Meter Co. v. Seaboard Coastline Railroad</u>, 705 F.2d 839, 844 (6th Cir. 1983). Defendant JWP has filed a Motion to Set Aside the Default. (ECF No. 19)

11. Neither admitted nor denied, leaving Plaintiffs to their proofs.

12. Admitted that JWP is neither a minor or incompetent person. Answering further, JWP is not a legal entity capable of being sued. Further, undersigned counsel entered an appearance for JWP on February 6, 2020.

13. Admitted that undersigned counsel did not concur in the relief sought by Plaintiffs. As to the balance of the allegations, neither admitted nor denied for lack of knowledge, leaving Plaintiffs to their proofs.

WHEREFORE, Defendants Herskovitz, Harb, Saffold, List, Mark and JWP respectfully request that this Honorable Court DENY Plaintiffs' motion for entry of a default judgment, along with such other relief as it deems proper and just in the circumstances, including but not limited to sanctions against Plaintiffs' attorney pursuant to 28 § U.S.C. 1927 for unreasonably and vexatiously multiplying these proceedings, in an amount sufficient to compensate the Defendants' attorneys for responding to this Motion, moving to set aside the Default against JWP, and such other related proceedings and activities as may be required.

Respectfully submitted,

By: /s/Cynthia Heenan
Cynthia Heenan, P53664
*Attorneys for Defendants Herskovitz, Harb, Saffold, List, Mark, and Jewish Witnesses for Peace and Friends*
220 Bagley St., Ste. 740
Detroit, MI 48226
(313) 961-2255/Fax: (313) 922-5130
Heenan@ConLitPC.Com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Marvin Gerber,

        Plaintiff,

                                                    Case No.2:19-cv-13726
vs.                                                       Hon. Victoria Roberts

Henry Herskovitz, Gloria Harb, Tom Saffold,
Rudy List, Chris Mark, Deir Yassin Remembered, Inc.,
Jewish Witnesses for Peace and Friends, The City of Ann Arbor,
Ann Arbor Mayor Christopher Taylor, in his official
And individual capacities, Ann Arbor Community Services
Administrator Derek Delacourt, in his official and individual
capacities, Ann Arbor City Attorney Stephen Postema, in his
official and individual capacities, and Senior Assistant
City Attorney Kristen Larcom, in her official and individual capacities.

        Defendants, Jointly and Severally.
_____/

## BRIEF IN OPPOSITION TO:

## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

## **COUNTERSTATEMENT OF THE ISSUES PRESENTED**

I. Should this Court deny Plaintiffs' motion for entry of default judgment against Defendant JWP, when counsel has appeared on behalf of JWP, filed a motion to set aside the default, and satisfies all of the requirements for such a set-aside?

Defendant JWP says, "Yes."

# **TABLE OF AUTHORITIES**

## **CASES**

CTFC v. Aurifex Commodities Research, Case No. 1:06-CV-166 (W.D. Mich. 2008), ...................................................................................................................2

United Coin Meter Co. v. Seaboard Coastline Railroad, 705 F.2d 839, 844 (6th Cir. 1983) ............................................................................................................. iii, 1

## **STATUTES**

28 § U.S.C. 1927 ................................................................................................. iv

## **RULES**

Fed. R. Civ. P. 55(c); ......................................................................................... iii

Rule 55 (a)............................................................................................................1

Rule 60 (b)............................................................................................................1

## **BRIEF IN SUPPORT**

Defendant JWP relies upon the arguments set forth in its contemporaneously filed Motion to Set Aside Default and Brief in Support, which it incorporates by reference. However, JWP re-emphasizes the proper procedure that the Sixth Circuit has held is required once a plaintiff requests entry of a default by the clerk of the court:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Rule 55 (a). Then, pursuant to Rule 55 (c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Rule 55 (b). Finally, Rule 55 (c) authorizes a motion to set aside a default judgment pursuant to Rule 60 (b). *See generally* 10 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* §§ 2681-2700 (1973).
>
> United Coin Meter Co. v. Seaboard Coastline Railroad, 705 F.2d 839, 844 (6th Cir. 1983)..

Here, Plaintiffs requested entry of a default against Defendant JWP on February 3, 2020. The Clerk of the Court entered a default against Defendant JWP that same day. The very next day, February 4, 2020, Plaintiffs filed the instant motion for entry of a default judgment.

Per United Coin, Defendant JWP is entitled to the opportunity to seek to have the default set aside. Undersigned counsel has appeared on JWP's behalf and a

1

motion to set aside the default has been contemporaneously filed. As such, entry of a default judgment would be inappropriate at this time.

Furthermore, based on the alleged membership and agency of JWP, entry of a Judgment for money damages (the only damages sought in Plaintiff's Motion, albeit in an amount unspecified) against JWP would necessarily or at least potentially implicate the Protester Defendants, Herskovitz, Harb, Saffold, List, and Mark.  Since it is undisputed that JWP is not incorporated nor any other sort of legal entity other than, allegedly, a voluntary organization, and there is no evidence that the non-entity JWP has any assets, this is a thinly veiled attend at an end run around litigating Plaintiffs' claims and moving directly into collection against the Protester Defendants.   And insofar as that proves to be the case, then a very relevant factor weighing against this Court's exercise of discretion to enter a default judgment is the fact that material issues of fact are at issue as to whether the Protester Defendants (allegedly voluntarily associated as JWP) violated the laws and rights asserted by the Plaintiffs.  See, CTFC v. Aurifex Commodities Research, Case No. 1:06-CV-166 (W.D. Mich. 2008), cited by Plaintiffs at p. 6 of their Motion.  (Dkt. 16, Page ID 399).

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, for the reasons set forth herein, as well as in Defendant JWP's Motion to Set Aside the Default and Brief in Support, incorporated by reference

2

herein, Defendant JWP respectfully requests that this Honorable Court DENY Plaintiffs' Motion for Entry of Default Judgment.

                              Respectfully submitted,

By:   /s/Cynthia Heenan
        Cynthia Heenan, P53664
        *Attorneys for Defendants Henry Herskovitz, Gloria Harb, Tom Saffold, Rudy List, Chris Mark, and Jewish Witnesses for Peace and Friends*
        220 Bagley St., Ste. 740
        Detroit, MI 48226
        (313) 961-2255/Fax: (313) 922-5130
        Heenan@ConLitPC.Com

Dated: 2/6/20

## CERTIFICATE OF SERVICE

     I hereby certify that on 2/6/20, I electronically filed *Defendants Motion to Set Aside Default*, along with this *Certificate of Service* with the Clerk of the Court for the Eastern District of Michigan, using ECF system, which will send notification of such filing to the following registered participants of the ECF system as listed on the Court's Notice of Electronic Filing:

- **Marc M. Susselman**
  marcsusselman@gmail.com
- **All counsel of record via the ECF system**

                                   s/Jillian R. Rosati
                                Jillian R. Rosati
                                Constitutional Litigation Associates, P.C.
                                Info@ConLitPC.Com