IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marvin Gerber, Dr. Miriam Brysk,

    Plaintiffs,

vs.                                                Civil Action No. 2:19-cv-13726
                                                     Hon. Victoria Roberts

Henry Herskovitz, *et al.*,

    Defendants, Jointly and Severally.
_____/

| | |
|---|---|
| Marc M. Susselman (P29481)<br>Attorney at Law<br>43834 Brandywyne Rd.<br>Canton, Michigan 48187<br>(734) 416-5186<br>marcsusselman@gmail.com<br>Attorney for Plaintiffs | Cynthia Heenan (P53664)<br>Hugh M. Davis (P12555)<br>Constitutional Litigation Associates, PC<br>Attorneys for Defendants Henry Herskovitz,<br>Gloria Harb, Tom Saffold, Rudy List,<br>Chris Mark and Jewish Witnesses for Peace<br>and Friends<br>Bagley St., Ste. 740<br>Detroit, MI 48226<br>(313) 961-2255/Fax: (313) 922-5130<br>Heenan@CoLitPC.Com<br>Davis@ConLitPC.Com<br><br>John A. Shea (P37634)<br>Attorney for Defendants<br>Herskovitz, Harb, Saffold, List and Mark<br>120 N. Fourth Avenue<br>Ann Arbor, Michigan 48104<br>(734) 995-4646<br>jashea@earthlink.net |

_____/

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF TO
THE PROTESTER DEFENDANTS' REPLY BRIEF TO PLAINTIFFS' BRIEF
IN OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT**

Plaintiffs, by and through their attorney Marc M. Susselman, request leave to file the attached 6-page sur-reply brief in response to the named Protester Defendants' reply brief to Plaintiffs' brief in opposition to Defendants' motion to set aside default, and state as follows:

1. The individually named protester Defendants assert several factually erroneous statements about the nature of the signs which they use as part of their protests and offer misleading legal analyses of cases cited by Plaintiffs, as well as citing cases in support of their positions which are not on point.

2. Plaintiffs' proposed sur-reply brief is needed in order to address and correct these misstatements. A copy of the proposed sur-reply brief is attached.

3. Pursuant to LR 7.1(2)(A), there was an effort to have a telephone conference on February 24, 2020, between attorneys entitled to be heard on the motion in which counsel for the movants intended to explain the nature of the motion and its legal basis but did not obtain concurrence in the relief sought. Calls were made to Attorneys Hugh Davis and Cynthia Heenan, attorneys for the Protester Defendants, but they were not reached. On February 24, 2020, Plaintiffs' counsel spoke by telephone with Attorney Timothy Wilhelm, attorney for the City of Ann Arbor and the individually named Defendants Taylor, Delacourt, Postema and Larcom, and sought his concurrence after explaining the nature of the motion and its basis. Mr. Wilhelm stated that he did not concur with the motion, but did not object.

Respectfully submitted,

Marc M. Susselman (P29481)
Attorney at Law
43834 Brandywyne Rd.
Canton, Michigan 48187
(734) 416-5186
marcsusselman@gmail.com

By: _____s/ Marc M. Susselman_____
Attorney for Plaintiff

Dated: February 24, 2020

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marvin Gerber, Dr. Miriam Brysk,

    Plaintiffs,

vs.                                                                           Civil Action No. 2:19-cv-13726
                                                                         Hon. Victoria Roberts

Henry Herskovitz, *et al.*,

    Defendants, Jointly and Severally.
_____/

Marc M. Susselman (P29481)             Cynthia Heenan (P53664)
Attorney at Law                                         Hugh M. Davis (P12555)
43834 Brandywyne Rd.                  Constitutional Litigation Associates, PC
Canton, Michigan 48187                Attorneys for Defendants Henry Herskovitz,
(734) 416-5186                                          Gloria Harb, Tom Saffold, Rudy List and
marcsusselman@gmail.com             Chris Mark
Attorney for Plaintiffs                    220 Bagley St., Ste. 740
                                                                 Detroit, MI 48226
                                                                 (313) 961-2255/Fax: (313) 922-5130
                                                                 Heenan@CoLitPC.Com
                                                                 Davis@ConLitPC.Com

                                                                 John A. Shea (P37634)
                                                                Attorney for Defendants
                                                                Herskovitz, Harb, Saffold, List and Mark
                                                                120 N. Fourth Avenue
                                                                Ann Arbor, Michigan 48104
                                                                (734) 995-4646
                                                                jashea@earthlink.net
_____/

**PLAINTIFFS' SUR-REPLY BRIEF**

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| **QUESTIONS PRESENTED** ............................................................................ | ii |
| **CONTROLLING AUTHORITY** ..................................................................... | iii |
| **INDEX OF AUTHORITIES** ............................................................................ | iv |
| I. | **JEWISH WITNESSES FOR PEACE AND FRIENDS ("WITNESSES") DOES NOT HAVE A MERITORIOUS DEFENSE.** ............................... | 1 |
| II. | **PLAINTIFFS WILL BE PREJUDICED IF THE DEFAULT IS SET ASIDE.** | 5 |
| III. | **THE DEFAULT HAS BEEN BOTH WILLFUL AND DUE TO CULPABILITY.** .................................................................................. | 5 |
| **CERTIFICATE OF SERVICE** ......................................................................... | 7 |

## QUESTIONS PRESENTED

1. Whether Defendant Jewish Witnesses For Peace And Friends has a meritorious defense to the claims alleged against it.

Plaintiffs answer "No."

Defendants answer "Yes."

2. Whether the Plaintiffs will be prejudiced if the default is set aside.

Plaintiffs answer "Yes."

Defendants answer "No."

3. Whether the default has been due to willfulness or culpable conduct.

Plaintiffs answer "Yes.'

Defendants answer "No."

# **CONTROLLING AUTHORITY**

*Beauharnais v. Illinois,* 343 U.S. 250 (1954)

*Elrod v. Burns,* 427 U.S. 347 (1976)

*Frisby v. Schultz,* 487 U.S. 474 (1988)

*Lehman v. City of Shaker Heights,* 418 U.S. 298 (1974)

*Phelps-Roper v. Strickland,* 539 F.3d 356 (6th Cir. 2008)

*Phelps-Roper v. Ricketts,* 867 F.3d 883 (8th Cir. 2017)

# **INDEX OF AUTHORITIES**

**CASES**                                                                                                   Pages

### **Federal**

*Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522 (1931)......................   6

*Beauharnais v. Illinois,* 343 U.S. 250 (1954) .........................................................   1

*Dean v. Byerley,* 354 F.3d 540 (6th Cir. 2004).......................................................   4

*Elrod v. Burns*, 427 U.S. 347 (1976)......................................................................   5

*Frisby v. Schultz,* 487 U.S. 474 (1988)..................................................................   3

*Harkness v. Hyde,* 98 U.S. 476 (1878) ..................................................................   6

*Lehman v. City of Shaker Heights,* 418 U.S. 298 (1974)......................................   4

*Madsen v. Women's Health Center, Inc.,* 512 U.S. 753 (1994).............................   3, 4

*Phelps-Roper v. Ricketts,* 867 F.3d 883 (8th Cir. 2017).........................................   4

*Phelps-Roper v. City of Manchester,* 697 F.3d 678 (8th Cir. 2012) ......................   4

*Phelps-Roper v. Strickland,* 539 F.3d 356 (6th Cir. 2008) ....................................   4, 5

*R.A.V. v. St. Paul,* 505 U.S. 377 (1992).................................................................   2

*Tenafly Eruv Ass'n v. Borough of Tenafly,* 309 F.3d 144 (3d Cir. 2002)................   5

*Thorburn v. Austin,* 231 F.3d 1114 (8th Cir. 2000)................................................   4

### **State**

*St. David's Episcopal Church v. Westboro Baptist,*
   921 P.2d 821; 22 Kan. App. 2d 537 (Kan. Ct. of Appeals, 1996)................   3, 4

*Saint John's Church in the Wilderness v. Scott,* 296 P.3d 273 (Colo. App. 2012)...   3, 4

### **UNITED STATES CONSTITUTION**

U.S. Const. amend. I                 .......................................................................   1

I.  **JEWISH WITNESSES FOR PEACE AND FRIENDS ("WITNESSES") DOES NOT HAVE A MERITORIOUS DEFENSE.**

Defendants' strategy to rebut Plaintiffs' argument that they do not have a meritorious defense based on the 1st Amendment is to attempt to demonstrate that the individual strains of 1st Amendment doctrines placing limitations on free speech articulated in Supreme Court precedents, taken individually, are not *precisely* on point with the facts in the instant case. What Defendants ignore is that Plaintiffs' argument is not exclusively based on any one line of 1st Amendment doctrines, but rather on the unique convergence of factors present here, and therefore on the convergence of 1st Amendment doctrines that address them – the use of nonpolitical hate speech in proximity to a house of worship in a residentially zoned area, where congregants and their children attend religious services at their preferred place of worship, who, as they approach their sanctuary, are forced to see signs demonizing their religion and denigrating their support for the State of Israel. Attacking any single line of decisions fails to address the unique convergence of all these factors which, taken together, demonstrate that the speech in question is legitimately subject to time, place and manner restrictions within the parameters of the 1st Amendment.

Thus, Defendants first contend that Plaintiffs' reliance on the Supreme Court decision on *Beauharnais v. Illinois,* 343 U.S. 250 (1952), is misplaced because the decision turned on the fact that Beauharnais was accusing African-Americans of being guilty, as a group, of various crimes, i.e., being rapists, robbers and drug users. This claim ignores the fact that the Supreme Court sustained the constitutionality of the Illinois statute in its entirety, in which Illinois made it a crime to publish "any lithograph, moving picture, play, drama or sketch, which publication or exhibition portrays depravity, criminality, unchastity, or lack of virtue of a class of citizens, of any race, color, creed or religion which said publication or exhibition exposes the citizens of any race, color, creed or religion to contempt, derision, or obloquy." The statute did not require that the publication accuse the targeted group of engaging in crime. The Antisemitic signs used by the

1

protesters clearly fall into the category of group aspersion that the Illinois statute criminalized. (*See* Prof. Waltzer's affidavit, ¶s 16-17.)

Moreover, their defense ignores several signs which the protesters have used, and continue to use, signs which accuse the members of Beth Israel Synagogue ("Synagogue") of being complicit in crimes allegedly committed by Jews who support Israel, i.e., "Zionists are Nazis"; "End the Palestinian holocaust." (*See* Exhibits 1 and 2 attached to Plaintiffs' Response.) To accuse anyone of behaving like a Nazi is to imply they engage in crimes against humanity, crimes which violate international law. To assert this in particular regarding Jews, to accuse them of committing a genocide against the Palestinian people comparable to what the Nazis committed against the Jews, is to accuse the members of the Synagogue of supporting, advocating and tolerating the mass extermination of the Palestinian people, a crime at least as serious as rape, theft and drug use and a blatant falsehood, which, as Plaintiffs claim in Count XVII of the 1st Amended Complaint, constitutes group defamation. Defendants' claim that the protesters are engaging in "core political speech" is fallacious. It is Antisemitic hate speech posing as political speech.

Defendants' argument also ignores the Supreme Court decision in *R.A.V. v. St. Paul*, 505 U.S. 377 (1992), in which the Court overturned the conviction of a teen-ager who had burned a cross on the property of an African-American family and was charged with violating a St. Paul ordinance which criminalized placing a burning cross or Nazi swastika on public or private property. The Court held that the ordinance was unconstitutional because it was not content and viewpoint neutral, but only criminalized particular forms of hate speech aimed at particular racial and religious minorities, and was therefore under-inclusive. The Court made clear that a broader framed ordinance, which criminalized forms of hate speech generally, would have passed constitutional muster, regardless whether the speech, as in the case of the cross burning, attributed

2

criminal activity to a particular ethnic or religious group. Defendants' claim that Antisemitic speech which does not libel its victims by accusing them of engaging in crimes is protected by the 1st Amendment is therefore patently false.

Defendants argue that Plaintiffs' reliance on *Frisby v. Schultz,* 487 U.S. 474 (1988), for the proposition that, since the Synagogue is located in a residentially zoned area, the protesters' conduct constitutes targeted residential picketing, is misplaced because a house of worship is only a metaphorical house, not, strictly speaking, a private residence, as was addressed in *Frisby*. This rebuttal ignores the aspects of a home which the Supreme Court regarded as worthy of protection from intrusive picketing – that a home is a reclusive retreat for contemplation, relaxation and spiritual renewal, qualities which a house of worship shares with a home. As noted in *St. David's Episcopal Church v. Westboro Baptist,* 921 P.2d 821, 831 (Kan. 1996):

> After noting the government interest in protecting residential privacy which has been upheld by the United States Supreme Court, the trial court in this case ruled that one's place of worship "would place a close second to one's residence when it comes to the right to worship and communicate with the maker of one's choice in a tranquil, private and serene environment."
>
> We agree with the trial court and find that, in addition to the government interest in protecting residential and clinical privacy, the government has a legitimate interest in protecting the privacy of one's place of worship as well.

*See also Saint John's Church in the Wilderness v. Scott,* 296 P.2d 273 (Colo. App. 2012).

In *Madsen v. Women's Health Center, Inc.,* 512 U.S. 753 (1994), which involved the constitutionality of an injunction restricting picketing in the vicinity of an abortion clinic – not a private residence - the Court agreed with the following assessment by the Florida Supreme Court, stating, *id.* at 768: "[T]he [Florida Supreme] [C]ourt believed that the State's strong interest in residential privacy, acknowledged in *Frisby* ... applied by analogy to medical privacy. ... We agree with the Supreme Court of Florida that the combination of these governmental interests is quite sufficient to justify an appropriately tailored injunction to protect them."

3

Defendants emphasize that in *Thorburn v. Austin,* 231 F.3d 1114 (8th Cir. 2000), the ordinance upheld by the court, which prohibited focused picketing "directed toward a particular person in a rectangular zone in front of that person's dwelling," did not apply to picketing "across the street from the targeted dwelling," insulating the picketing across Washtenaw Ave. Courts, however, have sustained restrictions of greater distances. The ordinance in *Frisby,* for example, barred picketing "before or about the residence." In *Phelps-Roper v. City of Manchester,* 697 F.3d 678 (8th Cir. 2012), the ordinance limited the distance to 300 ft., or the distance of a football field, further than the distance across Washtenaw Ave. A similar distance was imposed by the statute at issue in *Phelps-Roper v. Strickland,* 539 F.3d 356 (6th Cir. 2008). In *Phelps-Roper v. Ricketts,* 867 F.3d 883 (8th Cir. 2017), the distance imposed by the Nebraska statute was 500 ft.

In *Dean v. Byerley,* 354 F.3d 540 (6th Cir. 2004), the Court reversed the trial court's grant of summary judgment to the defendant, holding that the plaintiff's picketing of the defendant's residence on a single occasion, March 27, 2001, did not constitute focused picketing under the holding of *Frisby, supra.* The facts in *Dean* are so obviously distinguishable from those of the instant matter, where 6 to 12 protesters have been picketing the Synagogue 52 times a year for 16 years, as to make the citation of *Dean* to support the Defendants' position verging on frivolous. Equally frivolous is their claim that such conduct may only be restricted by legislative action in the form of a statute or ordinance. In *Madsen, supra,* the Court stated, 512 U.S. at 765, "Injunctions, of course, have some advantages over generally applicable statutes in that they can be tailored by a trial judge to afford more precise relief than a statute where a violation of the law has already occurred." *See* injunctions imposed in *St. David's Episcopal Church* and *Saint John's Church in the Wilderness, supra.*

Defendants' claim that the captive audience doctrine applies primarily to private residences rather than public forums is specious. The paradigm captive audience case is *Lehman*

4

*v. City of Shaker Heights*, 418 U.S. 298 (1974), which involved passengers on public transportation. The Court did not hold that the passengers could avoid seeing the unwelcome political ads by simply continuously looking down at their feet as they rode the city's busses. The members of the Synagogue are not required to avert their eyes to the West every Saturday morning, year after year, in order to accommodate the zealotry of the protesters in their obsession to foist their Antisemitic messages down the congregants' throats. As the Court stated in *Strickland, supra,* 539 F.3d at 367: "Friends and family of the deceased should not be expected to op-out from attending their loved one's funeral or burial service. ... Nor can funeral attendees simply 'avert their eyes' to avoid exposure to disruptive speech at a funeral or burial service. the mere presence of a protester is sufficient to inflict harm." (Citations omitted.)

Defendants fail to address the other bases for relief which demonstrate they lack a meritorious defense, i.e., the harmful effect on children and the hostile environment the picketing creates, as well as the additional bases set forth in averment 83 of the 1st Amended Complaint.

II.     **PLAINTIFFS WILL BE PREJUDICED IF THE DEFAULT IS SET ASIDE.**

Defendants' assertion that delay in obtaining an injunction does not constitute prejudice is contrary to established law when the right being infringed on by the delay is a 1st Amendment right, such as the right to freely exercise one's religion without harassment. "The loss of First Amendment freedoms, **for even minimal periods of time**, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976) (emphasis added). *See also Tenafly Eruv Ass'n v. Borough of Tenafly,* 309 F.3d 144, 178 (3d Cir. 2002).

III.    **THE DEFAULT HAS BEEN BOTH WILLFUL AND DUE TO CULPABILITY.**

That Defendants have acted willfully and with culpability is demonstrated by their continued insistence, despite the multiple cases which Plaintiffs have cited to the contrary, that Witnesses is a legal non-entity which they had no reason to know was subject to suit requiring the

5

appearance of defense counsel. Their disingenuousness is demonstrated by their efforts to have it both ways – claiming, on the one hand, that their failure to appear was attributable to an "honest mistake," at the same time that they continue to assert that they did not do anything wrong to begin with, since Witnesses is not a legal entity. Rather than just admitting their inattention to the averments in both the Complaint and the 1st Amended Complaint, and simply asking for the Court's clemency, they continue to insist there was no oversight because they had a "good faith belief that JWP is not, in fact, a legal entity capable of being sued[.]" This alleged "good faith belief" is in fact belied by the character of their appearances. If, in fact, Witnesses is a legal non-entity, then the Court could not exercise jurisdiction over it – a court cannot exercise jurisdiction over an entity which does not exist. If this were the case, however, defense counsel should have challenged the Court's jurisdiction by filing special appearances, not general appearances. *See Harkness v. Hyde*, 98 U.S. 476 (1878); *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522 (1931). Instead, defense counsel have filed general appearances. In so doing, they have conceded that they are appearing on behalf of a legal entity which is subject to suit and over which the Court has jurisdiction. Mr. Shea's recently filed general appearance continues this charade by asserting, "Counsel's appearance is not an admission that Defendant is a legal entity with standing to sue or be sued." (ECR No. 24) This sort of disingenuous double-talk demonstrates willfulness and culpability, forfeiting their efforts to have the default set aside.

                                              Respectfully submitted,

                                              Marc M. Susselman (P29481)
                                              Attorney at Law
                                              43834 Brandywyne Rd.
                                              Canton, Michigan 48187
                                              (734) 416-5186
                                              marcsusselman@gmail.com

                              By:      s/ Marc M. Susselman_____
Dated: February 24, 2020                     Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marvin Gerber, Dr. Miriam Brysk,

    Plaintiffs,

vs.                                                                                Civil Action No. 2:19-cv-13726
                                                                              Hon. Victoria Roberts

Henry Herskovitz, *et al.*,

    Defendants, Jointly and Severally.
_____/

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 24, 2020, I electronically filed **Plaintiffs' Motion For Leave To File Sur-Reply Brief To The Protester Defendants' Reply Brief To Plaintiffs' Brief In Oposition To Defendants' Motion To Set Aside Default along with this Certificate of Service,** with the Clerk of the Court for the Eastern District of Michigan, using the ECF system, which will send notification of such filing to the following registered participants of the ECF system as listed on the Court's Notice of Electronic Filing:

**All counsel of record via the ECF system**

                                                          Marc M. Susselman (P29481)
                                                          Attorney at Law
                                                          43834 Brandywyne Rd.
                                                          Canton, Michigan 48187
                                                          (734) 416-5186
                                                          marcsusselman@gmail.com

                                       By:       s/ Marc M. Susselman_____
Dated:  February 24, 2020                              Attorney for Plaintiffs

7