IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marvin Gerber, Dr. Miriam Brysk,

    Plaintiffs,

vs.                                                           Civil Action No. 2:19-cv-13726
                                                            Hon. Victoria Roberts

Henry Herskovitz, *et al.*,

    Defendants, Jointly and Severally.

_____/

| | |
|---|---|
| Marc M. Susselman (P29481) | Cynthia Heenan (P53664) |
| Attorney at Law | Hugh M. Davis (P12555) |
| 43834 Brandywyne Rd. | Constitutional Litigation Associates, PC |
| Canton, Michigan 48187 | Attorneys for Defendants Henry Herskovitz, |
| (734) 416-5186 | Gloria Harb, Tom Saffold, Rudy List and |
| marcsusselman@gmail.com | Chris Mark |
| Attorney for Plaintiffs | 220 Bagley St., Ste. 740 |
| | Detroit, MI 48226 |
| Ziporah Reich (3979639) | (313) 961-2255/Fax: (313) 922-5130 |
| The Lawfare Project | Heenan@CoLitPC.Com |
| 633 Third ave., 21st Floor | Davis@ConLitPC.Com |
| New York, N.Y. 10017 | |
| (212) 339-6995 | |
| Ziporah@thelawfareproject.org | John A. Shea (P37634) |
| Co-Counsel for Plaintiffs | Attorney for Defendants |
| | Herskovitz, Harb, Saffold, List and Mark |
| | 120 N. Fourth Avenue |
| | Ann Arbor, Michigan 48104 |
| | (734) 995-4646 |
| | jashea@earthlink.net |

_____/

**PLAINTIFFS' RESPONSE TO PROTESTER DEFENDANTS' HERSKOVITZ, HARB, SAFFOLD, LIST, MARK AND JEWISH WITNESSES FOR PEACE AND FRIENDS' *EX PARTE* MOTION FOR LEAVE TO FILE MOTION TO DISMISS THAT EXCEEDS THE COURT'S PAGE LIMIT**

      Plaintiffs, by and through their attorneys, in response to the Protester Defendants' motion to file a brief in support of their motion to dismiss under Fed. R. Civ. P. 12(b)(6) which exceeds the 25-page limit set forth in LR 7.1(d) state as follows;

1

1. Plaintiffs do not object to the Court granting the motion and allowing the individually named Protester Defendants, and the individually named Protester Defendants only, to file a brief totaling 70 page. (ECF No. 37)

2. Plaintiffs do object, however, do the defense counsel filing this motion on behalf of Defendant Jewish Witnesses for Peace and Friends ("Witnesses"). On February 3, 2020, the Clerk of the Court entered a default against Witnesses because no attorney had appeared on behalf of Witnesses and Witnesses had failed to answer the Complaint or the First Amended Complaint, or otherwise plead, within the requisite time limits. (ECF No. 15)

3. On February 4, 2020, Plaintiffs filed a motion for entry of a default judgment against Witnesses. (ECF No. 16)

4. On February 6, 2020, counsel for the individually named Protester Defendants filed a motion to set aside the Clerk's entry of default against Witnesses. (ECF No. 19) On that same date, counsel for the individually named Defendants filed a response opposing the motion for entry of a default judgment against Witnesses. (ECF No. 20)

5. On February 11, 2020, the Plaintiffs filed a reply to the response opposing the motion for entry of a default judgment against Witnesses. (ECF No. 21)

6. On February 13, 2020, Plaintiffs filed a response to the individually named Protester Defendants' motion to set aside the default of Witnesses.

7. Those motions and responses are still pending before the Court. The entry of default against Witnesses has not been set aside by the Court. Therefore, under Fed. R. Civ. P. 55, Witnesses is precluded from filing any pleadings, motions or briefs unless and until the default is set aside. Moreover, pursuant to Fed. R. Civil P. 8(b)(6), "An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." By the failure of Witnesses to answer any of the complaints or otherwise plead, and

the entry of the default against Witnesses, the allegations against Witnesses contained in the First Amended Complaint, other than as to the damages, are deemed admitted. *See, e.g., Brockton Sav. Bank v. Peat, Marwick, Mitchell,* 771 F.2d 5, 13 (1st Cir. 1985), "[T]here is no question that, default having been entered, each of Brockton's allegations of fact must be taken as true and each of its seven claims must be established as a matter of law."

8. Unless and until the Court rules on the pending motions and responses, Witnesses is precluded from joining in the motion to dismiss being filed by the individually named Protester Defendants, and any such filing by Witnesses without the default having been set aside should be stricken.

Respectfully submitted,

Marc M. Susselman (P29481)
Attorney at Law
43834 Brandywyne Rd.
Canton, Michigan 48187
(734) 416-5186
marcsusselman@gmail.com

By:     s/ Marc M. Susselman_____
Attorney for Plaintifs

Dated: March 17, 2020

3