UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN GERBER, et al.,

    Plaintiffs,

v.

HENRY HERSKOVITZ, et al.,

    Defendants.
_____/

Case No. 19-13726
Honorable Victoria A. Roberts

## ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT [ECF No. 19] AND DENYING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT [ECF No. 16]

**I.  INTRODUCTION**

Plaintiffs filed a Motion for Entry of Default Judgment Against Defendant Jewish Witnesses for Peace and Friends ("JWPF").  Plaintiffs say they served JWPF on January 10, 2020, and it failed to answer the complaint or otherwise respond.  On February 3rd, Plaintiffs filed a Request for Clerk's Entry of Default.  The clerk entered the default the same day.  Three days later – on February 6th – Defendants, including JWPF, answered Plaintiffs' motion.  They also filed a motion to set aside the default.  Both motions are fully briefed.

## II. DISCUSSION

In both their response to Plaintiffs' motion and in their own motion, Defendants invoke Federal Rule of Civil Procedure 55(c). This rule requires that defaults be set aside where there is good cause to do so. The Sixth Circuit directs the Court to consider several factors in deciding whether to set aside a default under Rule 55(c): (1) was the default willful or culpable; (2) will plaintiff be prejudiced if the default is set aside; and (3) does defendant have a meritorious defense. *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983).

### **Willfulness**

Defendants say there was no willfulness on their part in JWPF's failure to respond to the original complaint because they believed JWPF was not a legal entity. They also say they overlooked the slight alteration to the legal description of JWPF in Plaintiffs' 94-page amended complaint filed on January 10, 2020. Counsel appeared for JWPF on February 6th.

Plaintiffs say Defendants' willfulness is demonstrated by their continued insistence that JWPF is not a legal entity.

For purposes of Rule 55(c), a defendant must display conduct that demonstrates an "intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Thompson*

2

*v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (citation omitted).

The Court finds that neither such an intention or reckless disregard is demonstrated here by Plaintiffs. Defendants continue to believe that JWPF is not capable of being sued. This issue will be litigated.

## **Prejudice**

Plaintiffs say they will suffer prejudice because an injunction against JWPF will be delayed if it is not defaulted, allowing it to continue to engage in the conduct that is the subject of this suit. This claimed prejudice is insufficient to allow a default to stand.

To rise to the requisite level of prejudice, the setting aside must result in more than just delay. The delay "must result in tangible harm such as loss of evidence, increased difficulties of discovery or greater opportunity for fraud or collusion." *Thompson*, 95 F.3d at 433-34. Plaintiffs point to none of these possibilities.

## **Meritorious Defense**

Plaintiffs say the conduct that Defendants engage in is not protected by the First Amendment. But this goes to the heart of what this case is about. And, courts are not to focus on the likelihood of success on the merits in deciding whether a defaulted defendant has a meritorious

3

defense. "If any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin*, 705 F.2d at 845.

Defendants rely on the First Amendment as their defense. This is good law.

Allowing the default to stand under such circumstances – when discovery is yet to be conducted and no defendant has yet answered the complaint – would be contrary to the spirit of the law.

Default judgments are generally disfavored; cases should be decided on their merits when reasonably possible. *See Thompson*, 95 F.3d at 434 ("'Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" (quoting *Rooks v. Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959))).

The Court concludes that it is reasonably possible to decide this case against JWPF on the merits, as it considers the same allegations against the other defendants – all of whom have the same defenses.

## III. CONCLUSION

No factor weighs in favor of allowing the default to stand against JWPF. The Court exercises its discretion to set it aside.

Defendants' motion to set aside is **GRANTED**; Plaintiffs' motion for entry of default judgment against JWPF is **DENIED**.

4

**IT IS ORDERED**.

                                                    <u>s/ Victoria A. Roberts</u>
                                                   Victoria A. Roberts
                                                   United States District Judge

Dated: March 19, 2020