UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN GERBER, et al.,

    Plaintiffs,

v.

HENRY HERSKOVITZ, et al.,

    Defendants.

_____/

Case No. 19-13726
Honorable Victoria A. Roberts

### ORDER: (1) DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS; and (2) DISMISSING WITHOUT PREJUDICE COUNTS XIV TO XXIII OF THE FIRST AMENDED COMPLAINT

Plaintiffs filed this case in December 2019.  On January 10, 2020, Plaintiffs filed a 23-count First Amended Complaint.  The first thirteen counts allege claims which arise under federal law.  The remaining ten – Counts XIV to XXIII – assert state law claims, such as group defamation, intentional infliction of emotional distress, breach of fiduciary duty, and fraudulent concealment.

Because the parties to this action are not diverse, Plaintiffs allege that the Court has supplemental jurisdiction to hear their state law claims pursuant to 28 U.S.C. § 1367(a).

This Court may exercise supplemental jurisdiction over each claim in an action that shares a common nucleus of operative facts with a claim that invokes the Court's original jurisdiction.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).  However, because supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right," the Court need not exercise its authority to invoke supplemental jurisdiction in every case in which it is possible to do so.  *Id.* at 726; *see also* 28 U.S.C. § 1367(c).

Justification for this doctrine "lies in considerations of judicial economy, convenience, and fairness to litigants."  *Id.*  Therefore, "[i]n deciding whether to exercise supplemental jurisdiction . . . a judge must take into account concerns of comity, judicial economy, convenience, fairness, and the like."  *Senra v. Smithfield*, 715 F.3d 34, 41 (1st Cir. 2013). If these considerations are not present, the Court "should hesitate to exercise jurisdiction over state claims." *Gibbs*, 383 U.S. at 726.  Moreover, supplemental jurisdiction may be denied if a claim raises a novel or complex issue of State law, "if the federal claims are dismissed before trial," if "it appears that the state issues subsequently predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims.  *Id.* at 726-27; 28 U.S.C. § 1367(c).

3

Considering the circumstances of this case – including the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims – the Court finds it appropriate to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. Invoking supplemental jurisdiction would not promote judicial economy or the convenience of the parties, and it would likely lead to jury confusion. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

Plaintiffs' state law claims (Counts XIV-XXIII) are **DISMISSED WITHOUT PREJUDICE**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 19, 2020