IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marvin Gerber, Dr. Miriam Brysk,

    Plaintiffs,

vs.                                                          Civil Action No. 2:19-cv-13726
                                                        Hon. Victoria A. Roberts

Henry Herskovitz, *et al.*,

    Defendants, Jointly and Severally.
_____/

| | |
|---|---|
| Marc M. Susselman (P29481) | Cynthia Heenan (P53664) |
| Attorney at Law | Hugh M. Davis (P12555) |
| 43834 Brandywyne Rd. | Constitutional Litigation Associates, PC |
| Canton, Michigan 48187 | Attorneys for Defendants Henry Herskovitz, |
| (734) 416-5186 | Gloria Harb, Tom Saffold, Rudy List and |
| marcsusselman@gmail.com | Chris Mark |
| Attorney for Plaintiffs | 220 Bagley St., Ste. 740 |
| | Detroit, MI 48226 |
| Ziporah Reich (3979639) | (313) 961-2255/Fax: (313) 922-5130 |
| The Lawfare Project | Heenan@ConLitPC.Com |
| 633 Third ave., 21st Floor | Davis@ConLitPC.Com |
| New York, N.Y. 10017 | |
| (212) 339-6995 | |
| Ziporah@thelawfareproject.org | John A. Shea (P37634) |
| Co-Counsel for Plaintiffs | Attorney for Defendants |
| | Herskovitz, Harb, Saffold, List and |
| Timothy S. Wilhelm (P67675) | Mark |
| OFFICE OF THE CITY ATTORNEY | 120 N. Fourth Avenue |
| Attorneys for the City of Ann Arbor, | Ann Arbor, Michigan 48104 |
| Christopher Taylor, Derek Delacourt, | (734) 995-4646 |
| Stephen Postema, and Kristen Larcom | jashea@earthlink.net |
| 301 E. Huron St., P.O. Box 8647 | |
| Ann Arbor, Michigan 48107-8647 | |
| (734) 794-6170 | |
| twilhelm@a2gov.org | |

_____

**PLAINTIFFS' CORRECTED *EXPARTE* MOTION TO FILE AN OVERSIZE BRIEF IN SUPPPOT OF THEIR RESPONSE TO THE PROTESTER DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, by and through their attorneys, hereby correct a statement made in their *Ex*

*Parte* Motion To File An Oversize Brief In Support Of Their Response To The Protester Defendants' Motion To Dismiss (Dkt. No. 51), and in support of the corrected motion state as follows:

1. In ¶2 of the original motion, Plaintiffs' counsel asserted that there is only one federal case which remotely relates to the issue in our case, *Tompkins v. Cyr,* 995 F. Supp.664 (N.D. Tex. 1998). On the morning of June 3, 2020, Plaintiffs' counsel decided to Shepardize *Tompkins* in order to confirm that there has not been any subsequent federal decision which has more directly addressed the issue in question, *i.e.,* the application of the 1st Amendment rights of freedom of speech and freedom of religion to peaceful picketing outside a house of worship.

2. In the course of that legal research, Plaintiffs' counsel discovered *Olmer v. City of Lincoln,* 192 F.3d 1176 (8th Cir. 1999), *overruled, Phelps-Roper v. City of Manchester,* 697 F.3d 678 (8th Cir. 2012). In *Olmer,* the Court cited *Action v. Gannon,* 450 F.2d 1227 (8th Cir. 1971), in which the appellate court affirmed the trial court's issuance of an injunction against the Black Liberation Front which was deliberately entering a Catholic Church to disrupt its services. Although Plaintiffs' counsel had previously read *Gannon,* because the facts were readily distinguishable from those in the instant case, and because the holding in *Gannon* that a claim under 42 U.S.C. §1985(3) could be based on the 1st Amendment in the absence of state action had been overruled by *Casrpenters v. Scott,* 463 U.S. 825 (1983), he dismissed the decision from his mind when preparing the *ex parte* motion.

3. However, upon rereading *Gannon,* he discovered the following passage:

> The defendants also have a right to engage in peaceful pamphleteering and picketing on public property, so long as they do not 'unduly interfere with the normal use of the public property by other members of the public with an equal right of access to it[.]' ... The defendants, however, do not have a right to enter the cathedral and disrupt the church services of the plaintiffs. (Footnote and citations omitted.)

While the above passage is *dicta,* so was note 10 in *Tompkins.*

2

4. Nonetheless, *Gannon* is distinguishable from the facts here, since the defendants in *Gannon* had only engaged in their protest activity once, not on a weekly basis for 16 ½ years. In addition, their protest did not attack the Catholic religion of the church congregants, nor the fact that they were Caucasian.

5. It still remains the case that, to the best of Plaintiffs' counsels' knowledge, there is no federal court decision addressing the issue in this case in any form other than *dicta*, and a dispositive ruling by this Court will be the first such decision in federal jurisprudence.

6. Plaintiffs' counsel apologize for the oversight and state that they did not intend to mislead the Court.

**WHEREFORE,** Plaintiffs request that their *ex parte* motion to file an oversize brief numbering 60 pages in support of their Response to the Protesters motion to dismiss be granted.

Respectfully submitted,

| | |
|---|---|
| Ziporah Reich (3979639) | Marc M. Susselman (P29481) |
| The Lawfare Project | Attorney at Law |
| 633 Third ave., 21st Floor | 43834 Brandywyne Rd. |
| New York, N.Y. 10017 | Canton, Michigan 48187 |
| (212) 339-6995 | (734) 416-5186 |
| Ziporah@thelawfareproject.org | marcsusselman@gmail.com |
| | |
| By:   /s Ziporah Reich | /s Marc M. Susselman |
|         Co-counsel for Plaintiffs | Attorney for Plaintiffs |

Dated: June 3, 2020

3