IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marvin Gerber, Dr. Miriam Brysk,

    Plaintiffs,

vs.                                                    Civil Action No. 2:19-cv-13726
                                                    Hon. Victoria A. Roberts

Henry Herskovitz, *et al.*,

    Defendants, Jointly and Severally.

_____/

| | |
|---|---|
| Marc M. Susselman (P29481) | Cynthia Heenan (P53664) |
| Attorney at Law | Hugh M. Davis (P12555) |
| 43834 Brandywyne Rd. | Constitutional Litigation Associates, PC |
| Canton, Michigan 48187 | Attorneys for Defendants Henry Herskovitz, |
| (734) 416-5186 | Gloria Harb, Tom Saffold, Rudy List and |
| marcsusselman@gmail.com | Chris Mark |
| Attorney for Plaintiffs | 220 Bagley St., Ste. 740 |
| | Detroit, MI 48226 |
| Ziporah Reich (3979639) | (313) 961-2255/Fax: (313) 922-5130 |
| The Lawfare Project | Heenan@ConLitPC.Com |
| 633 Third ave., 21st Floor | Davis@ConLitPC.Com |
| New York, N.Y. 10017 | |
| (212) 339-6995 | |
| Ziporah@thelawfareproject.org | John A. Shea (P37634) |
| Co-Counsel for Plaintiffs | Attorney for Defendants |
| | Herskovitz, Harb, Saffold, List and |
| Timothy S. Wilhelm (P67675) | Mark |
| OFFICE OF THE CITY ATTORNEY | 120 N. Fourth Avenue |
| Attorneys for the City of Ann Arbor, | Ann Arbor, Michigan 48104 |
| Christopher Taylor, Derek Delacourt, | (734) 995-4646 |
| Stephen Postema, and Kristen Larcom | jashea@earthlink.net |
| 301 E. Huron St., P.O. Box 8647 | |
| Ann Arbor, Michigan 48107-8647 | |
| (734) 794-6170 | |
| twilhelm@a2gov.org | |

_____/

**JOINT LETTER REGARDING PLAINTIFFS' PROPOSED MOTION FOR
A PRELIMINARY INJUNCTION AGAINST THE PROTESTER DEFENDANTS**

The parties, by and through their respective counsel, hereby file this Joint Letter pursuant to the Court's Order dated March 19, 2020. (Dkt. #44)  The parties have conferred on the Plaintiffs' proposed motion requesting that the Court enter a preliminary injunction against the Protester Defendants ("Protesters"), placing reasonable time, place and manner restrictions on the Protesters' conduct in front of Beth Israel Synagogue, located at 2000 Washtenaw Ave., Ann Arbor, Michigan. The parties have not been able to reach concurrence allowing Plaintiffs to file the motion. Pursuant to the Order, the parties state their respective positions below.

I.      **Plaintiffs' Position**

Plaintiffs maintain, as indicated in their Response To The Protester Defendants' Corrected Motion To Dismiss (Dkt. #54) ("Response"), that they have standing to sue the Protesters, for the reasons set forth in Argument I of their Response; that an injunction would constitute a content and viewpoint neutral regulation which would not violate the Protesters' 1st Amendment right to free speech, for the reasons set forth in Argument II of their Response; that the Protesters' conduct is not protected by the 1st Amendment, for the reasons set forth in Argument III of the Response; and that their conduct violates one or more of the following federal statutes: 42 U.S.C. §§1981; 1982; 1983; 1985(3), for the reasons set forth in Argument IV of the Response. Based on these arguments, Plaintiffs can satisfy the four factors for obtaining a preliminary injunction under Fed. R. Civ. P. 65: **(1)** they have a likelihood of success on the merits; **(2)** Plaintiffs will suffer irreparable injury to their 1st Amendment right to free exercise of their religion if the injunction is not granted; **(3)** a preliminary injunction will have no adverse effect on the public interest, since the repetitive use of hate speech is not protected by the 1st Amendment; **(4)** a preliminary injunction will not cause harm to others, for the same reason as in **(3)**. The fact that, due to the coronavirus pandemic, Sabbath services are currently being live streamed to members of the congregation is irrelevant. Gov. Whitmer's Executive Order prohibiting attendance at religious services will be lifted in the near future, followed by the resumption of live services at

1

the synagogue. The Protesters will still be there purveying their harassing, Antisemitic messages. Plaintiffs cite the following cases in support of their position in the Joint Letter: **(1)** *Christian Schmidt Brewing v. Heileman Brewing*, 753 F.2d 1354, 1356 (6th Cir. 1985) **(2)** *Madsen v. Women's Health Center, Inc.*, 512 U.S. 753 (1994); **(3)** *Beauharnais v. Illinois*, 343 U.S. 250 (1954); **(4)** *Frisby v. Schultz*, 487 U.S. 474 (1988); **(5)** *Elrod v. Burns*, 427 U.S. 347 (1976), as applied to the 1st Amendment right of the free exercise of religion.

## II.     Protester Defendants' Position

In *Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7 (2008), the Supreme Court described the factors to be considered in determining whether a preliminary injunction is appropriate: whether the plaintiff is likely to suffer irreparable harm without the injunction, whether the balance of equities and hardships is in the plaintiff's favor, and whether an injunction is in the public interest. As to the first factor, Plaintiffs are unlikely to succeed on the merits for all the reasons set forth in the Protester Defendants' Corrected Motion to Dismiss (Dkt #54). Those reasons include: **(1)** Plaintiffs lack standing to bring this suit, *Diamond v. Charles*, 476 U.S. 54, 64 (1986); **(2)** the injunctive relief they seek is not something this Court can award, *Dean v. Byerley*, 354 F.3d 540 (6th Cir. 2004); **(3)** Defendants' conduct is protected speech under the 1st Amendment, *Snyder v. Phelps*, 562 U.S. 443 (2011); and **(4)** Plaintiffs do not state a claim under the various federal civil rights statutes they rely upon, *see, e.g., United Brotherhood of Carpenters v. Scott*, 463 U.S. 825 (1983) (holding that private citizens by definition cannot infringe on the First Amendment rights of another). Indeed, Plaintiffs admit they present a "case of first impression" which is not supported by any existing case law on point. A new and novel legal theory can hardly be deemed likely enough to succeed on the merits at the initial trial stage to support a preliminary injunction. In terms of the second factor, Plaintiffs have not pled any cognizable damages, notwithstanding 16 years of weekly protests, and cannot show irrevocable harm now, or when in person services resume. In terms of the parties' respective equities and the

public interest, the Protester Defendants' and the public's interest in engaging in 1st Amendment activity clearly outweighs the Plaintiffs' interest in not having to avert their eyes momentarily as they enter for services. The Protester Defendants join in the City Defendants' position.

**III. City Defendants' Position**

The Court should deny Plaintiffs' request for leave to file a motion for preliminary injunction against the Protester Defendants because they lack justification for such drastic relief based on a balancing of the four factors to be considered when deciding such a motion.

**1.** Plaintiffs have no likelihood of success on the merits. As set forth in the City's Motion to Dismiss (ECF 32) Plaintiffs' claim have no legal merit, they lack standing, and fail to state any viable claim. See, also, ECF 45. Plaintiffs would like this Court to engage in content-based speaker and viewpoint discrimination which the Courts have deemed unconstitutional. See, *Reed v Gilbert*, 576 U.S. 155, 168-171 (2015). **2.** Plaintiffs will not suffer irreparable injury if they are not granted leave. Due to COVID-19, many places of worship are conducting virtual on-line services, including Beth Israel. Thus, there is no urgency here, and Plaintiffs can attend and participate in services without having to view the Protester Defendants or their signs. **3.** Changing the status quo among the parties would require additional monitoring and enforcement which would unnecessarily expose the City's law enforcement first responders to the risk of COVID-19. **4.** In light of other current events and protests, restricting lawful First Amendment activities on public streets and sidewalks, including the grassy area between them, which are traditional public fora, would harm the public interest.

Respectfully submitted,

By: s/ Marc M. Susselman   s/ Hugh M. Davis           s/ Timothy Wilhelm
    Atty. for Plaintiffs   Atty. for the Protester Defendants   Atty. for the City Defendants

s/ Ziporah Reich           s/ Cynthia Heenan          s/ John A. Shea
Co-Counsel for Plaintiffs  Atty. for the Protester Defendants   Atty. for the Protester Defendants

Dated: June 16, 2020

3