UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN GERBER, et al,

     Plaintiffs,

v.

HENRY HERSKOVITZ, et al,

     Defendants.

Case No. 2:19-cv-13726
Hon. Victoria Roberts

**REPLY BRIEF IN SUPPORT OF CITY OF ANN ARBOR DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND (6)**

---

Marc M. Susselman (P29481)
Attorney for Plaintiff
43834 Brandywyne Rd.
Canton, MI  48187
(734) 416-5186
marcsusselman@gmail.com

Timothy S. Wilhelm (P67675)
OFFICE OF THE CITY ATTORNEY
Attorneys for the City of Ann Arbor
Derek Delacourt, Kristen D. Larcom,
Christopher Taylor and Stephen K.
Postema
301 E. Huron St., P.O. Box 8647
Ann Arbor, MI  48107-8647
Phone: (734) 794-6170
twilhelm@a2gov.org

Cynthia Heenan (P53664)
Hugh M. Davis (P12555)
Constitutional Litigation
Associates, P.C.
Attorneys for Defendants Herskovitz,
Harb, Saffold, List, Mark and JWP
220 Bagley St., Suite 740
Detroit, MI  48226
(313) 961-2255
Heenan@ConLitPC.Com
Davis@ConLitPC.Com

John A. Shea (P37634)
Attorney for Defendants Herskovitz,
Harb, Saffold, List, Mark and JWP
120 N. Fourth Avenue
Ann Arbor, Michigan 48104
(734) 995-4646
jashea@earthlink.net

---

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES ................................................................................ iii-iv

BRIEF ............................................................................................................... 1

**I.**   PLAINTIFFS LACK STANDING ................................................................. 1

**II.**   PLAINTIFFS FAIL TO STATE A CLAIM .................................................... 4

**III.**   CITY DEFENDANTS HAVE QUALIFIED IMMUNITY ............................ 6

PROOF OF SERVICE ..................................................................................... 8

## TABLE OF AUTHORITIES

CASES

*Amer.-Arab Anti-Discr. C'tee v. City of Dearborn*, 418 F.3d 600
(6th Cir. 2005) ............................................................................................7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................4

*City of Boerne v. Flores,* 521 U.S. 507 (1997) ............................................9

*Claybrook v. Birchwell*, 199 F.3d 350 (6th Cir. 2000) ...............................4

*Jones v. Reynolds*, 438 F.3d 685 (6th Cir. 2006) ........................................3

*Livingston Christian Schools v. Genoa Charter Twp*, 858 F.3d 996 (6th Cir.
2017) .........................................................................................................4

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351
(1992) ........................................................................................................3

*Minnesota State Bd. for Community Colleges v. Knight*, 465 U.S. 271 (1984) ........4

*Pena v. Deprisco*, 432 F.3d 98 (2d Cir. 2005) ............................................3

*R.A.V. v. St. Paul*, 505 U.S. 377 (1992) .....................................................4

*Ricketson v. Experian Info. Sols., Inc.,* 266 F. Supp. 3d 1083 (W.D. Mich.
2017) .........................................................................................................2

*Schulkers v. Kammer,* 955 F.3d 520, 533 (6th Cir. 2020) .......................6s.

*S.H.A.R.K. v. Metro Parks Serving Summit Cnty*, 499 F.3d 553 (6th Cir.
2007) .........................................................................................................4

*Tucker v. City of Fairfield*, 398 F.3d 457 (6th Cir. 2005) ...................5, 7

*U.S. v. Grace,* 461 U.S. 171 (1983) ............................................................4

*United Church of Christ v. Gateway Econ. Dev. Corp. of Greater Cleveland*,
383 F.3d 449 (6th Cir. 2004) ....................................................................5

*Venetian Casino Resort v. Local Jt. Exec. Bd. of Las Vegas,* 257 F.3d 937
(9th Cir.2001)............................................................................................5

*Virginia v. Black*, 538 U.S. 343 (2003) ......................................................4

**RULES**

Fed. R. Civ. P. 12(b)(1)..........................................................................1

Fed. R. Civ. P. 12(b)(6)..........................................................................1

**STATUTES**

42 U.S.C. §2000, Religious Land Use and Institutionalized Persons Act, (RLUIPA) ....................................................................................4

RELIGIOUS FREEDOM RESTORATION ACT OF 1993 (RFRA) ......................................4

Plaintiffs' Response is insufficient to fix the serious problems with their First Amended Complaint or overcome the City Defendants'[1] arguments. Rather than addressing the deficiencies in their claims, Plaintiffs' Response restates false conclusions, misstates the law, cites inapposite case law, and generally obfuscates the lack of merit in their claims. Thus, the Court should grant the City's Motion and dismiss all claims against the City pursuant to Rule 12(b)(1) and (6).

Upon close review, it is clear that Plaintiffs lack standing. They fail to show that they suffered an actual concrete injury fairly traceable to the City's conduct which is likely to be redressed by a decision by this Court. Similarly, Plaintiffs fail to present sufficient well-pleaded facts which could state any claim against the City on which relief could be granted. Their various conspiracy claims are all improperly premised on unsupported and false conclusions. They also fail to establish that they had a right to specific enforcement of the Code in the manner they demand of the City. The City's refusal to engage in unconstitutional content-based regulation of the Protesters' protected speech did not violate Plaintiffs' constitutional rights, and Plaintiffs fail to rebut this point. Also, the individual City Defendants are entitled to qualified immunity because it is well-established under the law that the Protesters' activities were protected under the First Amendment and no violation of Plaintiffs' constitutional rights occurred.

---

[1] References to "the City" include the individual City Defendants.

## I.   <u>PLAINTIFFS LACK STANDING.</u>

Plaintiffs fail to prove they suffered an actual concrete injury as a result of the City's actions. Their arguments on this point are derivative and convoluted and all rely on the erroneous conclusion that the Protesters' activities were not protected under the First Amendment and inflicted an emotional injury on Plaintiffs. The Protesters did not prohibit or interfere with Plaintiffs' ability to enter the synagogue and worship. That the Protesters' signs were visible to Plaintiffs as they entered the synagogue was not a violation of their right to free exercise, and there is no actual concrete injury in this case.  Plaintiffs' reliance on *Ricketson v. Experian Info. Sols., Inc.,* 266 F.Supp.3d 1083 (W.D. Mich. 2017) in support of the assertion that "emotional distress" suffices for standing is unavailing because the plaintiff in that case suffered an "informational injury," which is recognized in the FCRA. *Id*. at 1087, 1089.

Plaintiffs also fail on the traceability and redressability elements. Their claims against the City are premised on the Protesters' signs placed temporarily in the lawn extension which they assert, in conclusory fashion without factual support, violated City Code. But, they conveniently ignore the other lawful signs located on the sidewalk or held by the Protesters. Plaintiffs fail to explain how and why only the signs in the lawn extension caused Plaintiffs' concrete injuries which is integral to their legal theories because they acknowledge the City could only enforce as to signs placed in the lawn extension. Regardless of whether the City could even

2

constitutionally enforce its Code as to the temporary signs in the lawn extension, the Protesters were otherwise engaged in lawful protected First Amendment speech which defeats Plaintiffs' ability to satisfy the traceability and redressability standing elements. Stated differently, Plaintiffs merely assert that the traceability here is "more direct" than in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), with no indication as to how this suffices for traceability. Plaintiffs ignore the central argument that there is no redressability because the Protesters' speech was protected by the First Amendment.

Plaintiffs argue that the City's potential enforcement role is more similar to that in *Pena v. Deprisco*, 432 F.3d 98 (2d Cir. 2005) than in *Jones v. Reynolds*, 438 F.3d 685 (6th Cir. 2006), but they do so in error. *Jones* held that the record must show that the government officials made the plaintiff more vulnerable to injury than they had been. *Jones,* 438 F.3d at 691. The record here makes no such showing. The court in *Jones* specifically cites *Pena t*o support this assertion—*Pena* is not in opposition to *Jones* but is incorporated into the *Jones* standard. See, *Jones*, 438 F.3d at 696.

## II.   <u>PLAINTIFFS FAIL TO STATE A CLAIM</u>[2]

All of Plaintiffs' claims are based on the erroneous conclusion that the Protesters' activities were not protected by the First Amendment and that temporary signs in the lawn extension violated City Code. These unsupported conclusions are not to be taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (legal conclusions couched as factual allegations need not be accepted as true).

Moreover, here, Plaintiffs' conclusory statements are incorrect. The Protesters' activities and signs were all lawful and protected First Amendment expression even if distasteful. See, generally, *Virginia v. Black*, 538 U.S. 343, 365 (2003); *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 380 (1992). Also, contrary to Plaintiffs' conclusions, the temporary signs placed on the lawn extension did not violate City Code, and the City had no basis for enforcement based on those signs. See, *U.S. v. Grace,* 461 U.S.

---

[2] There is not space to fully reply to all the defects in Plaintiffs' Response. For example, Plaintiffs' attempt to state a claim for a right to petition completely miscomprehends the law on this concept. Citizens are free to petition the government, but the Constitution does not impose any affirmative obligation to listen or to respond. *Minn. State Bd. for Comm'y Colleges v. Knight*, 465 U.S. 271, 286 (1984). In this case, Plaintiffs do not have a right to information from every City employee of their choosing. See, *S.H.A.R.K. v. Metro Parks Serving Summit Cnty*, 499 F.3d 553, 560 (6th Cir. 2007). Plaintiffs' attempts to state a claim under RFRA and RLUIPA similarly fail. RFRA cannot be applied to the City. See, *City of Boerne v. Flores*, 521 U.S. 507 (1997). There can be no RLUIPA claim here because City's sign ordinance at issue here is not a land use regulation and they fail to establish facts and City actions which would be a substantial burden on their exercise of religion. *Livingston Christian Schools v. Genoa Charter Twp*, 858 F.3d 996 (6th Cir. 2017).
.

171, 180 (1983)(ban on display of a flag, banner, or device on sidewalks in front of Supreme Court held unconstitutional because sidewalks were indistinguishable from public rights of way and insufficient public interest to justify the ban); *Tucker v. City of Fairfield*, 398 F.3d 457, 460, 462-464 (6th Cir. 2005)(recognizing union members' First Amendment right to use portable, non-obstructive prop - a large inflatable rat balloon - to disseminate information in a public right of way on a temporary or limited basis); *United Church of Christ v. Gateway Econ. Dev. Corp. of Greater Cleveland*, 383 F.3d 449, 452 (6th Cir. 2004); *Venetian Casino Resort v. Local Jt. Exec. Bd. of Las Vegas,* 257 F.3d 937, 947 (9th Cir.2001).

Without this underlying false conclusion, which is based on Plaintiffs' adamant but incorrect assertion that their interpretation of the law and City Code is correct and the City's interpretation is wrong, Plaintiffs fail to state any claim on which relief could be granted. For example, as to their various conspiracy claims, the City's "failure to enforce" the sign ordinance to restrict the Protesters' protected speech cannot serve as evidence of the City's agreement with the Protesters' alleged unlawful conspiratorial goal, because the underlying conduct was not unlawful. In this case, the City's decision not to enforce, based on its position that the Protesters' activities were lawful, is simply not enough to establish the City's participation in a conspiracy with Protesters to injure Plaintiffs. Therefore, absent well-pleaded facts demonstrating the

City's or the Protesters' intent to commit unlawful acts, Plaintiffs fail to state any claim for conspiracy under their various theories.[3]

Likewise, Plaintiffs' substantive due process claim suffers from the same infirmity – it is based on the same unsupported conclusion that the Protesters' activities were unlawful and not protected by the First Amendment. This is false, and it is not a well-pleaded fact and should not be taken as true. Moreover, Plaintiffs had no right to demand enforcement of the Code consistent with their interpretation, and this alone precludes them from stating a substantive due process claim—particularly when enforcement to prohibit or restrict the Protesters' signs and protests would amount to unconstitutional content-based regulation and violate the Protesters' First Amendment rights to free speech.[4]

## III.   CITY DEFENDANTS HAVE QUALIFIED IMMUNITY

Plaintiffs' Response fundamentally misstates the law regarding qualified immunity. For instance, they incorrectly state who bears the burden on qualified immunity. Plaintiffs, not the City, bear the burden of proving the City Defendants are not entitled to qualified immunity. See, e.g., *Schulkers v. Kammer,* 955 F.3d 520, 533

---

[3] Moreover, Plaintiffs are gaslighting the Court. Plaintiffs discount the City's 2004 Resolution (Ex A), which expressed disapproval of the Protesters' activities, and argue it is somehow a recognition of the Plaintiffs' alleged emotional injuries and also evidence of the City's complicity with the Protesters. The City's open and public disapproval of the Protesters' activities cannot be evidence of its complicity with the Protesters for purposes of a conspiracy.

(6th Cir. 2020). Plaintiffs fail to carry their burden in this case. There is no constitutional violation in this case, and contrary to Plaintiffs' arguments, it is well-established in law that the Protesters' activities, even the temporary signs placed in the lawn extension, were protected under the First Amendment. The City's understanding of First Amendment law and interpretation of its Code vis-à-vis the Protesters' activities was correct and supported by well-established law; thus, the individual City Defendants are entitled to qualified immunity. Additionally, under existing case law, private areas adjacent to public thoroughfares, such as Washtenaw Avenue in this case, have been held to be traditional public fora for free speech purposes, particularly when the expressive activities are temporary in nature and involve a small group. See, *Amer.-Arab Anti-Discr. C'tee v. City of Dearborn*, 418 F.3d 600, 608 (6th Cir. 2005); *Tucker*, supra.

<div style="margin-left: 40%;">

City of Ann Arbor

/s/ TIMOTHY S. WILHELM
Timothy S. Wilhelm (P67675)
OFFICE OF THE CITY ATTORNEY
Attorneys for the City Defendants
301 E. Huron St., P.O. Box 8647
Ann Arbor, MI 48107-8647
(734) 794-6170
twilhelm@a2gov.org

</div>

Dated: June 22, 2020

---

[4] Notably, in *Claybrook v. Birchwell*, 199 F.3d 350, 361 (6th Cir. 2000), which Plaintiffs cited, the court found no substantive due process violation.

CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notice of such filing to the following: Plaintiff's Counsel and  I hereby certify that I have mailed by US Mail the document to the following non-ECF participants: None.

/s/ Jane Allen
Assistant
Ann Arbor City Attorney's Office

8