IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marvin Gerber, Dr. Miriam Brysk,

    Plaintiffs,

vs.                                                    Civil Action No. 2:19-cv-13726
                                                    Hon. Victoria A. Roberts

Henry Herskovitz, *et al.*,

    Defendants, Jointly and Severally.

_____/

| | |
|---|---|
| Marc M. Susselman (P29481)<br>Attorney at Law<br>43834 Brandywyne Rd.<br>Canton, Michigan 48187<br>(734) 416-5186<br>marcsusselman@gmail.com<br>Attorney for Plaintiffs<br><br>Ziporah Reich (3979639)<br>The Lawfare Project<br>633 Third ave., 21st Floor<br>New York, N.Y. 10017<br>(212) 339-6995<br>Ziporah@thelawfareproject.org<br>Co-Counsel for Plaintiffs<br><br>Timothy S. Wilhelm (P67675)<br>OFFICE OF THE CITY ATTORNEY<br>Attorneys for the City of Ann Arbor,<br>Christopher Taylor, Derek Delacourt,<br>Stephen Postema, and Kristen Larcom<br>301 E. Huron St., P.O. Box 8647<br>Ann Arbor, Michigan 48107-8647<br>(734) 794-6170<br>twilhelm@a2gov.org | Cynthia Heenan (P53664)<br>Hugh M. Davis (P12555)<br>Constitutional Litigation Associates, PC<br>Attorneys for Defendants Henry Herskovitz,<br>Gloria Harb, Tom Saffold, Rudy List and<br>Chris Mark<br>220 Bagley St., Ste. 740<br>Detroit, MI 48226<br>(313) 961-2255/Fax: (313) 922-5130<br>Heenan@ConLitPC.Com<br>Davis@ConLitPC.Com<br><br>John A. Shea (P37634)<br>Attorney for Defendants<br>Herskovitz, Harb, Saffold, List and<br>Mark<br>120 N. Fourth Avenue<br>Ann Arbor, Michigan 48104<br>(734) 995-4646<br>jashea@earthlink.net |

_____/

**JOINT LETTER REGARDING PLAINTIFFS' PROPOSED MOTION FOR
PARTIAL SUMMARY JUDGMENT REGARDING INTERPRETATION OF
THE SIGN ORDINANCES OF THE CITY OF ANN ARBOR**

The parties, by and through their respective counsel, hereby file this Joint Letter pursuant to the Court's Order dated March 19, 2020. (Dkt. #44). The parties have conferred on the Plaintiffs' proposed motion requesting that the Court enter partial summary judgment against the City of Ann Arbor with respect to the interpretation of the sign ordinance provisions of the City's Code. The parties have not been able to reach concurrence allowing Plaintiffs to file the motion.

## I.     Plaintiffs' Position

Under FRCP 56(a), "[a] party may move for summary judgment, identifying each claim or defense – **or the part of each claim or defense** – on which summary judgment is sought." (Emphasis added.) Plaintiffs have pled 9 federal claims against the City of Ann Arbor ("City") (Counts III, IV, VI, VIII, IX, X, XI, XII and XIII) in the First Amended Complaint ("FAC"). On a weekly basis, for 16 ½ years, for 858 consecutive weeks, the Protester Defendants ("Protesters") have been placing their Antisemitic signs on grass sections in front of Beth Israel Synagogue in Ann Arbor, and across Washtenaw Ave. The Protesters have never had a permit to do so and the City has never required they have a permit. Plaintiffs maintain the City's Code either prohibited the placement of the signs altogether, or required that the Protesters have a permit to do so. Plaintiffs maintain the language of the Code is clear and unambiguous and no discovery is necessary to clarify or interpret it. Partial summary judgment is therefore appropriate. Plaintiffs maintain the City's failure to enforce its Code against the Protesters for 16 ½ years violated Plaintiffs' rights, as outlined in the above counts. The City disagrees with Plaintiffs' interpretation. This issue is separate and apart from the question of whether the Protesters' conduct is protected by the 1st Amendment. Therefore, whether Plaintiffs are correct, or the City is correct, regarding the Code is central to whether the City is liable to the Protesters under 8 of the 9 counts pled against it (the exception is Count XI, which claims the City violated Plaintiffs' 1st Amendment right to petition the government for a redress of grievances by interfering with their access to the courts.). Under FRCP 57(b), a motion for summary judgment

1

may be filed at any time, even prior to the defendant having filed an answer or otherwise pled, and before discovery has been commenced or completed, unless there is a local rule or an Order has been entered precluding such filing. There is no such local rule in the Eastern District. The Court's prior Order striking Plaintiffs' prior motion for partial summary judgment (Dkt. #29) was based on Plaintiffs' failure to link the factual allegations in the FAC regarding which they were seeking partial summary judgment to the legal claims pled in the FAC. Here, Plaintiffs are linking their interpretation of the relevant Code provisions to 8 of the 9 counts, correcting the defect of their prior motion. Plaintiffs cite the following cases in support of the Joint Letter: (1) *Rouster v. County of Saginaw,* 749 F.3d 437, 446 (6th Cir. 2014); (2) *Scott v. State Farm Fire & Cas. Co.,* 86 F. Supp.3d 727, 731 (E.D. Mich. 2015); (3) *Hansen v. Williamson,* 440 F. Supp.2d 663, 671 (E.D. Mich. 2006); (4) *Tower Realty v. City of East Detroit,* 196 F.2d 710, 717-18 (6th Cir. 1952); (5) *McCoy v. Monroe Park West Associates,* 44 F. Supp. 2d 910, 914-15 (E.D. Mich. 1999).

## II. City Defendants' Position

The Court should deny Plaintiffs' request for leave to re-file their previously stricken motion for partial summary judgment. Plaintiffs' new explanation fails to correct the flaws the Court noted in its Order striking the earlier Motion. (ECF 29). Such a motion for partial summary judgment is still premature, and no discovery or factual development has occurred as to any questions of fact. Rather, since then, both the City and Protesters filed their respective Motions to Dismiss (ECF 32 and 45) in accordance with the Order entered January 3, 2020 (ECF 10), and those Motions are still being briefed. Plaintiffs' added references to specific claims, in its explanation, on which they believe they are entitled to some sort of judgment is a meaningless and unavailing attempt to appease the Court. Their explanation does not change the fact that Plaintiffs have no substantive basis on which to seek judgment on any claims against the City Defendants, and nothing that has occurred since the Court struck their earlier Motion, including their new superficial references to specific claims, justifies granting Plaintiffs leave to re-file their

2

Motion. Given the posture of this case and the foregoing, Plaintiffs' recent requests for leave to file multiple motions are a waste of the Court's and the Parties' resources and appear to be intended to harass the Defendants and needlessly increase the costs of litigation for which Plaintiffs and their attorneys should be held accountable.

### III. Protester Defendants' Position

Protester Defendants join the City Defendants' position and objections with respect to Plaintiffs' request to file a partial summary judgment motion against the City. Protester Defendants have standing to object because, if the Court permits the Plaintiffs' motion at this juncture, they, in addition to the City Defendants, will be compelled to respond, and the City's objections apply equally to the Protester Defendants. Additionally, it has been decided that a city's permitting process may not be used to regulate "small group protests," *see, e.g. Am.-Arab Anti-Discr. Comm'n v. City of Dearborn*, 418 F.3d 600, 608 (6th Cir. 2005). Likewise, it has been held that local ordinances regulating signs in a public right of way cannot be used to interfere with peaceful protest speech, where the signs are temporary, easily moved, and do not create public safety hazards. *See Tucker v. City of Fairfield*, 398 F.3d 457, 460, 462-464 (6th Cir. 2005). The issues that Plaintiffs seek to raise in their proposed partial summary judgment motion are among those already pending before this Court in connection with Defendants' motions to dismiss which, as the City Defendants point out, are still being briefed. Notwithstanding that the federal rules might permit a Rule 56 motion to be filed at any time, common notions of efficiency and judicial economy strongly suggest that Plaintiffs' proposed motion should await this Court's decisions on these already-pending motions. This Court should deny Plaintiffs' request.

By:    s/ Marc M. Susselman                            s/ Hugh M. Davis
        Attorney for Plaintiffs                              Attorney for the Protester Defendants
        s/ Ziporah Reich                                  s/ Cynthia Heenan
        Co-Counsel for Plaintiffs                        Attorney for the Protester Defendants
        s/ Timothy Willhelm                             s/ John A. Shea
        Attorney for the City Defendants           Attorney for the Protester Defendants

Dated: July 3, 2020