IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marvin Gerber, Dr. Miriam Brysk,

    Plaintiffs,

vs.                                            Civil Action No. 2:19-cv-13726
                                                    Hon. Victoria A. Roberts

Henry Herskovitz, *et al.*,

    Defendants, Jointly and Severally.

_____/

| | |
|---|---|
| Marc M. Susselman (P29481) | Cynthia Heenan (P53664) |
| Attorney at Law | Hugh M. Davis (P12555) |
| 43834 Brandywyne Rd. | Constitutional Litigation Associates, PC |
| Canton, Michigan 48187 | Attorneys for Defendants Henry Herskovitz, |
| (734) 416-5186 | Gloria Harb, Tom Saffold, Rudy List and |
| marcsusselman@gmail.com | Chris Mark |
| Attorney for Plaintiffs | 220 Bagley St., Ste. 740 |
| | Detroit, MI 48226 |
| Ziporah Reich (3979639) | (313) 961-2255/Fax: (313) 922-5130 |
| The Lawfare Project | Heenan@ConLitPC.Com |
| 633 Third ave., 21st Floor | Davis@ConLitPC.Com |
| New York, N.Y. 10017 | |
| (212) 339-6995 | |
| Ziporah@thelawfareproject.org | John A. Shea (P37634) |
| Co-Counsel for Plaintiffs | Attorney for Defendants |
| | Herskovitz, Harb, Saffold, List and |
| Timothy S. Wilhelm (P67675) | Mark |
| OFFICE OF THE CITY ATTORNEY | 120 N. Fourth Avenue |
| Attorneys for the City of Ann Arbor, | Ann Arbor, Michigan 48104 |
| Christopher Taylor, Derek Delacourt, | (734) 995-4646 |
| Stephen Postema, and Kristen Larcom | jashea@earthlink.net |
| 301 E. Huron St., P.O. Box 8647 | |
| Ann Arbor, Michigan 48107-8647 | |
| (734) 794-6170 | |
| twilhelm@a2gov.org | |

_____/

**JOINT LETTER REGARDING PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SUR-REPLY BRIEF TO THE PROTESTER DEFENDANTS' OVERSIZED REPLY BRIEF**

The parties, by and through their respective counsel, hereby file this Joint Letter pursuant to the Court's Order dated March 19, 2020. (Dkt. #44). The parties have conferred, but are unable to concur, on the Plaintiffs' proposed motion requesting leave to file a 3-page sur-reply brief to the Protester Defendants' Oversized Reply Brief (Dkt. #57), given that the Reply Brief exceeded the page limit under LR 7.1(3)(B), and in turn failed to comply with the Court's Order precluding the filing of an oversized reply brief (Dkt. #53), for which the Court has now granted leave (Dkt. #59), and since the oversized reply brief contains numerous specious and erroneous legal contentions.

I. **Plaintiffs' Position**

The Protester Defendants' (Protesters) Oversized Reply Brief contains numerous specious and erroneous legal contentions. For example:

**(1)** The Protesters contend that the Court can ignore the S. Ct. decision in *Beauharnais v. Illinois*, 343 U.S. 250 (1954), because several Circuit Courts and legal commentators have stated the decision is no longer viable. They do not dispute *Beaharnais* has not been overturned and has in fact been favorably cited in several subsequent S. Ct. decisions. *Beauharnais* therefore stands as precedent. "Needless to say, only this Court may overrule one of its precedents. Until that occurs, [our prior decision] is the law, and the decision below cannot be reconciled with it." *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983). "[U]nless we wish anarchy to prevail within the federal judicial system, **a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be**." *Hutto v. Davis*, 454 U.S. 370, 375 (1982) (emphasis added). Therefore, until *Beaharnais* has been expressly overturned by the S. Ct., all of the Circuit Courts and District Courts, including this Court, are bound by it. Protesters have cited no S. Ct. decision which has done so. Moreover, if the S. Ct. wanted to overturn *Beauharnais*, it could have granted *certiorari* to any of the Circuit Courts whose decisions the Protesters cite in note 2. *Beauharnais* stands for

1

the proposition that speech, even speech expressed in a public right-of-way, which "expose[s] the citizens of any race, color, creed or religion to contempt, derision, or obloquy" is **not protected by the 1st Amendment.** The fact that some lower courts, some legal commentators find this holding objectionable is irrelevant – it is precedent and must be followed. Many of the Protesters' signs are unquestionably Antisemitic and under the holding of *Beauharnais* are not protected by the 1st Amendment. The Court has the equitable authority, even in the absence of a statute or ordinance, to enter an injunction – which by definition is content and viewpoint neutral - prohibiting the use of such signs.

(2) The Protesters' assertion, p. 3., that Plaintiffs have cited "no applicable case law where a court, on its own, may impose such restrictions on speech absent unlawful conduct" is false – *see* cases cited on pp. 15-16 of Plaintiffs' Response (Dkt. #54).

(3) The Protesters' claim on p.4 "speech cannot shield otherwise tortious conduct from sanction, even where the illegal conduct might include protected speech" (emphasis in original) is erroneous. The court decisions apply not just to the "conduct," but to **the speech as well**. *See* p.p. 9-10 of Plaintiffs' Response and decisions relating to defamation and secondary boycotts.

(4) The Protesters' claim in note 4 that Plaintiffs cited the *Skokie* case as a "straw man" is false; the Protesters cited the case in a quote on p. 6 of their brief (Dkt. #45) and listed it in their Table of Authorities.

(5) The Protesters' assertion on p. 6 that if Plaintiffs' argument regarding the application of 42 U.S.C. §1982 were correct, "a court would have to bar any political lawn sign or business advertisement they found offensive" is erroneous. A violation of §1982 requires proof of two elements: (1) speech or conduct characterized by racial animus; (2) the speech or conduct must be related to an individual's use of property, even if the use is only as a guest. A sign on a private lawn which stated, "I despise Jews" would satisfy (1), but not (2). A sign in front of the synagogue which stated "I hate the N.Y. Yankess" would satisfy (2), but not (1). Therefore,

2

neither sign would be barred by §1982. The Antisemitic signs in front of the synagogue satisfy both conditions and violate §1982.

## II. Protester Defendants' Position

Plaintiffs, for the second time in this case, seek leave to file a sur-reply brief, which to counsels' knowledge the court rules do not recognize. In so doing, Plaintiffs not only describe the issues which the proposed sur-reply would address, but provide the Court with Plainitffs' sur-reply arguments (all but the fourth of which already appear in Plaintiffs' response) before being granted leave to file them. Given that Plaintiffs, in this joint letter, already provide the Court with its sur-reply positions, it seems unnecessary for the actual sur-reply brief to be filed. However, if the Court believes its consideration of the PDs' Reply Brief may benefit from Plaintiffs' proposed sur-reply brief, the PDs do not have a strong objection to the Court granting Plaintiffs' motion. Protester Defendants, however, do not agree that the points Plaintiffs wish to make are correct statements of the applicable law.

## III. City Defendants' Position

Plaintiffs' seek leave to file a sur-reply which is not recognized under the Court Rules. Moreover, nothing Plaintiffs might say in such a sur-reply can save their case from its myriad problems. Notwithstanding the foregoing, the City Defendants take no position on Plaintiffs' request and leave the Court to determine whether additional pages of argument will be helpful in deciding the pending motion(s).

Respectfully submitted,

| | |
|---|---|
| By: s/ Marc M. Susselman<br>Attorney for Plaintiffs | s/ Hugh M. Davis<br>Attorney for the Protester Defendants |
| s/ Ziporah Reich<br>Co-Counsel for Plaintiffs | s/ Cynthia Heenan<br>Attorney for the Protester Defendants |
| s/ Timothy Willhelm<br>Attorney for the City Defendants | s/ John A. Shea<br>Attorney for the Protester Defendants |

Dated: July 7, 2020