IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marvin Gerber, Dr. Miriam Brysk,

    Plaintiffs,

vs.                                        Civil Action No. 2:19-cv-13726
                                           Hon. Victoria A. Roberts

Henry Herskovitz, *et al.*,

    Defendants, Jointly and Severally.
_____/

| | |
|---|---|
| Marc M. Susselman (P29481)<br>Attorney at Law<br>43834 Brandywyne Rd.<br>Canton, Michigan 48187<br>(734) 416-5186<br>marcsusselman@gmail.com<br>Attorney for Plaintiffs<br><br>Ziporah Reich (3979639)<br>The Lawfare Project<br>633 Third ave., 21st Floor<br>New York, N.Y. 10017<br>(212) 339-6995<br>Ziporah@thelawfareproject.org<br>Co-Counsel for Plaintiffs<br><br>Timothy S. Wilhelm (P67675)<br>OFFICE OF THE CITY ATTORNEY<br>Attorneys for the City of Ann Arbor,<br>Christopher Taylor, Derek Delacourt,<br>Stephen Postema, and Kristen Larcom<br>301 E. Huron St., P.O. Box 8647<br>Ann Arbor, Michigan 48107-8647<br>(734) 794-6170<br>twilhelm@a2gov.org | Cynthia Heenan (P53664)<br>Hugh M. Davis (P12555)<br>Constitutional Litigation Associates, PC<br>Attorneys for Defendants Henry Herskovitz,<br>Gloria Harb, Tom Saffold, Rudy List and<br>Chris Mark<br>220 Bagley St., Ste. 740<br>Detroit, MI 48226<br>(313) 961-2255/Fax: (313) 922-5130<br>Heenan@ConLitPC.Com<br>Davis@ConLitPC.Com<br><br>John A. Shea (P37634)<br>Attorney for Defendants<br>Herskovitz, Harb, Saffold, List and<br>Mark<br>120 N. Fourth Avenue<br>Ann Arbor, Michigan 48104<br>(734) 995-4646<br>jashea@earthlink.net |

_____/

**JOINT LETTER REGARDING PLAINTIFFS' PROPOSED MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

The parties, by and through their counsel, hereby file this Joint Letter pursuant to the Court's Order dated March 19, 2020. (Dkt. #44)  The parties have conferred, and are unable to concur, on the Plaintiffs' proposed motion seeking leave to file a Second Amended Complaint.

## I. Plaintiffs' Position

Plaintiffs filed their First Amended Complaint ("FAC") by right within 21 days of serving the original Complaint. Plaintiffs are now requesting leave to file a Second Amended Complaint ("SAC"). Fed. R. Civ. P. 15(a)(2) indicates that "[t]he court should freely give leave when justice so requires." Since this is Plaintiffs' first motion to amend by leave, and since the Defendants have not yet answered the FAC, they will not be prejudiced by the proposed amendment. Allowing the amendment is therefore in keeping with the dictates of justice. The proposed amended complaint will: (1) add two or more plaintiffs; (2) add a count alleging violation of the Equal Protection Clause by the City due to selective discriminatory enforcement of its sign ordinances against other violators, while failing to enforce the ordinances against the Protesters; (3) add allegations regarding a video which shows Def. Larcom talking cordially with Herskovitz, in which numerous signs can be seen which violate the City's Code, and Larcom does not tell Herskovitz that he is violating the Code or demand that he remove them; (4) add an allegation indicating, due to the presence of the signs, Mr. Gerber has been attending Sabbath services at a different synagogue, in order to avoid seeing them; (5) add an allegation indicating on October 18, 2004, the City passed a Resolution condemning the protests in front of the Synagogue, stated the protests violated Michigan law, and indicated that passing motorists honk their horns, creating a disturbance outside the Synagogue, and yet the City continued to not enforce its Code. The proposed SAC will delete the previously alleged pendent state claims, since the Court has issued an Order declining to assert supplemental jurisdiction over them. The City Defendants' objection that a SAC would be futile because the individually named City Defendants are protected by qualified immunity, even if true - which Plaintiffs have conclusively rebutted in their Response

1

(Dkt. #50) - qualified immunity would not apply to the City itself, and therefore not insulate it from liability. Regarding the viability of the claims pled against the City Defendants, the objection that the proposed additional factual allegations are only cumulative is not a reason to deny leave to amend. If the objection is correct, then the Court's decision regarding the motions to dismiss will not be modified by the purportedly cumulative evidence. If the additional factual allegations are not cumulative, Plaintiffs have the right to plead them if they would buttress the claims and make their dismissal unjustified. If the additional allegations are either cumulative or not cumulative, and the Court decides not to dismiss all of the claims as currently pled, then the additional factual allegations will not have altered the result. The assertion that Plaintiffs knew of the factual allegations at the time it filed the FAC is false – e.g., Plaintiffs were not aware of the video of Larcom's conversation with Herskovitz when the FAC was filed, nor the existence of the City's Resolution. Moreover, the additional plaintiffs only came forward after the FAC was filed. Plaintiffs cite the following decisions in support of their motion: (1) *Brown v. Chapman,* 814 F.3d 436 (6th Cir.2016); (2) *Glazer v. Chase Home Finance LLC,* 704 F.3d 453 (6th Cir. 2013); (3) *Brown v. Matauszak,* 415 F. App'x 608 (6th Cir. 2011); (4) *Spadafore v. Gardner,* 330 F.3d 849 (6th Cir. 2003); (5) *Smith v. Ross,* 482 F.2d 33 (6th Cir. 1973).

## II.   City Defendants' Position

As stated previously, nothing can salvage Plaintiffs' claims including a second amended complaint. Moreover, in this circumstance, justice does not warrant leave to file a second amended complaint. An amended complaint would moot the pending Motions to Dismiss and require the filing of new motions resulting in delay and waste of the parties' and Court's resources to date.  Plaintiffs' desire to add a new Equal Protection claim should be denied as futile. See, eg, *Haverstick Enterprises, Inc v Fin Fed Credit, Inc,* 32 F3d 989, 995-96 (6th Cir 1994)(denying motion to amend as futile where defendants would be entitled to qualified immunity); *Hutsell v Sayre,* 5 F3d 996 (6th Cir 1993)(finding that district court properly denied

motion for leave to amend complaint to add claim under § 1983 against police officer where police officer had qualified immunity from suit and proposed amendment would have been futile); see also, *Foman v Davis*, 371 US 178 (1962). The other new allegations are merely cumulative evidence of alleged "wrong-doing" already pleaded and do not address legal or factual deficiencies. Notably, the new allegations all relate to information available to Plaintiffs before the lawsuit was filed which raises concerns about the timing of this request.

### III. Protester Defendants' Position

The Protester Defendants join the City's Position statement. Plaintiffs filed their Complaint on December 19, 2019, and their First Amended Complaint on January 10, 2020. Plaintiffs' FAC reveals that their counsel investigated Plaintiffs' claims for many months (at least) prior to the filing of this action. (FAC, ¶¶ 39-71.) Notwithstanding having the better part of a year (at least) to identify their claims prior to Defendants' 12(b)(6) motions, they waited until briefing was completed on those dispositive motions before seeking leave to file a Second Amended Complaint. This request is just the latest example of what appears to be a pattern of vexatious litigation tactics by Plaintiffs. Plaintiffs describe five proposed amendments. The first would add two new plaintiffs whose identities are unknown. If the addition would delay resolution of the pending dispositive motions, the PDs object—adding new parties will not cure the fatal defects in the FAC. If the addition would not delay resolution of those motions, the PDs might not object to the additional plaintiffs, if only for efficiency's sake, but they cannot say without knowing who they are. The remaining four proposed amendments would amend substantive claims. It appears that only the fourth (regarding Plaintiff Gerber's alleged attendance of services at a different synagogue) involves claims against the Protester Defendants; the rest appear to be directed against the City Defendants. The PDs would object to any further amendments to the Complaint for the reasons stated by the City: they are cumulative, would be futile, and would "moot" Defendants' pending dispositive motions to Defendants' prejudice.

3

|  |  | Respectfully submitted, |
|---|---|---|
| By: | s/ Marc M. Susselman<br>Attorney for Plaintiffs | s/ Hugh M. Davis<br>Attorney for the Protester Defendants |
|  | s/ Ziporah Reich<br>Co-Counsel for Plaintiffs | s/ Cynthia Heenan<br>Attorney for the Protester Defendants |
|  | s/ Timothy Willhelm<br>Attorney for the City Defendants | s/ John A. Shea<br>Attorney for the Protester Defendants |

Dated: July 13, 2020

4