IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marvin Gerber, Dr. Miriam Brysk,

    Plaintiffs,

vs.                                                                                  Civil Action No. 2:19-cv-13726
                                                              Hon. Victoria A. Roberts

Henry Herskovitz, *et al.*,

    Defendants, Jointly and Severally.
_____/

Marc M. Susselman (P29481)
Attorney at Law
43834 Brandywyne Rd.
Canton, Michigan 48187
(734) 416-5186
marcsusselman@gmail.com
Attorney for Plaintiffs

Ziporah Reich (3979639)
The Lawfare Project
633 Third Ave., 21st Floor
New York, N.Y. 10017
(212) 339-6995
Ziporah@thelawfareproject.org
Co-Counsel for Plaintiffs

Timothy S. Wilhelm (P67675)
OFFICE OF THE CITY ATTORNEY
Attorneys for the City of Ann Arbor,
Christopher Taylor, Derek Delacourt,
Stephen Postema, and Kristen Larcom
301 E. Huron St., P.O. Box 8647
Ann Arbor, Michigan 48107-8647
(7340 794-6170
twilhelm@a2gov.org

Cynthia Heenan (P53664)
Hugh M. Davis (P12555)
Constitutional Litigation Associates, PC
Attorneys for Defendants Henry Herskovitz,
Gloria Harb, Tom Saffold, Rudy List and
Chris Mark
220 Bagley St., Ste. 740
Detroit, MI 48226
(313) 961-2255/Fax: (313) 922-5130
Heenan@CoLitPC.Com
Davis@ConLitPC.Com

John A. Shea (P37634)
Attorney for Defendants
Herskovitz, Harb, Saffold, List and
Mark
120 N. Fourth Avenue
Ann Arbor, Michigan 48104
(734) 995-4646
jashea@earthlink.net
_____/

**PLAINTIFFS' MOTION TO PROVIDE SUPPLEMENTAL AUTHORITY FOR
MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
DISMISSING PLAINTIFFS' LAWSUIT**

Plaintiffs, by and through their attorneys, are filing this motion to provide supplemental authority in support of their motion for reconsideration of the Court's Order dismissing their lawsuit. *See Lyons v. Lafler,* Case No. 2:10-cv-11386 (Aug. 17, 2011) (granting petitioner's motions to supplement his position with additional case authority) (Copy attached as Exhibit 1). In support of the motion, Plaintiffs state as follows:

1.      In their motion for reconsideration, Plaintiffs assert that the Court improperly considered the merits of their claims at the same time that it was considering the Defendants' Rule 12(b)(1) motions to dismiss based on lack of standing.  In so doing, Plaintiffs contend that the Court granted the Defendants' Rule 12(b)(6) motions without considering Plaintiffs' arguments on the merits, and in so doing the Court went beyond the standard of review for a 12(b)1) motion and abused its discretion.

2.      Supreme Court precedent, 6th Circuit Court precedent, and precedents from other federal courts have held that it is improper for a federal court to evaluate the merits of the plaintiff's claims prior to, or in conjunction with, determining whether the plaintiff has standing to sue. The Court's assertion that the protesters' conduct was absolutely protected by the 1st Amendment addressed the merits of Plaintiffs' claims without addressing any of Plaintiffs' arguments to the contrary, and in so doing contravened the precedents which preclude considering the merits prior to, or in conjunction with, determining whether the plaintiff has standing.

This motion is supported by the accompanying brief.

Plaintiffs accordingly request that the Court grant their motion to provide supplemental authorities in support of their motion for reconsideration.

                                                                     Respectfully submitted,

By:     /s  Ziporah Reich                         /s  Marc M. Susselman                
        Co-counsel for Plaintiffs             Attorney for Plaintiffs

Dated:  August 31, 2020

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLANITFFS' LAWSUIT

## TABLE OF CONTENTS

**CONTROLLING AUTHORITY** .............................................................................. ii

**INDEX OF AUTHORITIES** .................................................................................. iii

**STATEMENT OF FACTS** ................................................................................... 1

**ARGUMENT** ................................................................................... 1

I.  IN THE COURSE OF EVALUATING THE DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(1) BASED ON STANDING, THE COURT MADE A RULING ON THE MERITS OF PLAINTIFFS CLAIMS, AND IN SO DOING CONTRAVENED FEDERAL PRECEDENT PRECLUDING CONSIDERING THE MERITS PRIOR TO, OR IN CONJUNCTION WITH, DETERMINING WHETHER THE PLAINTIFF HAS STANDING TO SUE. ................................................................................... 1

**CONCLUSION AND RELIEF** ................................................................................... 5

## CONTROLLING AUTHORITY

*Steel Co. v. Citizens for Better Environment,* 523 U.S. 83 (1998)

*H.L. v. Matheson,* 450 U.S. 398 (1981)

*Midwest Media Prop. v. Ohio,* 512 F.3d 338 (6th Cir. 2008)

*Old River Road, Inc. v. City of Cleveland,* 137 Fed. Appx. 760 (6th Cir. 2005)

*Catholic League v. City of San Francisco,* 624 F.3d 1043 (95h Cir. 2010)

*Pitt News v. Fisher,* 215 F.3d 354 (3d Cir. 2000)

*ACLU v. Santillanes,* 546 F.3d 1313 (10th Cir. 2008)

# INDEX OF AUTHORITIES

**CASES** Pages

*ACLU v. Santillanes,* 546 F.3d 1313 (10th Cir. 2008) ............................................. 3

*American Charities for Reasonable v. Shiffrin,* 46 F. Supp. 2d 143 (D. Conn. 1999) ..... 3

*Catholic League v. City of San Francisco,* 624 F.3d 1043 (95h Cir. 2010) ............. 3,4,5

*H.L. v. Matheson,* 450 U.S. 398 (1981) ................................................................. 2

*Koenning v. Suehs,* 897 F. Supp. 2d 528 (S.D. Tex. 2012) ....................................... 3

*Midwest Media Prop. v. Ohio,* 512 F.3d 338 (6th Cir. 2008) ..................................... 2

*Old River Road, Inc. v. City of Cleveland,* 137 Fed. Appx. 760, 764 (6th Cir. 2005) ..... 2

*Pitt News v. Fisher,* 215 F.3d 354 (3d Cir. 2000) .................................................... 3

*Steel Co. v. Citizens for Better Environment,* 523 U.S. 83 (1998) ............................. 1

**COURT RULES**

Fed. P. Civil P. 12(b)(1) ........................................................................................ 2,3

**STATEMENT OF FACTS**

Plaintiffs incorporate herein the Statement of Facts set forth in Plaintiffs' Response Opposing The City Defendants' Motion To Dismiss. (Dkt. #50)

**ARGUMENT**

I.  **IN THE COURSE OF EVALUATING THE DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(1) BASED ON STANDING, THE COURT MADE A RULING ON THE MERITS OF PLAINTIFFS CLAIMS, AND IN SO DOING CONTRAVENED FEDERAL PRECEDENT PRECLUDING CONSIDERING THE MERITS PRIOR TO, OR IN CONJUNCTION WITH, DETERMINING WHETHER THE PLAINTIFF HAS STANDING TO SUE.**

In *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998), the Supreme Court stated, *id.* at 89, 94:

> It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case. .... As we stated in *Bell v. Hood*, 327 U.S. 678, 682 (1946), "[j]urisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Rather, the district court has jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." *id.*, at 685, unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." ... Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." ...
>
> * * *
>
> We decline to endorse such an approach [of evaluating the merits prior to determining whether the court has jurisdiction] because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers. This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ... "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." ... **The requirement that jurisdiction be estab-**

1

**lished as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception."** ... (Emphasis added; italics in the original; some citations omitted.)

*See also H.L. v. Matheson,* 450 U.S. 398, 430 (1981) ("[S]tanding is a jurisdictional issue, separate and distinct form the merits[.]")

By concluding that the protesters' conduct was absolutely protected by the 1st Amendment, which was the central question in the lawsuit, while stating that it was limiting its review to evaluating the Defendants' motion to dismiss for lack of standing, and not considering any of Plaintiffs' numerous arguments to the contrary, the Court contravened the holding in *Steel Co.* Plaintiffs' multiple arguments in support of their position that the protesters' conduct in front of a Jewish house of worship was not absolutely protected by the 1st Amendment, and was subject to reasonable time, place and manner restrictions, were not "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." The Court accordingly overstepped the bounds of legitimate review in evaluating the Defendants' motion to dismiss pursuant to Rule 12 (b)(1).

The Supreme Court's holding in *Steel Co.* was reiterated by several judges of the Sixth Circuit Court of Appeals in *Midwest Media Prop. v. Ohio,* 512 F.3d 338 (6th Cir. 2008), dissenting from a denial of *en banc* review, stating, *id.* at 340:

> More than simply denying Plaintiffs standing in the entirety of their prior restraint claims, the majority instead determined – incorrectly – that portions of the overall sign ordinance scheme are constitutionally valid, then used this determination to hold that Plaintiffs lack a redressable injury. ... Not only does its holding on some of the merits of Plaintiffs['] prior restraint claim conflict with Sixth Circuit precedent ... , but its decision to reach the merits of some portions of a claim and then use this merits determination to deny standing on the remainder conflicts with both our well-established precedent and that of the Supreme Court. [citing *Steel Co.*] *Old River Road, Inc. v. City of Cleveland,* 137 Fed. Appx. 760, 764 (6th Cir. 2005) ("**Before turning to the merits, [a court] must address the plaintiffs' standing to raise several constitutional claims and must do so even though some of those constitutional claims are easier to resolve than the standing question attached to them.**") ...(Emphasis added; some citations omitted)

2

The principle that the question of standing must be decided separate and apart from evaluating the merits of the plaintiff's claims has been repeatedly recognized by other federal courts. *See, e.g., Pitt News v. Fisher,* 215 F.3d 354, 360 (3d Cir. 2000) ("[O]ur determination of the likelihood of success on the merits of the case is a separate inquiry from the threshold issue of article III standing."); *ACLU v. Santillanes,* 546 F.3d 1313, 1319 (10th Cir. 2008) ("Standing is not a proxy for ruling on the merits and is determined at the outset of the lawsuit."); *American Charities for Reasonable v. Shiffrin,* 46 F. Supp. 2d 143, 149 (D. Conn. 1999) ("Article III ... requires the district court, quite apart from any consideration of the merits of the substantive claims, to determine initially whether plaintiff has standing."); *Koenning v. Suehs,* 897 F. Supp. 2d 528, 538 (S.D. Tex. 2012) ("The standing of a party is a threshold question apart from the merits of the claim to determine if the 'litigant is entitled to have the court decide the merits of the dispute.' *Warth v. Seldin,* 422 U.S. 490, 498, 517-18 ... (1975) ..... .")

In *Catholic League v. City of San Francisco,* 624 F.3d 1043 (9th Cir. 2010), the Court stated, *id.* at 1049:

> It is, of course, incumbent upon the courts to apply standing doctrine neutrally, so that it does not become a vehicle for allowing claims by favored litigants and disallowing disfavored claimants from even getting their claims considered. Without neutrality, the courts themselves can become accessories to unconstitutional endorsement or disparagement. **Standing is emphatically not a doctrine for shutting the courthouse door to those whose causes we do not like.** Nor can standing analysis, which prevents a claim from being adjudicated for lack of jurisdiction, be used to disguise merits analysis, which determines whether a claim is one for which relief can be granted if factually true. (Emphasis added.)

This Court has flagrantly violated the doctrine of neutrality underscored by the Ninth Circuit. The Court violated this principle at the very outset of its Order, stating at *2: "Plaintiffs seek monetary damages and ask the Court to enjoin these Defendants from engaging in peaceful political speech in public areas. The Constitution simply does not tolerate such restraint." By deciding the merits of the lawsuit against Plaintiffs before even determining if they had standing,

3

and allowing its decision on the merits against Plaintiffs to dictate whether the Plaintiffs had standing, the Court went well beyond its authority in reviewing a Rule 12(b)(1) motion.

Moreover, the Court's holding that these Plaintiffs do not have standing based on their claim that the protesters' conduct, repeatedly using speech to insult, degrade and stigmatize their Jewish ethnicity and impair their right to engage in the free exercise their religion without being harassed, aided and abetted by the City of Ann Arbor's refusal to enforce its sign ordinance over a period of 585 weeks, constitutes state sponsored violation of the Plaintiffs' 1st Amendment right to freely exercise their religion, is directly rebutted by the Court's decision in *Catholic League*, in which a Catholic civil rights organization and two devout Catholics sued the City of San Francisco for passing a resolution which condemned Cardinal William Levada for having issued a directive that Catholic Charities "stop placing children in need of adoption with homosexual households." *Id.* at 1047. In holding that the plaintiffs had standing based on a violation of their free exercise of religion, the Court stated, *id.* at 1052-53:

> Plaintiffs allege that they are directly stigmatized by San Francisco's actions. They allege that the stigmatizing resolution leaves them feeling like second-class citizens of the San Francisco political community, and expresses to the citizenry of San Francisco that they are. The cause of the plaintiffs' injury here is not speculative: it is the resolution itself. ...
>
> * * *
>
> Plaintiffs seek a declaratory judgment that the resolution is unconstitutional, and nominal damages for the violation of their rights. By declaring the resolution unconstitutional, the official act of the government becomes null and void. Even more important, a declaratory judgment would communicate that their government is constitutionally prohibited from condemning the plaintiffs' religion, and that any such condemnation is itself to be condemned. **This would reaffirm the fundamental principle that [t]he basic purpose of the religion clause of the First Amendment is to promote and assure the fullest possible scope of religious liberty and tolerance for all and to nurture the conditions which secure the best hope of attainment of that end.**
>
> The fullest realization of true religious liberty requires that government neither engage in nor compel religious practices, that it effect no favoritism among sects or between religion and nonreligion, *and that it work deterrence of no religious belief.*

(Italics in the original; emphasis added; footnotes omitted.)

Plaintiffs have made a comparable argument, that, despite Ann Arbor's Resolution condemning the conduct of the protesters, by its repeated failure to enforce its sign ordinance which prohibits the protesters from placing their Antisemitic, anti-Zionist and anti-Israeli signs in the public right-of way, the City is effectively aiding and abetting the protesters' degradation of the Jewish religion and of the congregants, including Plaintiffs, who attend Sabbath services at Beth Israel Synagogue.  Under the holding in *Catholic League*, Plaintiffs clearly have standing to make this claim, and the Court's pre-judging their right to standing by improperly ruling on the merits of their claims has violated Supreme Court, 6th Circuit and other federal court precedents, and has done a disservice to Plaintiffs' constitutional right to seek redress in this Court, as is their right under the 1st Amendment.

## CONCLUSION AND RELIEF

Plaintiffs accordingly request that the Court consider the supplemental case authority cited above, grant Plaintiffs' motion for reconsideration, reverse its Order dismissing their lawsuit and reinstate the lawsuit.

                                                            Respectfully submitted,

By:     /s  Ziporah Reich                    /s  Marc M. Susselman
        Co-counsel for Plaintiffs            Attorney for Plaintiffs

Dated: August 31, 2020

5