IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marvin Gerber, Dr. Miriam Brysk,

    Plaintiffs,

vs.                                                    Civil Action No. 2:19-cv-13726
                                                        Hon. Victoria A. Roberts

Henry Herskovitz, *et al.*,

    Defendants, Jointly and Severally.

_____/

Marc M. Susselman (P29481)
Attorney at Law
43834 Brandywyne Rd.
Canton, Michigan 48187
(734) 416-5186
marcsusselman@gmail.com
Attorney for Plaintiffs

Ziporah Reich (3979639)
The Lawfare Project
633 Third Ave., 21st Floor
New York, N.Y. 10017
(212) 339-6995
Ziporah@thelawfareproject.org
Co-Counsel for Plaintiffs

Timothy S. Wilhelm (P67675)
OFFICE OF THE CITY ATTORNEY
Attorneys for the City of Ann Arbor,
Christopher Taylor, Derek Delacourt,
Stephen Postema, and Kristen Larcom
301 E. Huron St., P.O. Box 8647
Ann Arbor, Michigan 48107-8647
(7340 794-6170
twilhelm@a2gov.org

Cynthia Heenan (P53664)
Hugh M. Davis (P12555)
Constitutional Litigation Associates, PC
Attorneys for Defendants Henry Herskovitz,
Gloria Harb, Tom Saffold, Rudy List and
Chris Mark
220 Bagley St., Ste. 740
Detroit, MI 48226
(313) 961-2255/Fax: (313) 922-5130
Heenan@CoLitPC.Com
Davis@ConLitPC.Com

John A. Shea (P37634)
Attorney for Defendants
Herskovitz, Harb, Saffold, List and
Mark
120 N. Fourth Avenue
Ann Arbor, Michigan 48104
(734) 995-4646
jashea@earthlink.net

_____/

**PLAINTIFFS' MOTION TO DISMISS THE PROTESTER DEFENDANTS'
FEE PETITION AND MOTION FOR SANCTIONS**

Plaintiffs, by and through their attorneys, hereby move to dismiss the Protester Defendants' Fee Petition Pursuant to 42 U.S.C. §1988 And Motion For Sanctions Pursuant To 28 U.S.C. §1927, and in support of the motion state as follows:

1. On September 3, 2020, the Court entered an Order (ECF #68) denying Plaintiffs' Motion For Reconsideration (ECF #66).

2. Pursuant to Local Rule 54.12, any Defendant seeking to recover attorney fees had 28 days from the date the Court denied the Motion For Reconsideration to file a motion for an award of attorney fees, i.e., by October 1, 2020.

3. On October 1, 2020, the deadline for filing the fee petition motion, the Protester Defendants filed a motion to extend the deadline for filing their fee petition, as well as for filing a motion for sanctions under 28 U.S.C. §1927. (ECF #72)  Plaintiffs concurred in that motion.

4. In their motion, the Protester Defendants specifically requested that "this Honorable Court extend their deadline to file their fee Petition pursuant to 42 U.S.C.1988 and Motion for Sanctions pursuant to 28 U.S.C. 1927, until October 31, 2020."

5. On October 2, 2020, the Court entered a Text-Only Order granting the Protester Defendants' motion to extend the deadline as requested in their motion.  By granting the specific relief the Protester Defendants were requesting, the Text-Only Order specified October 31, 2020, as the deadline for filing both motions.

6. On October 30, 2020, Cynthia Heenan sent Plaintiffs' attorney an email stating: "As noted earlier, the protester defendants are filing a 1988 fee petition and request for 28 USC 1927 sanctions.  **I will be filing it on the due date of October 31.**  I forgot to request concurrence as required by local rule, until just now.  Please advise." (Emphasis added.) (Copy of email attached as Exhibit 1.)  Marc Susselman responded to the email, stating, "Do not approve." (*Id.*)

1

7. As of 12:00 A.M. on Saturday, October 31, the Protester Defendants had not filed either motion, even allowing for the one hour time change.

8. On Sunday, November 1, at 6:51 PM, the Protester Defendants filed a Fee Petition Pursuant to 42 U.S.C. §1988 And Motion For Sanctions Pursuant To 28 U.S.C.§1927. (ECF #73) They did not file a motion asking the Court to extend the deadline by an additional day, nor did they seek concurrence to file such a motion.

9. While Fed. R. Civ. P. 6(a)(1) does provide that when a deadline for filing a pleading or motion is determined by counting a specified number of days from the date on which an event has occurred, if the deadline falls on a weekend or federal holiday, the deadline is extended until the next business day. But this rule does not apply to an Order which expressly states a date as a deadline. The Protester Defendants requested that the Court extend the due date of their fee petition and motion for sanctions until October 31, 2020. The Court granted their motion, making the due date under the Order October 31 as the deadline. Since the deadline was specified in an Order, it could not be extended just because the deadline fell on a Saturday, which, by the way, the attorneys for the Protester Defendants would be presumed to have known when they filed their motion and requested that date. They had a total of 58 days – more than eight weeks -to prepare and file their fee petition and motion for sanctions. Ms. Heenan acknowledge in her email to Plaintiffs' counsel that she was aware the fee petition and motion for sanctions were both due on October 31. She did not suggest or state that because October 31 was a Saturday, that she had the right to file the fee petition and motion on the following Monday, November 2. They failed to file either by the due date specified by the Order they requested. They did not file a motion to extend the time further before they filed   Therefore the fee petition and motion for sanctions were filed late and should be dismissed.

10. On November 2, 2020, Plaintiffs' counsel left voice mail messages for both Ms.

2

Heenan and Mr. Shea, asking in their concurrence in a motion to dismiss their fee petition and motion for sanctions, and confirmed the request by an email to both. (Exhibit 2, 9:29 AM)

11. Later that day, Mr. Shea stated in an email to Plaintiffs' counsel: "Marc, I have always been of the understanding that a deadline occurring on a weekend or holiday is met if the filing is by the end of the next day NOT a weekend or holiday. Are we wrong about that? If we are and the Court rejects our filing as untimely, then of course we'll seek your concurrence in a motion to extend the time for filing." (See email exchange, Exhibit 2, 10:33 AM).

12. Plaintiffs' counsel responded to Mr. Shea's email, stating "So, can I take your answer as a denial of concurrence?" (Exhibit 2, 11:27 AM) Mr. Shea responded, "Yes. I take it you believe our reading of the rule is wrong? If you are correct, will you concur in our motion to file one day late?" (Exhibit 2, 12:03 PM) Mr. Shea's affirmative response to Plaintiffs' counsel's question, "So, can I take you answer as a denial of concurrence?" meant that he was denying concurrence. Plaintiffs' counsel then responded: "I am not playing tit for tat with you. I asked you first if you will concur in a motion to dismiss. You do not have the right to reply with a counter-offer. I take your failure to indicate concurrence is a denial." (Exhibit 2, 12:37 PM) Mr. Shea responded: "I don't understand. I answered your question, "yes." Please re-read my last email. Now, will you answer my questions?" (Exhibit 2, 1:55 PM) Since Mr. Shea's "Yes" answer was to the question, "So, can I take your answer as a denial of concurrence?" the request for concurrence has been denied.

13. Plaintiffs' counsel has not responded to Mr. Shea's last question. The request for concurrence to a motion to extend the due date for filing the fee petition and motion for sanctions should have been made **before** the fee petition and motion for sanctions were filed in violation of the Court's Order, not after they already violated it.

14. The Protester Defendants' fee petition and motion for sanctions should

3

accordingly be dismissed, with prejudice, and stricken. This motion is supported by the accompanying brief.

**WHEREFORE,** Plaintiffs request that their motion to dismiss the Protester Defendants' fee petition and motion for sanctions be granted, with prejudice, and that the fee petition and motion for sanctions be stricken.

Respectfully submitted,

By: /s Ziporah Reich            /s Marc M. Susselman
    Co-counsel for Plaintiffs    Attorney for Plaintiffs

Dated: November 3, 2020

# BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLANITFFS' LAWSUIT

## TABLE OF CONTENTS

**QUESTION PRESENTED** ..................................................................................ii

**CONTROLLING AUTHORITY** ........................................................................ iii

**INDEX OF AUTHORITIES** ............................................................................... iv

**STATEMENT OF FACTS** ................................................................................... 1

**ARGUMENT** ........................................................................................ 3

**CONCLUSION AND RELIEF** ............................................................................. **6**

## **QUESTION PRESENTED**

I. **Whether the Protester Defendants' Fee Petition and Motion For Sanctions should be dismissed with prejudice, and stricken from the record, because they failed to file them by the deadline date they requested and which the Court' Order granted, and failed to file a motion requesting additional time.**

**Plaintiffs answer "Yes."**

## **CONTROLLING AUTHORITY**

Fed. R. Civ. P. 6(a)

*Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514 (6th Cir. 2006).

*Smart-Fill Mgmt. Grp., Inc. v. Froiland (In re Froiland)*, 589 B.R. 309 (Bankr. W.D. Tex. 2018)

# **INDEX OF AUTHORITIES**

**CASES**                                                                                                              Pages

    **Federal**

*Carlisle v. St. Charles School District,* Case No. 4:05CV2417 (E.D. Mo., 2007) ..                           5

*Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514 (6th Cir. 2006) ..........................                5

*Smart-Fill Mgmt. Grp., Inc. v. Froiland (In re Froiland),*
    589 B.R. 309 (Bankr. W.D. Tex. 2018) .......................................................     4

**COURT RULES**

Fed. R. Civil P. (6)(a)              ................................................................................    3

**STATEMENT OF FACTS**

On September 3, 2020, the Court entered an Order (ECF #68) denying Plaintiffs' Motion For Reconsideration (ECF #66). Pursuant to Local Rule 54.12, any Defendant seeking to recover attorney fees had 28 days from the date the Court denied the Motion For Reconsideration to file a motion for an award of attorney fees, i.e., by October 1, 2020.

On October 1, 2020, the deadline for filing the fee petition motion, the Protester Defendants filed a motion to extend the deadline for filing their fee petition, as well as for filing a motion for sanctions under 28 U.S.C. §1927. (ECF #72)  Plaintiffs concurred in that motion. In their motion, the Protester Defendants specifically requested that "this Honorable Court extend their deadline to file their fee Petition pursuant to 42 U.S.C.1988 and Motion for Sanctions pursuant to 28 U.S.C. 1927, until October 31, 2020."

On October 2, 2020, the Court entered a Text-Only Order granting the Protester Defendants' motion to extend the deadline as requested in their motion.  By granting the specific relief the Protester Defendants were requesting, the Text-Only Order specified October 31, 2020, as the deadline for filing both motions.

On October 30, 2020, Cynthia Heenan sent attorney Marc Suseelman an email stating: "As noted earlier, the protester defendants are filing a 1988 fee petition and request for 28 USC 1927 sanctions.  **I will be filing it on the due date of October 31.**  I forgot to request concurrence as required by local rule, until just now.  Please advise." (Emphasis added.) (Copy of email attached as Exhibit 1.)  Plaintiffs' counsel responded to the email, stating, "Do not approve." (*Id.*)

As of 12:00 A.M. on Saturday, October 31, the Protester Defendants had not filed either motion, even allowing for the one hour time change. On Sunday, November 1, at 6:51 PM, the Protester Defendants filed a Fee Petition Pursuant to 42 U.S.C. §1988 And Motion For Sanctions

1

Pursuant To 28 U.S.C. §1927. (ECF #73) They did not file a motion asking the Court to extend the deadline by an additional day, nor did they seek concurrence to file such a motion. Accordingly, the fee petition and motion for sanctions were filed a day late.

On November 2, 2020, Plaintiffs' counsel left voice mail messages for both Ms. Heenan and Mr. Shea, asking in their concurrence in a motion to dismiss their fee petition and motion for sanctions, and confirmed the request by an email to both. (Exhibit 2, 9:29 AM) Later that day, Mr. Shea stated in an email to Plaintiffs' counsel: "Marc, I have always been of the understanding that a deadline occurring on a weekend or holiday is met if the filing is by the end of the next day NOT a weekend or holiday. Are we wrong about that? If we are and the Court rejects our filing as untimely, then of course we'll seek your concurrence in a motion to extend the time for filing." (See email exchange, Exhibit 2, 10:33 AM).

Plaintiffs' counsel responded to Mr. Shea's email, stating "So, can I take your answer as a denial of concurrence?" (Exhibit 2, 11:27 AM) Mr. Shea responded, "Yes. I take it you believe our reading of the rule is wrong? If you are correct, will you concur in our motion to file one day late?" (Exhibit 2, 12:03 PM) Mr. Shea's affirmative response to Plaintiffs' counsel's question, "So, can I take you answer as a denial of concurrence?" meant that he was denying concurrence. Plaintiffs' counsel then responded: "I am not playing tit for tat with you. I asked you first if you will concur in a motion to dismiss. You do not have the right to reply with a counter-offer. I take your failure to indicate concurrence is a denial." (Exhibit 2, 12:37 PM) Mr. Shea responded: "I don't understand. I answered your question, "yes." Please re-read my last email. Now, will you answer my questions?" (Exhibit 2, 1:55 PM) Since Mr. Shea's "Yes" answer was to the question, "So, can I take your answer as a denial of concurrence?" the request for concurrence has been denied.

Plaintiffs' counsel has not responded to Mr. Shea's last question. The request for

2

concurrence to a motion to extend the due date for filing the fee petition and motion for sanctions should have been made **before** the fee petition and motion for sanctions were filed in violation of the Court's Order, not after they already violated the Order.

## ARGUMENT

Fed. R. Civ. P. 6(a) states, in relevant part:

(a) COMPUTING TIME. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;
(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

The Rule is quite specific about its context: It only applies when the period in question is stated **in a given number of days from a triggering event**. This context is clear and unambiguous, and it does not apply to an Order which does not calculate the due date based on a number of days from a triggering event, but instead states a specific date on which a filing is due. And this makes eminent sense. If the Court wanted the filing to occur on a weekday, rather than on a weekend or holiday, the Order would simply state that date. Here, the Protester Defendants did not request in their motion that the Court extend the due date for the filing of their fee petition and motion for sanctions 58 days from the date the Order denying Plaintiffs' Motion for Consideration had been entered. They specifically requested that the Court grant them an extension until October 31, 2020. The Court granted their request. If they wanted the option to file their fee petition and motion for sanctions by no later than midnight on Monday, November 2, they could have requested an extension of 58 days, in which case since the 58th day fell on a

3

Saturday, under the Rule they would have had until Monday, November 2, to file their fee petition and motion for sanctions. They did not do so. Alternatively, they could have requested an extension until November 2, 2020, They did not request this either. They instead sepcifically requested a deadline of October 31, 2020. So the fee petition and the motion for sanctions were due by midnight on October 31, 2020, and not a minute later, and certainly not 12 hours later.

Case law supports this interpretation of the Rule.[1] Interpreting a similarly worded rule under the Bankruptcy Rules, the Court in *Smart-Fill Mgmt. Grp., Inc. v. Froiland (In re Froiland)*, 589 B.R. 309 (Bankr. W.D. Tex. 2018), stated, *id.* at 315:

> In sum ... the Court concludes that Bankruptcy Rule 9006(a) does not extend a deadline for filing pleadings when the date is a legal holiday, *if* a fixed-date deadline has been set by order of a court.
>
> Here, the deadline for Smart-Fill to file a complaint against the Debtor objecting to discharge and dischargeability is a fixed date set by order of the Court. This is clearly evident from the Second Agreed Order entered by the Court, which states "the deadlines for Smart-Fill Management Group. Inc. to object to discharge under Section 727 and dischargeability of its debt under Section 523 ... are extended until January 15, 2018." **This is equally evident from the agreed motion filed by Smart-Fill, which sought entry of the Second Agreed Order and requested the Court "extend the deadline to object to discharge and discargeability of debt to January 15, 2018."** ...
>
> The Second Agreed Order does not require the computation of a time period, and the period is not stated in days. Instead, the Second Agreed Order sets forth a fixed-date deadline – January 15, 2018 – for filing any objection to discharge and dischargeability. The inescapable result is the automatic extension of a deadline for a legal holiday under current Bankruptcy Rule 9006(a) **simply does not apply in this case**.
>
> **It is of no legal significance that the fixed-date deadline of January 15, 218 fell on a venerable holiday – MLK Day. Smart-Fill fled its Complaint objecting to discharge and dischargerability of its debt on January 16, 2018, which was after the fixed-dated deadline. As a consequence, the Complaint is time-**

---

[1] A legal search has not identified any decision by the 6th Circuit Court of Appeals, or by any District Court in the 6th Circuit, including the Eastern and Western Districts of Michigan, addressing this issue. This does not mean that the clear and unambiguous words of the Rule are subject to an erroneous interpretation which would extend the due date of a filing to the next business day, where an Order specifies the date upon which the filing is due.

4

**barred and must be dismissed.** (Emphasis added; italics in the orginial.) *See also Carlisle v. St. Charles School District,* Case No. 4:05CV2417 (E.D. Mo., 2007) (""Plaintiff did miss other deadlines and failed to appear for at least one court hearing. The deadlines he missed, however, were dates specifically set by the court in orders which he admittedly received. He incorrectly argued that he was allowed to add three days to the specific deadlines ordered by the court. As explained in my order granting summary judgment, this is simply wrong, and nothing in the Federal Rules or any other rule says that a party can add three days to a specific deadline set by court order." *Id.* at *2) (Copy attached as Exhibit 3.)

The Court Rules may not be disregarded with impunity. Mr. Shea states that he "assumed" they had the right to file by the next business day. Attorneys are not supposed to assume anything. The Court graciously granted their request for an additional 30 days. They had a total of 58 days, ample time, to prepare their fee petition and motion for sanctions and file them on the date they requested.. They had ample time to check the Court Rules in order to confirm whether their assumption was correct. "By relying on the five district-court opinions noted above, ... the plaintiffs appear to be arguing that because some district courts have found excusable neglect for a one-or-two-day delay in filing, the district court here necessarily abused its discretion in failing to find excusable neglect. To accept the plaintiffs' argument would deprive the term 'deadline' of much of its meaning. We decline to do so here." *Nafziger v. McDermott Intern., Inc.,* 467 F.3d 514, 523 (6th Cir. 2006).

Defense counsel may argue that Plaintiffs' counsel is being petty by insisting that the Court Rules be followed to the letter. But defense counsel are requesting that Plaintiffs and Plaintiffs' counsel be required to pay them $125,467.50. Certainly not chump change. Requiring them to follow the Court Rules to the t under such circumstances is hardly petty or unjustified.

5

## CONCLUSION AND RELIEF

Based on the above argument, the Court should dismiss the Protester Defendants' Fee Petition and Motion For Sanctions, with prejudice and strike it from the record.

Respectfully submitted,

By:    /s Ziporah Reich            /s Marc M. Susselman
        Co-counsel for Plaintiffs        Attorney for Plaintiffs

Dated: November 3, 2020