IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marvin Gerber, Dr. Miriam Brysk,

    Plaintiffs,

vs.                                                     Civil Action No. 2:19-cv-13726
                                                     Hon. Victoria A. Roberts

Henry Herskovitz, *et al.*,

    Defendants, Jointly and Severally.
_____/

Marc M. Susselman (P29481)
Attorney at Law
43834 Brandywyne Rd.
Canton, Michigan 48187
(734) 416-5186
marcsusselman@gmail.com
Attorney for Plaintiffs

Ziporah Reich (3979639)
The Lawfare Project
633 Third Ave., 21st Floor
New York, N.Y. 10017
(212) 339-6995
Ziporah@thelawfareproject.org
Co-Counsel for Plaintiffs

Timothy S. Wilhelm (P67675)
OFFICE OF THE CITY ATTORNEY
Attorneys for the City of Ann Arbor,
Christopher Taylor, Derek Delacourt,
Stephen Postema, and Kristen Larcom
301 E. Huron St., P.O. Box 8647
Ann Arbor, Michigan 48107-8647
(7340 794-6170
twilhelm@a2gov.org

Cynthia Heenan (P53664)
Hugh M. Davis (P12555)
Constitutional Litigation Associates, PC
Attorneys for Defendants Henry Herskovitz,
Gloria Harb, Tom Saffold, Rudy List and
Chris Mark
220 Bagley St., Ste. 740
Detroit, MI 48226
(313) 961-2255/Fax: (313) 922-5130
Heenan@CoLitPC.Com
Davis@ConLitPC.Com

John A. Shea (P37634)
Attorney for Defendants
Herskovitz, Harb, Saffold, List and
Mark
120 N. Fourth Avenue
Ann Arbor, Michigan 48104
(734) 995-4646
jashea@earthlink.net

_____/

**<u>PLAINTIFFS' REPLY TO PROTESTER DEFENDANTS' RESPONSE TO
MOTION TO DISMISS THE PROTESTER DEFENDANTS'
FEE PETITION AND MOTION FOR SANCTIONS</u>**

**TABLE OF CONTENTS**

**CONTROLLING AUTHORITY** ............................................................................... ii

**INDEX OF AUTHORITIES** ..................................................................................... iii

**STATEMENT OF FACTS** ........................................................................................ 1

**ARGUMENT** ............................................................................................................. 1

I.    THE PROTESTER DEFENDANTS' COUNSEL'S ERROR IN NOT
REALIZING THAT OCTOBER 31, 2020, WAS SATURDAY, AND
HER EFFORT TO  CORRECT HER ERROR BY FILING
A LATE FEE PETITION AND MOTION FOR SANCTIONS
ON SUNDAY, NOVEMBER 1, 2020, WITHOUT FIRST REQUESTING
THE COURT'S PERMISSION TO DO SO BY FILING A MOTON
REQUESTING THAT THE DUE DATE BE EXTENDED AS A MATTER
OF LAW DOES NOT CONSTITUTE "EXCUSABLE NEGLECT." .. 1

    A.    Ms. Heenan's Explanation That She Mistook The Day Of The Week
On Which October 31, 2020, Fell As A Matter Of Law
Does Not Constitute Excusable Neglect. ........................................ 1

    B.    Ms. Heenan Compounded Her Error By Not Filing A Motion
To Extend The Deadline And Instead Filed Both The Fee Petition
And The Motion For Sanctions Without Having First Obtained
Permission From The Court, Thereby Violating
The Court's Order. ........................................................................... 5

**CONCLUSION AND RELIEF** .................................................................................. 7

**CERTIFICATE OF SERVICE** .................................................................................. 9

# CONTROLLING AUTHORITY

Fed. R. Civ. P. 6(a)

*Estate of Hojna v. City of Roseville,* Case No. 04-75081 (E.D. Mich. 2007)

*In re Faulkner,* Case No. 19-12803 (E.D. Mich., April 6, 2020)

*In re Lang,* Case No. 01-73897 (E.D. Mich. 2002)

*McCurry ex Rel. Turner v. Adventist Hlt. Sys,* 298 F.3d 586 (6th Cir. 2002)

*Smith v. Akerlind,* Case No. 05-CV-73528 (E.D. Mich. 2006)

*State of Or. v. Champion Intern. Corp.,* 680 F.2d 1300 (9th Cir. 1982)

# INDEX OF AUTHORITIES

**CASES**     Pages

*B& D Partners v. Pastis,* 2006 WL 1307480, at *3 (6th Cir. May 9, 2006) ............. 4

*Davis v. City of Detroit,* Case No. 15-10547 (E.D. Mich. 2017)............................. 7

*Estate of Hojna v. City of Roseville,* Case No. 04-75081 (E.D. Mich. 2007)........... 4

*In re Bonfiglio,* 2018 WL 5295879 (B.A.P. 6th Cir. Oct. 24, 2018)......................... 4

*In re Edwards,* 748 Fed. Appx. 695 (6th Cir. 2019) ............................................... 3

*In re Faulkner,* Case No. 19-12803 (E.D. Mich., April 6, 2020)............................. 3

*In re Lang,* Case No. 01-73897 (E.D. Mich. 2002)................................................. 4

*JBlanco Enterprises v. Spremar Roofing & Waterproofing, Inc.,*
    2017 WL564299 at *2 (6th Cir. Nov. 20, 2017) .......................................... 3

*McCurry ex Rel. Turner v. Adventist Hlt. Sys,* 298 F.3d 586 (6th Cir. 2002)............ 2

*Nicholson v. City of Warren,* 467 F.3d 525 (6th Cir. 2006) ..................................... 3

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993)...... 3

*Smith v. Akerlind,* Case No. 05-CV-73528 (E.D. Mich. 2006)................................ 4

*State of Or. v. Champion Intern. Corp.,* 680 F.2d 1300 (9th Cir. 1982) ................... 3

*United States v. Munoz,* 605 F.3d 359 (6th Cir. 2020)............................................. 3

**STATUTES**

28 U.S.C. §1927 ................................................................................. *passim*

**COURT RULES**

Fed. R. Civil P. (6) ................................................................................ *passim*

**STATEMENT OF FACTS**

Plaintiffs incorporate herein the Statement of Facts set forth in Plaintiffs' Motion To Dismiss The Protester Defendants' Fee Petition And Motion For Sanctions (ECF 74).

**ARGUMENT**

I. THE PROTESTER DEFENDANTS' COUNSEL'S ERROR IN NOT REALIZING THAT OCTOBER 31, 2020, WAS SATURDAY, AND HER EFFORT TO CORRECT HER ERROR BY FILING A LATE FEE PETITION AND MOTION FOR SANCTIONS ON SUNDAY, NOVEMBER 1, 2020, WITHOUT FIRST REQUESTING THE COURT'S PERMISSION TO DO SO BY FILING A MOTON REQUESTING THAT THE DUE DATE BE EXTENDED, AS A MATTER OF LAW DOES NOT CONSTITUTE "EXCUSABLE NEGLECT."

   A. Ms. Heenan's Explanation That She Mistook The Day Of The Week On Which October 31, 2020, Fell As A Matter Of Law Does Not Constitute Excusable Neglect.

In her Response to Plaintiffs' motion to dismiss the Protester Defendants' fee petition and motion for sanctions, Ms. Heenan acknowledges that she was aware that both the fee petition and the motion for sanctions were due on October 31, but she made the mistake of thinking that October 31 fell on Sunday, rather than on Saturday, and then contends that this error constitutes "excusable neglect" which she requests the Court to overlook. As a matter of law, this contention is erroneous and should be rejected.

Ms. Heenan's explanation, just from a non-legal perspective, is far short of convincing. On October 1, the original deadline for filing the fee petition, she filed a motion requesting that the Court extend the due date to October 31, 2020, and expressly selected that date in the motion. Plaintiffs' counsel concurred with the request and the Court granted it by entering a Text-Only Order. When Ms. Heenan chose October 31, did she not check a calendar to determine on what day of the week it fell? And, if at some other point she did so during the intervening 30 days, did she fail to mark her calendar to alert her of the deadline? Indeed, on the very email which she sent Plaintiffs' counsel on October 30, acknowledging that the petition and motion were due on

1

October 31 and requesting concurrence in the fee petition and motion themselves (which Plainitffs' counsel denied), at the very top of the email it states, "**Fri., Oct. 30, 2020** at 5:24 PM[.]" (Emphasis added.) (Exhibit 1, attached to ECF 74.) Moreover, as virtually every person living in the United States knows, October 31 is the last day of the month, and virtually every American knows that that day is Halloween. Did Ms. Heenan fail to notice all the stores selling Halloween merchandise and displaying Halloween signs? And while Plaintiffs' counsel have no idea where she lives, did she not see any children on Saturday afternoon or early evening wearing costumes? Even in a non-legal context, failing to be aware that a specified date was a Saturday, rather than a Sunday, would hardly constitute "excusable neglect." More importantly, in the legal context, mistaking on what day of the week a date specified in a court order falls on does not constitute "excusable neglect." In *McCurry ex Rel. Turner v. Adventist Hlt. Sys*, 298 F.3d 586, 595 (6th Cir. 2002), the Court stated:

> Thus, in assessing a claim of excusable neglect, "the proper focus is upon whether the neglect of [the parties] *and their counsel* was excusable." [*Piopneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship]*, 507 U.S. at 397, 113 S.Ct. at 1499 (emphasis in original). ... [A]n attorney's inaction or strategic error based upon a misreading of the applicable law cannot be deemed "excusable neglect, even though it might well be excusable for the client to rely on the advice of counsel. Other courts have agreed, recognizing that **"the case law consistently teaches that out-and-out lawyer blinders – the type of action or inaction that leads to successful malpractice suits by the injured client – do not qualify as 'mistake' or 'excusable neglect** within the meaning of [Rule 60(b)(1)]." ... (Emphasis added; citations omitted.)

Here, had Ms. Heenan missed the deadline fixed by a statute of limitations because she mistook the day of the week on which the final date fell, her failure to meet the deadline would subject her to liability for legal malpractice, and the inadvertence of her oversight would not constitute "excusable neglect." The fact that she and her co-counsel have been defending the Protester Defendants *pro bono*, and therefore her error will not inure to their financial detriment does not alter the fact that her error does not constitute "excusable neglect" as a matter of law. In

2

fact, if the protesters were paying Ms. Heenan and Mr. Shea to represent them, and they missed the filing date specified in a Court order for filing their fee petition, this would most certainly constitute legal malpractice, and therefore "excusable neglect" would not be a defense to the lawsuit. It is, accordingly, not a defense to Plaintiffs' motion to dismiss. *See also State of Or. v. Champion Intern. Corp.*, 680 F.2d 1300, 1301 (9th Cir. 1982) ("The standard for determining excusable neglect is 'a 'strict one' ... Inadvertence or mistake of counsel does not constitute excusable neglect.") (Citations omitted.)

In *In re Faulkner,* Case No. 19-12803 (E.D. Mich., April 6, 2020) (copy attached as Exhibit 4), the Court rejected a defense of "excusable neglect" because the debtor failed timely to pay the filing fee, stating, *id.* at *5-8:

> Debtors argue that the bankruptcy court's analysis under Rule 60(b) was flawed. Under Rule 60(b)(1), a party may obtain relief from judgment based upon "mistake, inadvertence, surprise or excusable neglect." With respect to excusable neglect, "the determination is a bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, **the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith**." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). Since *Pioneer*, the Sixth Circuit has "considered excusable neglect in different contexts and repeatedly underscored that it is a difficult standard to satisfy.." *In re Edwards,* 748 Fed. Appx. 695, 698 (6th Cir. 2019) (citing *Nicholson v. City of Warren,* 467 F.3d 525, 526 (6th Cir. 2006)).
>
> Debtors contend that the bankruptcy court erred by only considering one of the *Pioneer* factors: the reason for the delay. However, the Sixth Circuit has recognized that "the *Pioneer* factors 'do not carry equal weight; **the excuse given for the late filing must have the greatest import**. While [the others] might have more relevance in a closer case, the reason-for-the-delay factor will always be critical to the inquiry.'" *United States v. Munoz,* 605 F.3d 359, 372 (6th Cir. 2020) (citation omitted.) *See also JBlanco Enterprises v. Spremar Roofing & Waterproofing, Inc.,* 2017 WL564299 at *2 (6th Cir. Nov. 20, 2017) ("**The fact that the other *Pioneer* factors may weigh in JBanco's favor is not dispositive because the district court properly assigned the greatest weight to the reason for the delay.**").
>
> The bankruptcy court correctly concluded that Debtors' reason fro failing to timely

3

> pay the filing fee – an error by counsel – is not a reason that is typically considered to be excusable neglect. *See, e.g., Yeschick,* 675 F.3d at 631 ("**[W]e have held that the gross carelessness of inadvertent conduct that results in judgment will not rise to a successful claim o excusable neglect if the facts demonstrate a lack of diligence.**" *JBlanco,* 2017 WL 5634299 at *2 (**no excusable neglect when circumstances surrounding failure to timely file notice of appeal "were not unique or extraordinary, but entirely avoidable**"); *B& D Partners v. Pastis,* 2006 WL 1307480, at *3 (6th Cir. May 9, 2006) ("Gross carelessness ... [is an] insufficient bas[i]s for 60(b)(1) relief."); *In re Bonfiglio,* 2018 WL 5295879, at *4 (B.A.P. 6th Cir. Oct. 24, 2018) ("**With respect to the conduct of counsel, case law consistently teaches that out-and-out lawyer blunders – the type of action or inaction that leads to successful malpractice suits by the injured client – do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1).**")
>
> The bankruptcy court determined that Debtors did not demonstrate excusable neglect for failing to timely pay the filing fee. Although Debtors' counsel mistakenly paid the fee in another case instead, a simple check of the docket would have revealed his error. Under the circumstances, the court cannot find that the bankruptcy court abused its discretion in denying Debtors' motion to reinstate the case. (Emphasis added.)

*See also Estate of Hojna v. City of Roseville,* Case No. 04-75081 (E.D. Mich. 2007) (failure to file response to a motion for summary judgment not due to excusable neglect) (copy attached as Exhibit 5); *Smith v. Akerlind,* Case No. 05-CV-73528 (E.D. Mich. 2006) (failure to file notice of appeal due to "physical limitation and sickness" does not constitute excusable neglect) (copy attached as Exhibit 6); *In re Lang,* Case No. 01-73897 (E.D. Mich. 2002) (failure to file a timely notice of appeal because counsel received the Order reducing his attorney fees late, due to counsel's failure to advise the Court of his change of address, not excusable neglect) (copy attached as Exhibit 7).

However one characterizes Ms. Heenan's failure to realize that the date she chose as the filing deadline for the fee petition and motion for sanctions, a date which was incorporated into the Court's Order, fell on Saturday, and not on Sunday, November, 1 – whether as an out-and-out blunder, or gross negligence, or inadvertent conduct – as a matter of law, it does not constitute excusable neglect and is not a satisfactory defense to Plaintiffs' motion to dismiss.

4

Likewise, Ms. Heenan's claim that because 28 U.S.C. §1927 does not specify a deadline for filing a motion for sanctions, her filing the motion on November 1, 2020, was therefore timely is frivolous. In her October 1, motion to extend the deadline for filing the fee petition, she included the motion for sanctions to be filed under 28 U.S.C. §1927 and requested that the same deadline, October 31, 2020, apply to both. She thereby waived any defense that 28 U.S.C. §1927 does not include a specified deadline. Plaintiffs' motion to dismiss both the fee petition and the motion for sanctions should accordingly be granted, with prejudice, and both filings should be stricken from the record.

> **B.** **Ms. Heenan Compounded Her Error By Not Filing A Motion To Extend The Deadline And Instead Filed Both The Fee Petition And The Motion For Sanctions Without Having First Obtained Permission From The Court, Thereby Violating The Court's Order.**

When Ms. Heenan realized her error on the morning of November 1, she should have filed a motion requesting an additional extension for filing the fee petition and motion for sanctions. She instead filed both without the Court's permission, in violation of the Court's Order setting the deadline as October 31. Her *ex post facto* defense that she and her co-counsel thought that Fed. R. Civ. P. 6 also applied to Orders which specified a given date as a deadline is, frankly, disingenuous. In her own motion, supported by her affidavit stating that, "under penalty of perjury ... the factual allegations contained [in her motion] are true of my own personal knowledge" Ms. Heenan states on p. 4, "As Mr. Davis can attest, I was extremely upset at the realization that I had not filed on the 31st." This assertion, under penalty of perjury, discredits their claim that the reason they did not file the fee petition and motion for sanctions by midnight on October 31 was because they believed the under the terms of Rule 6 they had until the next business day, November 2, 2020, to do so. If that were the case, she would not have been "extremely upset at the realization" that she had missed the October 31 deadline.

5

Ms. Heenan compounds her disingenuousness even further by attempting to shift the blame to Plaintiffs' counsel by stating on p. 2: "Protester Defendants asked Plaintiffs' counsel to agree to the relief requested herein, as set forth in the e-mails described by Plaintiffs' counsel and attached their motion … ." This assertion is absolutely false, since the relief she is requesting in her motion is that the Court rule "that the Fee Petition was not filed late because the weekend and holiday provision of F.R.Civ.P. 6 applied to said filing or, alternatively, that the delay in filing constituted excusable neglect." (Motion, p. 6) **That is not what they requested Plaintiffs' counsel to concur in**. In Mr. Shea's email dated November 2, 2020, he stated (Exhibit 2, attached to Plaintiffs' motion): "Marc, I have always been of the understanding that a deadline occurring on a weekend or holiday is met if the filing is by the end of the next day NOT a weekend or holiday. Are we wrong about that? If we are and the Court rejects our filing as untimely, then of course **we'll seek your concurrence in a motion to extend the time for filing**. ... I take it you believe our reading of the rule is wrong? If you are correct, **will you concur in our motion to file it one day late**?" They did not ask for concurrence in the relief they are seeking in their motion to deny Plaintiffs' motion to dismiss. They were seeking concurrence in a motion to extend the deadline, a motion they should have sought concurrence in and filed **before they filed their fee petition and motion for sanctions.** One can infer that the reason they did not first file a motion requesting an extension of the October 31 deadline was that they were hoping either that Plaintiffs' counsel would not notice they had missed the deadline, or would not make an issue out of it, and that the Court would likewise not notice that the filing was tardy or would accept their tardiness as excusable neglect. In either case, to attempt to shift the blame to Plaintiffs' counsel for purportedly not concurring *ex post facto* in a motion they did not file is nothing but pure gamesmanship.

In *Davis v. City of Detroit,* Case No. 15-10547 (E.D. Mich. 2017) (copy attached as Exhibit 8), the Court stated, *id.* at *1-2:

> Federal Rule of Civil Procedure 6(b) provides that a court may, for good cause, extend the time to comply with a deadline "if a request is made ... before the original time or its extension expires." ... In support of good cause, Defendant City of Detroit claims an inability to comply with the deadline "due to the holidays, personnel shortages, and the amount of material in the prospective responses." ... This does not amount to good cause, given the amount of time Defendant City of Detroit had to comply with the request, as well as the amount of time that it delayed before filing this motion. Defendant City of Detroit's conduct is vexatious under 28 U.S.C. §1927.

Here, the Protester Defendants' counsel have not even filed a motion requesting an extension of the October 31 deadline. Their flagrant violation of the rules should not be rewarded by ignoring the plain and unambiguous language of Rule6(a), by construing their blunder as "excusable neglect," or by granting them additional time when they failed to file a motion requesting additional time, but instead filed their fee petition in violation of the Court's Order.[1]

### CONCLUSION AND RELIEF

Based on the above arguments, and those contained in Plaintiffs' principal brief, the Court should dismiss the Protester Defendants' Fee Petition and Motion For Sanctions, with prejudice and strike it from the record.

---

[1] Counsels' assertion (p. 5) that their motion should be granted because their fee petition and motion for sanctions have merit is putting the cart before the horse. If the petition and motion were filed late, without a justifiable explanation of excusable neglect, they were late, and may not be considered regardless what merit defense counsel claim they may have had. In point of fact, however, they are without merit, because the protesters' counsel claim that both are predicated on their erroneous claim that the Court dismissed Plaintiffs' lawsuit on the merits by granting the Protester Defendants' motion to dismiss pursuant to Rule 12(b)(6), when in fact the Court explicitly stated in that it was dismissing the lawsuit for lack of standing, pursuant to Rule 12(b)(1), stating, "Plaintiffs do not sufficiently allege Article III standing. The Court lacks subject matter jurisdiction and must dismiss this case.". (ECF 66, *11)

7

                                                                              Respectfully submitted,

By:    /s  Ziporah Reich                    /s  Marc M. Susselman
           Co-counsel for Plaintiffs           Attorney for Plaintiffs

Dated: November 6, 2020

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 6, 2020, I electronically filed **PLAINTIFFS' REPLY TO PROTESTER DEFENDANTS RESPONSE TO MOTION TO DISMISS THE PROTESTER DEFENDANTS'FEE PETITION AND MOTION FOR SANCTIONS,** with the attached exhibits and this Certificate of Service, with the Clerk of the Court for the Eastern District of Michigan, using the ECF system, which will send notification of such filing to the following registered participants of the ECF system as listed on the Court's Notice of Electronic Filing:

**All counsel of record via the ECF system**

                Marc M. Susselman (P29481)
                Attorney at Law
                43834 Brandywyne Rd.
                Canton, Michigan 48187
                (734) 416-5186
                marcsusselman@gmail.com

            By:   s/ Marc M. Susselman_____

Dated: November 6, 2020          Attorney for Plaintiffs