UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Marvin Gerber and Dr. Miriam Brysk

      Plaintiff,

v.

Henry Herskovitz, Gloria Harb, Tom Saffold, Rudy List, Chris Mark, Deir Yassin Remembered, Inc., Jewish Witnesses for Peace and Friends, The City of Ann Arbor, Ann Arbor Mayor Christopher Taylor, in his official and individual capacities, Ann Arbor Community Services Administrator Derek Delacourt, in his official and individual capacities, Ann Arbor City Attorney Stephen Postema, in his official and individual capacities, and Senior Assistant City Attorney Kristen Larcom, in her official and individual capacities, jointly and severally.

      Defendants.

Case No. 2:19-cv-13726
Hon. Victoria Roberts

_____/

**PROTESTER DEFENDANTS' CORRECTED RESPONSE
TO MOTION TO DISMISS (ECF 74)**

NOW COME Protester Defendants, by and through their counsel, Cynthia Heenan, and respectfully request this Honorable Court deny Plaintiffs' Motion as to their claims pursuant to 42 U.S.C. §1988 for the reason that the Fee Petition was not filed late because the weekend and holiday provisions of F.R.Civ.P. 6 applied to said filing or alternatively that the delay in filing constituted excusable neglect. Protester Defendants further request that this Court deny the Motion as to their request for

1

sanctions pursuant to 28 U.S.C. §1927 for the reason that there is no deadline for filing such motion or for one or both of the reasons set forth above.

Protester Defendants asked Plaintiffs' counsel to agree to the relief requested herein, as set forth in the e-mails described by Plaintiffs' counsel and attached to their motion as Exhibit 2 [ECF No. 74-3, PageID.2091-2093].

Respectfully submitted,

By:   /s/Cynthia Heenan
Cynthia Heenan, P53664
***Attorney for Defendants Herskovitz, Harb, Saffold, List, Mark and Jewish Witness for Peace and Friends***
2930 E. Jefferson Ave.
Detroit, MI 48207
(313) 961-2255/Fax: (313) 922-5130
Heenan@ConLitPC.Com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Marvin Gerber and Dr. Miriam Brysk

                 Plaintiff,

v.

Henry Herskovitz, Gloria Harb, Tom Saffold, Rudy List, Chris Mark, Deir Yassin Remembered, Inc., Jewish Witnesses for Peace and Friends, The City of Ann Arbor, Ann Arbor Mayor Christopher Taylor, in his official and individual capacities, Ann Arbor Community Services Administrator Derek Delacourt, in his official and individual capacities, Ann Arbor City Attorney Stephen Postema, in his official and individual capacities, and Senior Assistant City Attorney Kristen Larcom, in her official and individual capacities, jointly and severally.

                 Defendants.

Case No. 2:19-cv-13726
Hon. Victoria Roberts

_____/

## PROTESTER DEFENDANTS' BRIEF IN SUPPORT OF RESPONSE TO MOTION TO DISMISS (ECF 74)

i

## **CONCISE STATEMENT OF THE ISSUES PRESENTED**

Whether the Defendant Protesters' Fee Petition and Motion for Sanctions [ECF No. 73, PageID.1991] was timely filed on November 1, 2020, as to the portion of the motion made pursuant to 42 U.S.C. 1988 (as 28 U.S.C. 1927 sanction motions are not subject to any time-to-file limitations). Alternatively, whether the Court will exercise its discretion and authority to allow the late filing of said Fee Petition.

## **CONTROLLING AUTHORITY FOR RELIEF SOUGHT**

F.R.Civ.P 6 and 54

28 U.S.C. §1927

# **TABLE OF CONTENTS**

**CONCISE STATEMENT OF THE ISSUES PRESENTED** ............................... ii

**CONTROLLING AUTHORITY FOR RELIEF SOUGHT** .............................. iii

**TABLE OF AUTHORITIES** ........................................................................v

**INDEX OF EXHIBITS** ............................................................................. vi

**STATEMENT OF FACTS** ..........................................................................1

**ARGUMENT** ...........................................................................................2

**CONCLUSION** ........................................................................................3

**CERTIFICATE OF SERVICE** ....................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Ellipsis Inc. v. Color Works, Inc.*, 2005 U.S. Dist. LEXIS 38641 ...........................3

*Nafziger v. McDermott Intern., Inc.* 467, F.3d 514 (6th Cir. 2006) ........................2

**Statutes**

28 U.S.C. §1927................................................................................................ 2, 3, 4

42 U.S.C. §1988...................................................................................................1, 3

**Rules**

F.R.Civ.P. 54...........................................................................................................3

F.R.Civ.P. 6 ................................................................................................... 1, 2, 3

## **INDEX OF EXHIBITS**

Exhibit 1 – Affidavit of Cynthia Heenan

Exhibit 2 – Exhibit 2 [ECF No. 74-3, PageID.2091-2093, Protester Defendants e-mail asking Plaintiffs' counsel for concurrence

## **STATEMENT OF FACTS**

Although John Shea and Scott Mackela drafted substantial parts of the Fee Petition and Motion for Sanctions [ECF No. 73, PageID.1991], undersigned counsel assumed responsibility for finalizing the arguments, formatting and filing the document.

October 31, 2020 was this past Saturday. As I was doing that work in the last few days before filing, and as I wrote to Mr. Susselman requesting concurrence, I honestly believed that my target date, the 31st was Sunday. It was not until shortly after midnight on Saturday, in other words early Sunday morning, that I noticed that the date on my watch had turned to November. As Mr. Davis can attest, I was extremely upset at the realization that I had not filed on the 31st. I could not file the document immediately because I had not finished the writing and I rely on our secretary (who had agreed to be available remotely on Sunday) to do the formatting, Table of Authorities, etc. As noted, it was filed Sunday evening.

This is quite embarrassing and I am not sure how it happened. To the best of my recollection, I have never just missed a filing date (though I have admittedly filed many a last-minute motion to extend) or a Court appearance in my 25 years of practice. At some point in the last week I got off by one day. On Saturday I wrote down my time under the heading "10/30." On that day I also charted having taken my blood pressure medication on 10/30. I can only attribute the slip to the fact that

1

since mid-March, Mr. Davis and I have been remaining at home day in and day out except for necessities and have been working remotely, with no regular schedule, a small case load and a part-time secretary, who generally works for us on Mondays. See Exhibit 1, undersigned counsel's affidavit affirming the veracity of these assertions.

## ARGUMENT

Nonetheless, the fact that undersigned counsel intended to file the motion on the 31st regardless of what day of the week it fell on, does not mean that F.R.Civ.P. 6 does not apply, as Plaintiffs suggest. As Plaintiffs have noted, there is no 6th Circuit case law on point. Protester Defendants posit that the filing was timely according to the letter and the spirit of that Rule. In the not-so-distant past, before electronic filing, it would not have even been possible to file documents on a Saturday, Sunday or holiday. If that is not the Court's understanding, the 6th Circuit case mentioned by Plaintiffs, *Nafziger v. McDermott Intern., Inc.* 467, F.3d 514 (6th Cir. 2006), indicates that this Court has the discretion to accept a filing 1-2 days late if the delay is deemed to be excusable neglect. This is pursuant to the Court's inherent authority to control and manage its cases.

Although Protester Defendants counsel are well-aware that prevailing Defendants are seldom awarded attorney fees, both the petition for fees and the motion for sanctions have merit under the totality of the circumstances of this case

2

and if granted would serve the interests of justice by deterring meritless lawsuits intended by their very filing to suppress constitutionally protected conduct and/or to wholly re-write the constitution to suit their objectives.

Although Plaintiffs have much to gain by getting these Defendants' Motion for fees and sanctions dismissed, they are not actually prejudiced in their ability to respond or defend themselves by a less than 24-hour delinquency in filing. Protester Defendants will stipulate to any reasonable extension Plaintiffs may request to respond.

Plaintiffs' motion must be denied as to the Motion for Sanctions pursuant to 28 U.S.C. §1927 as there is no deadline for such motions (and such relief can also be granted *sua sponte* by a court). Such motions are expressly excluded from Rule 54, which sets the timeline for filing a claim for attorney fees generally. (F.R.Civ.P. 54(d)(2)(E).) The statute itself makes no reference to the time to file and undersigned counsel has not located any 6th Circuit cases setting such a deadline. (See, *Ellipsis Inc. v. Color Works, Inc.*, 2005 U.S. Dist. LEXIS 38641) discussing whether a Rule 11 motion was timely, but did not raise or discuss timeliness as to the 28 U.S.C. §1927 motion.

## **CONCLUSION**

WHEREFORE, Protester Defendants respectfully request this Honorable Court deny Plaintiffs' Motion as to their claims pursuant to 42 U.S.C. §1988 for the

reason that the Fee Petition was not filed late because the weekend and holiday provisions of F.R.Civ.P. 6 applied to said filing or, alternatively, that the delay in filing constituted excusable neglect. Protester Defendants further request that this Court deny the Motion as to their request for sanctions pursuant to 28 U.S.C. §1927 for the reason that there is no deadline for filing such a motion or for one or both of the reasons set forth above.

                                  Respectfully submitted,

By:   /s/Cynthia Heenan
      Cynthia Heenan, P53664
      ***Attorney for Defendants Herskovitz, Harb, Saffold, List, Mark and Jewish Witness for Peace and Friends***
      220 Bagley St., Ste. 740
      Detroit, MI 48226
      (313) 961-2255/Fax: (313) 922-5130
      Heenan@ConLitPC.Com

## CERTIFICATE OF SERVICE

I hereby certify that on 11/30/20, I electronically filed **Protester Defendants' CORRECTED Response to Motion to Dismiss (ECF 74)**, along with this **Certificate of Service** with the Clerk of the Court for the Eastern District of Michigan, using ECF system, which will send notification of such filing to the registered participants of the ECF system as listed on the Court's Notice of Electronic Filing.

- **Hugh M. Davis , Jr**
  Info@ConLitPC.com,Heenan@ConLitPC.Com,Davis@Conlitpc.com
- **Cynthia Heenan**
  Info@ConLitPC.com,Heenan@ConLitPC.Com
- **Daniel S. Korobkin**
  dkorobkin@aclumich.org,daniel.korobkin@gmail.com,lgore@aclumich.org

4

- **Stephen K. Postema**
  spostema@a2gov.org,sbrink@a2gov.org,cfrost@a2gov.org,dbagozzi@a2gov.org,sharris@a2gov.org,jallen@a2gov.org
- **Ziporah Reich**
  ziporah@thelawfareproject.org
- **John A. Shea**
  jashea@earthlink.net
- **Marc M. Susselman**
  marcsusselman@gmail.com
- **Timothy S. Wilhelm**
  twilhelm@a2gov.org,JAllen@a2gov.org,SBrink@a2gov.org

         s/Jillian R. Rosati
         Jillian R. Rosati
         Constitutional Litigation Associates, P.C.
         Info@ConLitPC.Com