UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERVIN GERBER, et al.,

    Plaintiffs,

v.                                           Case No. 19-13726

                                            HON. VICTORIA A. ROBERTS

HENRY HERSKOVITZ, et al.,

    Defendants.

_____/

**ORDER DENYING PLAINTIFFS' MOTION TO DISMISS THE PROTESTOR DEFENDANTS' FEE PETITION AND MOTION FOR SANCTIONS [ECF No. 74]**

**I.    INTRODUCTION**

Before the Court is Plaintiffs' motion to dismiss the Protestor Defendants' Fee Petition Pursuant to 42 U.S.C. § 1988 and Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (the "Petition"). Earlier, the Court granted Defendants' Motion to Dismiss in this First Amendment case.

Under a stipulated order, the parties agreed that the Protestor Defendants would submit their petition by October 31, 2020. Instead, they filed it on November 1, 2020. This one-day late submission prompted Plaintiffs to file the motion now before the Court.

1

The Court denies Plaintiffs' Motion to Dismiss the Protestor Defendants' Fee Petition and Motion for Sanctions.

## II. ANALYSIS

### A. Federal Rule of Civil Procedure 6(a) Does Not Apply to the Protestor Defendants' Petition

The Protestor Defendants argue their Petition was not filed late because the weekend and holiday provision of Fed. R. Civ. P. 6(a) allows filing on the next business day when the deadline is a Saturday, Sunday, or legal holiday. Plaintiffs disagree.

Rule 6(a) provides:

Rule 6. Computing and Extending Time; Time for Motion Papers

(a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period; count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(B) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

While the rule itself does not address computing time when there is a fixed deadline, the Advisory Committee's note to Rule 6 explains that the time computation provisions of subdivision (a) are not applicable "when a fixed time to act is set." Fed. R. Civ. P. 6(a), Advisory Committee Notes (2009 Amendments).

Because the parties fixed the date of October 31, 2020, the Court finds that Rule 6(a) does not apply to the Protestor Defendants.

### B. The Protestor Defendants' Late Filing Constitutes Excusable Neglect

Alternatively, the Protestor Defendants' argue that the late filing constituted excusable neglect. Their counsel admits that she mistakenly thought the October 31, 2020 deadline fell on a Sunday, instead of the actual deadline — Saturday.

The Court has broad discretion to manage its calendar and affairs. Under Rule 6(b)(2), the Court may accept a late filing if a party's delay was the result of "excusable neglect." To determine whether excusable neglect exists, the Court must balance five factors: (1) the risk of prejudice to Plaintiffs; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the Protestor Defendants' failure to file the answer by the deadline; (4) whether the Protestor Defendants had

3

reasonable control over the delay; and (5) whether the Protestor Defendants acted in good faith. *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'tship*, 507 U.S. 380, 395 (1993). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) … is not limited strictly to omissions caused by the circumstances beyond the control of the movant." *Pioneer Inv. Serv. Co.*, 507 U.S. at 392.

Despite the Protestor Defendants' delay, the Court accepts the untimely Petition as excusable neglect because the *Nafziger* factors weigh in their favor. This Petition was filed one day late — on a Sunday — and had absolutely no effect on judicial proceedings. Also, Plaintiffs are not prejudiced. Accepting the Protestor Defendants' late Petition will not prejudice the Plaintiffs because it will "do no harm to [the Plaintiffs] except require [them] to prove their case." *Lacey v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

In considering excusable neglect, the Supreme Court stated that "inadvertence, ignorance of the rules, or mistakes construing the ruled do not constitute 'excusable' neglect." *Pioneer Inv. Serv. Co.*, 507 U.S. at 392. But,

4

the Supreme Court further noted that the concept of "excusable neglect" is an elastic one, indicating that the trial court should use the term as applied to the specific facts of each case and should reach an equitable result. *Id.* The most equitable result is for this Court to allow the Protestor Defendants' Petition.

Finally, although the delay was within the reasonable control of the Protestor Defendants' counsel, there is nothing to suggest that they acted in bad faith.

### C. CONCLUSION

The Court finds the Protestor Defendants' neglect to be excusable under the specific circumstances of the case, as well as the five-factor test under *Nafziger*, 467 F.3d at 522.

The Court **DENIES** Plaintiffs' Motion to Dismiss.

**ORDERED.**

Date: December 3, 2020                    s/ Victoria A. Roberts
                                          Victoria A. Roberts
                                          United States District Court Judge