UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN GERBER, et al.,

      Plaintiffs,

v.

                                        Case No. 19-13726
                                        Honorable Victoria A. Roberts

HENRY HERSKOVITZ, et al.,

      Defendants.

_____/

**ORDER: (1) GRANTING IN PART AND DENYING
IN PART PROTESTOR DEFENDANTS' MOTION FOR
ATTORNEY FEES AND SANCTIONS [ECF Nos. 84, 85];
(2) DEEMING MOOT PLAINTIFF MIRIAM BRYSK'S MOTION TO
DISMISS PROTESTOR DEFENDANTS' MOTION FOR ATTORNEY
FEES AND SANCTIONS [ECF No. 86]; (3) GRANTING BRYSK'S
MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR
ATTORNEY FEES AND SANCTIONS [ECF No. 88]; AND (4) DENYING
BRYSK'S MOTION FOR LEAVE TO FILE A SUR-REPLY CONCERNING
MOTION FOR ATTORNEY FEES AND SANCTIONS [ECF No. 98]**

## I.     INTRODUCTION AND BACKGROUND

In January 2020, Plaintiffs Marvin Gerber and Miriam Brysk

("Plaintiffs") filed a 95 page, 23-count amended complaint against a group

of protestors ("Protestor Defendants"), the City of Ann Arbor, and several of

its employees ("City Defendants"). They alleged that the Protestor

Defendants infringed their federal and state rights by regularly protesting on

the sidewalk in front of the Jewish synagogue Plaintiffs attend and that the

City Defendants contributed to the infringement by failing to enforce Ann Arbor City Code.

Plaintiffs alleged these federal claims against the Protestor Defendants: (1) violation of 42 U.S.C. § 1981; (2) violation of 42 U.S.C. § 1982; (3) civil conspiracy between the Protestor Defendants and the City Defendants in violation of 42 U.S.C. § 1982; (4) violation of 42 U.S.C. § 1983; (5) civil conspiracy between the Protestor Defendants and the City Defendants in violation of 42 U.S.C. § 1983; (6) violation of 42 U.S.C. § 1985(3); and (7) civil conspiracy between the Protestor Defendants and the City Defendants in violation of 42 U.S.C. § 1985(3). The Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims.

In August 2020, the Court entered an order granting Defendants' motions to dismiss.  It found that Plaintiffs lacked Article III standing.

Plaintiffs appealed.

A three-judge panel of the Sixth Circuit affirmed this Court's dismissal in an opinion dated September 15, 2021.  However, it did so on other grounds.  A two-judge majority held that Plaintiffs had standing to assert their claims but that dismissal was appropriate because Plaintiffs failed to state a claim on which relief can be granted. *Gerber v. Herskovitz*, 14 F.4th 500, 504, 512 (6th Cir. 2021).

The third judge – Judge Eric L. Clay – issued a concurring opinion in which he "concur[red] with the majority's decision to affirm" but indicated that he "would do so on the basis of Plaintiffs' lack of standing rather than as a result of the complaint's failure to state a claim." *Gerber*, 14 F.4th at 512, 523 (Clay, J., concurring). After acknowledging that dismissal for lack of subject-matter jurisdiction/standing based on the inadequacy of the federal claim is proper only when the claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise devoid of merit as not to involve a federal controversy,'" Judge Clay found that "Plaintiffs' claims are 'so frivolous as to be a contrived effort to create' federal jurisdiction." *Id.* at 522 (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998), and *Benalcazar v. Genoa Twp., Ohio*, 1 F.4th 421, 424 (6th Cir. 2021)).

Plaintiffs moved for rehearing *en banc*. The Sixth Circuit denied their request. No judge requested a vote on the motion for rehearing.

The Sixth Circuit issued the Mandate on November 12, 2021.

Before the Court are: (1) Protestor Defendants' motion for attorney fees and sanctions [ECF Nos. 84/85]; (2) Brysk's motion to dismiss the Protestor Defendants' motion for attorney fees and sanctions [ECF No. 86]; (3) Brysk's motion for extension of time to respond to Protestor Defendants'

motion for attorney fees and sanctions [ECF No. 88]; and (4) Brysk's

motion for leave to file a sur-reply concerning Protestor Defendants' motion

for attorney fees and sanctions [ECF No. 98].

The motions are fully briefed.  No hearing is necessary.

As set forth below, the Court **GRANTS IN PART** and **DENIES IN**

**PART** the Protestor Defendants' motion for attorney fees and sanctions.

Brysk's motion to dismiss is **MOOT**.

The Court **GRANTS** Brysk's motion for extension.

The Court **DENIES** Brysk's motion for leave to file a sur-reply.

## II.    PROTESTOR DEFENDANTS' MOTION FOR ATTORNEY FEES AND SANCTIONS

Protestor Defendants move for costs and attorney fees under 42

U.S.C. § 1988 and ask the Court to sanction Plaintiffs' counsel under 28

U.S.C. § 1927 or pursuant to its inherent powers.

### A.    Attorney Fees and Costs

#### i.    Legal Standard

Under 42 U.S.C. § 1988(b), the Court has discretion to award the

prevailing party, other than the United States, reasonable attorney fees in

any action or proceeding to enforce 42 U.S.C. §§ 1981, 1981a, 1982, 1983,

1985, or 1986.  *Shelton v. City of Taylor*, 92 Fed. Appx. 178, 185 (6th Cir.

2004) ("A district court's decision regarding attorney's fees under § 1988 is entitled to substantial deference. . . . [b]ecause an award of attorney's fees is predicated on factual matters.").

While courts routinely grant fee applications to prevailing plaintiffs, they "are reluctant to award fees to defendants for fear of chilling willingness to bring legitimate civil rights claims." *Id.*  A prevailing defendant is entitled to attorney fees only if the Court finds that the plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *Hescott v. City of Saginaw*, 757 F.3d 518, 529 (6th Cir. 2014).  In making this determination, the Court must not "engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id*. at 421-22.

If a suit contains both frivolous and non-frivolous claims, the defendant may recover fees attributable to frivolous charges, but is not entitled to fees related to non-frivolous claims. *Fox v. Vice*, 563 U.S. 826, 834-35 (2011) ("[A] court may reimburse a defendant for costs under § 1988 even if a plaintiff's suit is not wholly frivolous. Fee-shifting to

recompense a defendant . . . is not all-or-nothing: A defendant need not show that every claim in a complaint is frivolous to qualify for fees.").

### ii.    Protestor Defendants Are Entitled to Reasonable Attorney Fees Under 42 U.S.C. § 1988

Protestor Defendants say Plaintiffs' claims were "frivolous, unreasonable, groundless, without merit or foundation, and not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." [ECF No. 84, PageID.2317].  They say this was true from the onset and well known to Plaintiffs' counsel, and that Plaintiffs filed the suit for the improper and bad faith purpose of intimidating them into giving up their weekly protests. Thus, Protestor Defendants say they are entitled to recover their attorney fees and costs under § 1988(b) as prevailing defendants.

Plaintiffs say their claims had merit and were not frivolous, unreasonable, or groundless.  To support this argument, they rely on the following statement by the majority opinion: "Plaintiffs' claims may be wrong and ultimately unsuccessful, but the fourteen pages that the concurrence devotes to analyzing the constitutional issues belie the conclusion that they are frivolous."  *Gerber*, 14 F.4th at 508.  Plaintiffs say this statement by the majority precludes the Protestor Defendants from recovering attorney fees or costs under § 1988(b).

6

The Court disagrees.  In large part, the 14 pages the concurrence spent discussing the constitutional issues concerned whether Plaintiffs established standing – not simply whether Plaintiffs stated plausible claims.

Aside from standing, it was clear that Plaintiffs' claims against Protestor Defendants were groundless.  Plaintiffs sought to restrict the Protestor Defendants from protesting on a public sidewalk regarding matters of public concern.  However, a public sidewalk is a quintessential public forum, and case law is clear that speech at a public forum on a matter of public concern is entitled to "special protection" under the First Amendment – even if it is offensive or upsetting. *See Gerber*, 14 F.4th at 508-09.

Although the Protestor Defendants' "actions c[a]me squarely within First Amendment protections of public discourse in public fora," *id.* at 509, Plaintiffs baselessly claimed that the First Amendment did not protect their speech.  However, the majority held that Plaintiffs' arguments that the First Amendment did not apply to the Protestor Defendants' speech lacked merit, stating that "each of [Plaintiffs' arguments] is old hat under the First Amendment" and "fall readily."  *Id.*

The concurrence agreed that Plaintiffs' claims that the Protestor Defendants' conduct is not protected by the First Amendment fail.  *Gerber*,

14 F.4th at 519.  It further contended that it was "clear that [Plaintiffs were] bringing this suit to 'silence a speaker with whom [they] disagree,'" which is not allowed under the First Amendment.  *Id.* at 522.

Contrary to Plaintiffs' argument, the majority opinion actually demonstrates that Plaintiffs' claims are meritless and without factual support.  Indeed, the majority needed only five paragraphs – or just under two pages – to explain why Plaintiffs' seven federal claims against the Protestor Defendants fail to state a claim.  *See Gerber*, 14 F.4th at 510-12.

As the majority explained, Plaintiffs' § 1981 claim is frivolous and lacks foundation because Plaintiffs "failed to allege that they lost out on the benefit of any 'law or proceeding.'"  *See id.* at 510.

Plaintiffs' § 1982 claim is also frivolous and lacking evidentiary support.  Unambiguous case law provides that to violate § 1982, the challenged action must impair a property interest by – for example – decreasing the value of the property or making it significantly more difficult to access.  *See Gerber*, 14 F.4th at 510-11 (citing *City of Memphis v. Greene*, 451 U.S. 100, 122-24 (1981)).  Plaintiffs failed to allege that the protests were even audible from inside the building or that the Protestor Defendants ever: (1) blocked them from using their synagogue; (2) trespassed on synagogue property; or (3) disrupted their services.  *See*

8

*Gerber*, 14 F.4th at 510-11 ("[M]arginally making access to a facility a little harder—the most that could be said here—does not suffice.").

Plaintiffs' § 1983 claim is frivolous, unreasonable, and without foundation as well. The Protestor Defendants clearly were not state actors and there is no plausible argument that they did act under color of law. *See id.* at 511; *Hashem-Younes v. Danou Enterprises, Inc.*, No. 06-CV-15469, 2008 WL 786759, at *3 (E.D. Mich. Mar. 20, 2008) ("Plaintiff's § 1983 [claim] was frivolous, unreasonable, and without foundation. From the outset, Plaintiff and her attorney knew or should have know[n] that the § 1983 claim was without merit because Defendants were not acting under the 'color of law.'"). Plaintiffs' 42 U.S.C. § 1985(3) claim is similarly groundless for lack of state action. *See id.*

Finally, Plaintiffs' civil conspiracy claims under §§ 1982, 1983, and 1985(3) are frivolous. To succeed on these claims, a plaintiff "must show that (1) a single plan existed, (2) the defendant shared in the general conspiratorial objective to deprive the plaintiff of his constitutional (or federal statutory) rights, and (3) an overt act was committed in furtherance of the conspiracy that caused injury to the plaintiff." *Gerber*, 14 F.4th at 511 (citation and internal brackets omitted). However, there is no evidence

9

supporting these elements; Plaintiffs "failed to plead facts showing a single plan or a conspiratorial objective to deprive them of their rights." *Id*.

Plaintiffs are correct that "[a]llegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation.'" *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980). However, concluding that Plaintiffs' claims were meritless and failed under Rule 12(b)(6) required little examination.

The Court is aware that awarding attorney fees to defendants under § 1988 may have a chilling effect on the willingness to bring legitimate civil rights claims, and it acknowledges that "awarding attorney fees against a nonprevailing plaintiff in a civil rights action is 'an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Garner v. Cuyahoga Cty. Juv. Ct.*, 554 F.3d 624, 635 (6th Cir. 2009) (citation omitted).  However, this is that rare case where such an award is appropriate and warranted.  Plaintiffs failed to allege a basic element for each of their claims; their claims were groundless from the outset. As Judge Clay observed, it is "clear that [Plaintiffs brought] this suit to 'silence a speaker with whom [they] disagree,'" which the First Amendment does not permit.  *Gerber*, 14 F.4th at 522.

10

Under the circumstances, Protestor Defendants are entitled to attorney fees and costs.

### iii.  Protestor Defendants Are Entitled to Attorney Fees for Time Spent on Standing Arguments

Plaintiffs say that because the Court of Appeals held they had standing, the Protestor Defendants are not a prevailing party on the issue of standing and may not be awarded attorney fees for time spent on standing arguments.

In support of this argument, Plaintiffs rely on *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983), which held that a plaintiff who succeeded on certain claims but not on other unrelated claims cannot recover fees for services spent on the unsuccessful unrelated claims.

Plaintiffs mischaracterize the law.  Protestor Defendants' argument that Plaintiffs lacked standing was not a "claim"; it was a contention.  As the Supreme Court explained:

> [A] fee award should not be reduced simply because [a party] failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley*, 461 U.S. at 435 (internal citation omitted).

11

Protestor Defendants achieved complete success – i.e., dismissal of all of Plaintiffs' claims.  The fact that not all of their contentions succeeded does not mean they achieved only limited success.  Protestor Defendants are entitled to compensation "for the time [their] attorney[s] reasonably spent in achieving the favorable outcome, even if 'the[y] . . . failed to prevail on every contention.'"  *See id. See also Fox*, 563 U.S. at 834.

Protestor Defendants are entitled to recover attorney fees for time spent on standing.

### iv.    The Amount of Costs and Fees

After finding that fees are appropriate, the Court must determine what amount of attorney fees are reasonable under the "lodestar" approach. *See Bldg. Serv. Loc. 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995).  "In applying the lodestar approach, '[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Id.* (alterations in original; citation omitted).  When "'the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is *presumed* to be the reasonable fee to which counsel is entitled.'"  *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) (citation

omitted). In addition to fees incurred in district court, this Court may award a prevailing party reasonable attorney fees incurred on appeal. *Lamar Advert. Co. v. Charter Twp. of Van Buren*, 178 Fed. Appx. 498, 502 (6th Cir. 2006).

Protestor Defendants submit their attorneys reasonably expended 446.30 hours for a total of $176,357.50 in attorney fees, as set forth in the following charts:

**Time Accrued through District Court Decision**

| Attorney | No. of Hours | Hourly Rate | Total Fee |
|---|---|---|---|
| Shea | 95.50 | $425.00 | $40,587.50 |
| Heenan | 120.90 | $400.00 | $48,360.00 |
| Mackela | 85.20 | $350.00 | $29,820.00 |
| Davis | 13.40 | $500.00 | $6,700.00 |
| TOTALS | 315 | | $125,467.50 |

**Time Accrued after District Court Decision**

| Attorney | No. of Hours | Hourly Rate | Total Fee |
|---|---|---|---|
| Shea | 44.50 | $425.00 | 18,700 |
| Heenan | 36.20 | $400.00 | 14,480 |
| Mackela | 50.60 | $350.00 | 17,710 |
| Davis | | | |
| TOTALS | 131.30 | | $50,890 |

13

[ECF No. 84, PageID.2333].  However, at the end of their motion, Protestor

Defendants say their counsel offers to reduce their request "by 10% to

avoid the necessity of haggling over assertions that any of their time was

not reasonable, duplicative, not adequately described or whatever nit-

picking objections might be raised."  [ECF No. 84, PageID.2349].  With this

reduction, Protestor Defendants request $158,721.75 in attorney fees.

In support of their fee application, Protestor Defendants submit

copies of billing invoices/timesheets for this action and affidavits from two

of their attorneys.  Each entry on the invoice is accompanied by a date, a

description of the activity involved, the name of the attorney who completed

the activity, the amount of time expended on such activity, and the total

amount owed for that activity.  Protestor Defendants also included the

biography for each of their attorneys as well as affidavits from six

unaffiliated attorneys to support the reasonableness of the hours expended

and reasonableness of the hourly rate each attorney requests based on

their experience and skill.

The Court finds that Protestor Defendants meet their burden to show

that the billing rates and number of hours expended are reasonable.  *See*

*Grandview Raceway*, 46 F.3d at 1402 ("[A]ll that is necessary [to carry the

burden to show that the claimed rate and number of hours are reasonable]

14

is 'evidence supporting the hours worked and rates claimed.'" (citation

omitted)).  Thus, the amount requested is "presumed to be the reasonable

fee to which [Protestor Defendants are] entitled."  *See Delaware Valley*,

478 U.S. at 564.

Plaintiffs do not challenge the reasonableness of either the hourly

rates sought or hours spent by defense counsel.  Accordingly, the Court

finds that Protestor Defendants are entitled to $158,721.75 in reasonable

attorney fees.

Protestor Defendants also seek to recover $63.80 in expenses; they

indicate these expenses represent mileage incurred for a meeting.

However, Protestor Defendants do not provide any support showing they

are entitled to recover this type of expense.  The Court denies Protestor

Defendants' request to recover $63.80 in expenses.

### v.    Joint and Several Liability

Protestor Defendants say the Court should hold Plaintiffs and their

attorneys – Marc Susselman and Ziporah Reich – jointly and severally

liable for payment of attorney fees to ensure recovery of the awarded fees.

 Brysk states that although Reich joined the lawsuit as Plaintiffs' co-

counsel on behalf of The Lawfare Project – a civil rights organization

dedicated to defending the civil rights of Jewish people – "[a]t no time did

Reich have any decision-making authority regarding the content or filings of any part of the lawsuit." [ECF No. 99, PageID.2712].  Other than this, Plaintiffs do not address the issue of joint and several liability.

Because Reich did not have decision-making authority and did not file anything other than her notice of appearance, she is not liable for the attorney fees.  However, the Court holds Plaintiffs and Susselman jointly and severally liable.

Plaintiffs' claims were jointly asserted, and they are equally responsible for Protestor Defendants' attorney fees.  Moreover – although Plaintiffs do not make this argument – even if Susselman was to blame for pursuing meritless claims, Plaintiffs cannot evade liability; "where a party has 'voluntarily chosen an attorney as his representative in the action ... he cannot ... avoid the consequences of the acts or omissions of this freely selected agent.'"  *Garner*, 554 F.3d at 644 (citation and internal brackets omitted).

As to Susselman, even if Plaintiffs urged him to file the claims, he intentionally chose to pursue the meritless claims against Protestor Defendants despite an ethical obligation not to do so.  He caused the Protestor Defendants to incur attorney fees to defend a frivolous case.

The Court holds that Plaintiffs and Susselman are jointly and severally liable to pay the attorney fees to Protestor Defendants.

## B.    Sanctions

Protestor Defendants say the Court should also sanction Plaintiffs' counsel under 28 U.S.C. § 1927 and pursuant to its inherent powers.

Section 1927 provides that attorneys "who so multipl[y] the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; *Garner*, 554 F.3d at 644.  The purpose of § 1927 is "to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy."  *Id.* (citation omitted).

The Court also has the inherent power to sanction bad faith conduct in litigation.  *See Dell, Inc. v. Elles*, No. 07-2082, 2008 WL 4613978, at *2 (6th Cir. June 10, 2008).  To award attorneys' fees under this power, the Court must find that: "[1] the claims advanced were meritless, [2] counsel knew or should have known this, and [3] the motive for filing the suit was for an improper purpose such as harassment."  *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997).

17

As set forth above, Susselman intentionally chose to pursue the meritless claims against the Protestor Defendants for the improper purpose of silencing speech with which Plaintiffs did not agree.  Sanctions under § 1927 and/or the Court's inherent authority are appropriate. *See id.*; *Garner*, 554 F.3d at 645 ("the district court found that Attorney Frost 'intentionally pursued meritless claims,' a finding that . . . satisf[ies] either standard" under § 1927).

Had the Court not already found Susselman jointly and severally liable for the attorney fees, it would be inclined to sanction him.  Having done that, additional sanctions against Susselman are not warranted.

## III.   BRYSK'S MOTIONS

Also before the Court are Brysk's: (1) motion to dismiss the Protestor Defendants' motion for attorney fees and sanctions [ECF No. 86]; (2) motion for extension of time to respond to Protestor Defendants' motion for attorney fees and sanctions [ECF No. 88]; and (3) motion for leave to file a sur-reply concerning Protestor Defendants' motion for attorney fees and sanctions [ECF No. 98].

Brysk says the Court should dismiss Protestor Defendants' motion for attorney fees and sanctions because the Sixth Circuit had not issued a

mandate at the time they filed their motion, such that this Court lacked jurisdiction over their motion.

Protestor Defendants filed their motion on October 13, 2021.  Brysk filed her motion to dismiss on October 29, 2021.  The Sixth Circuit issued a mandate on November 12, 2021.  Because the Sixth Circuit has since issued its mandate, Brysk's motion to dismiss is MOOT.

Brysk failed to timely respond to Protestor Defendants' motion, so she moved for an extension of time to file her response.  The Court retroactively GRANTS her motion for extension.

Brysk also moves to file a sur-reply concerning Protestor Defendants' motion for attorney fees and sanctions.  The Court reviewed this motion and Brysk's proposed sur-reply.  Neither adds anything relevant to the issues before the Court.  The Court DENIES Brysk's motion for leave to file a sur-reply.

## IV.    CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** the Protestor Defendants' motion for attorney fees and sanctions [ECF Nos. 84, 85]. Plaintiffs Marvin Gerber and Miriam Brysk and attorney Marc Susselman are jointly and severally liable to Protestor Defendants in the amount of $158,721.75 in attorney fees.

Brysk's motion to dismiss Protestor Defendants' motion for attorney fees and sanctions [ECF No. 86] is **MOOT**.

The Court retroactively **GRANTS** Brysk's motion for extension to respond to motion for attorney fees and sanctions [ECF No. 88].

The Court **DENIES** Brysk's motion for leave to file a sur-reply concerning motion for attorney fees and sanctions [ECF No. 98].

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 25, 2022