UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARVIN GERBER and Dr. MIRIAM
BRYSK,

    Plaintiffs,

v.

HENRY HERSHKOVITZ, *et al*.,

    Defendants, Jointly and Severally.

Case No. 2:19-cv-13726
Hon. Victoria A. Roberts

_____/

| | |
|---|---|
| Marc M. Susselman<br>43834 Brandywyne Rd.<br>Canton, MI 48187<br>(734) 416-5186<br>marcsusselman@gmail.com<br><br>PAESANO AKKASHIAN<br>APKARIAN, PC<br>Anthony R. Paesano (P60173)<br>Brian M. Akkashian (P55544)<br>7457 Franklin Road, Suite 200<br>Bloomfield Hills, MI 48301<br>(248) 792-6886<br>apaesano@paalawfirm.com<br>bakkashian@paalawfirm.com<br>*Attorneys for Marvin Gerber* | CONSTITUIONAL LITIGATIONS<br>ASSOCIATES, PC<br>Cynthia Heenan (P53664)<br>Hugh M. Davis (P12555)<br>220 Bagley Street, Suite 740<br>Detroit, MI 48226<br>(313) 961-2255<br>heenan@colitPC.com<br>davis@conlitPC.com<br>*Attorneys for Defendants Henry*<br>*Hershkovitz, Gloria Harb, Tom Saffold,*<br>*Rudy List and Chris Mark*<br><br>John A. Shea (P37634)<br>120 N. Fourth Avenue<br>Ann Arbor, MI 48104<br>(734) 995-4646<br>jshea@earthlink.net<br>*Attorneys for Defendants Henry*<br>*Hershkovitz, Gloria Harb, Tom Saffold,*<br>*Rudy List and Chris Mark* |

OFFICE OF THE CITY ATTORNEY
Timothy S. Wilhelm (P67675)
301 E. Huron Street
P.O. Box 8647
Ann Arbor, MI 48107
(734) 794-6170
twilhelm@a2gov.org
*Attorneys for the City of Ann Arbor,
Christopher Taylor, Derek Dealcourt,
Stephen Postema, and Kristen Larcom*

_____/

# PLAINTIFF MARVIN GERBER'S MOTION FOR STAY WITH WAIVER OF BOND PENDING APPEAL

NOW COMES Plaintiff, Marvin Gerber, by and through his attorneys, and hereby moves this Court for a stay with waiver of bond of the Judgment on Attorney Fees entered on January 25, 2022 (ECF No. 104) requiring Plaintiff Marvin Gerber, Plaintiff Dr. Miriam Brysk, and Marc Susselman to pay attorney fees in the amount of $159,721.75 to the Protester Defendants Henry Herskovitz, Gloria Harb, Tom Saffold, Rudy List, and Chris Mack to be paid jointly and severally by Plaintiffs and attorney Marc Susselman, as more fully set forth in the accompanying Brief.

Prior to filing this Motion, on February 24, 2022, undersigned counsel requested concurrence from counsel for Defendants Herskovitz, Harb, Saffold, List, and Mark, which was denied.

WHEREFORE, Plaintiff Gerber respectfully requests this Honorable Court issue a stay of the Order and Judgment (ECF Nos. 103 and 104) pending the Sixth Circuit Appeal, including a waiver of bond requirements.

Respectfully Submitted:

PAESANO AKKASHIAN APKARIAN, P.C.

By: */s/ Alec M. Torigian*
  Brian M. Akkashian (P55544)
  Alec M. Torigian (P81909)
7457 Franklin Road, Suite 200
Bloomfield Hills, MI 48301
248-792-6886
atorigian@paalawfirm.com
Attorneys for Marvin Gerber

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARVIN GERBER and Dr. MIRIAM
BRYSK,

    Plaintiffs,

v.

HENRY HERSHKOVITZ, *et al*.,

    Defendants, Jointly and Severally.

Case No. 2:19-cv-13726
Hon. Victoria A. Roberts

_____/

**BRIEF IN SUPPORT OF PLAINTIFF MARVIN GERBER'S MOTION FOR STAY WITH WAIVER OF BOND PENDING APPEAL**

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED ..................................................... ii

CONTROLLING AUTHORITIES ................................................................ iii

I.   INTRODUCTION ................................................................................ 1

II.  LEGAL ARGUMENT .......................................................................... 3

    A. There is a high likelihood that Plaintiff Gerber will prevail
       on the merits of his appeal, which outweighs the remaining
       factors ............................................................................................. 5

    B. Plaintiff Gerber will be irreparably harmed absent a stay including a
       waiver of bond ............................................................................... 7

    C. There is no concern for harm to the Protestor Defendants if this
       Court grants the stay and waives the bond requirement ............... 8

    D. There is a significant public interest in granting a stay without
       bond as there is a chilling effect by issuing an award of attorney
       fees in a civil rights matter ............................................................ 9

III. CONCLUSION .................................................................................... 10

## **ISSUES PRESENTED**

I. Whether this Court should grant a stay on the execution on the Judgment on Attorney Fees entered on January 25, 2022 (ECF No. 104) and proceedings to enforce it pending the appeal, including a waiver of any bond requirement.

**Plaintiff Marvin Gerber states: Yes.**

**Defendants Herskovitz, Harb, Saffold, List, and Mark state: No.**

# CONTROLLING AUTHORITIES

**Cases**

*Christianburg Garmet Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 98 S. Ct. 694 (1978) ................................................................................5

*Blue v. United Staes Dep't of Army*, 914 F.2d 525, 535 (4th Cir. 1990) ...................8

*Cookesy v. Rechtigal*, 456 F. Supp. 2d 890, 893 (E.D. Mich 2006).........................8

*Cuomo v. United States Nuclear Regul. Comm'n,* 772 F.2d 972 (D.C. Cir 1985) 4,6

*Federal Prescripton Service, Inc. v. American Pharmaceutical Ass'n,* 636 F.2d 755 (D.C. Cir. 1980)................................................................................................3

*Gerber v. Herskovitz*, 14 F.4th 500 (6th Cir. 2021) ..............................................5, 6

*Grutter v. Bollinger,* 247 F.3d 631 (6th Cir. 2001) ....................................................4

*Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010).....................................................6

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150 (6th Cir. 1991) ................................................................................4,5,6

*Miller v. Maddox*, 866 F.3d 386, 388 (6th Cir. 2017) ...............................................6

*Ohio ex rel. Celebrezze*, 812 F.2d 288 (6th Cir. 1987) ............................................4

*Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 184 (6th Cir. 1985) .............................5

*Texaco Inc. v. Pennzoil Co.,* 784 F.2d 1133, 1154 (2d Cir. 1986), *rev'd on other grounds*, 481 U.S. 1 (1987) .................................................................................4

*Townsend v. Holman Consulting Corporation,* 929 F.2d 1358 (9th Cir. 1990).....3,4

*United Sates v. Moored*, 38 F.3d 1419, 1421 (6th Cir 1994) ....................................6

*Goldstein v. Costco Wholesale Corp.*, 337 F. Supp. 2d 771, 774 (E.D. Va. 2004)...8

*Maslonka v. Hoffner*, No. 2:13-CV-14110, 2021 U.S. Dist. LEXIS 174025 at *10 (E.D. Mich. Sep. 14, 2021)..................................................................................6

**Rules**

Fed. R. Civ. P. 62(a) ............................................................................................. 3

Fed. R. Civ. P. 62(b) ............................................................................................. 3

I.  **INTRODUCTION AND RELEVANT FACTS**

On December 19, 2019, Plaintiffs Marvin Gerber ("Gerber") and Dr. Miriam Brysk ("Brysk"; collectively, "Plaintiffs"), through their counsel, Marc Susselman ("Susselman"), filed this action. Plaintiffs' claims arose out of repeated anti-Israel and anti-Semitic picketing by Defendants Herskovitz, Harb, Saffold, List, and Mark (hereinafter the "Protestor Defendants") in front of the Beth Israel Synagogue every Saturday morning during Sabbath services for 17 years. Plaintiffs alleged violations of various federal statutes against the Protestor Defendants and sought reasonable time, place and manner restrictions that would allow Plaintiffs to exercise their First Amendment right to practice their religion free from harassment.

On March 17, 2020, the Protestor Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), claiming Plaintiffs did not have standing, and under Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief could be granted.

The Court granted Protestor Defendants' motion under Fed. R. Civ. P. 12(b)(1) for lack of standing and dismissed Plaintiffs' claims on August 19, 2020. Gerber, through Susselman, filed an appeal in the Sixth Circuit Court of Appeals. On September 15, 2021, the Sixth Circuit issued its Opinion (the "Opinion," *Gerber v. Herskovitz*, 14 F.4th 500 (6th Cir. 2021)). The Sixth Circuit disagreed with this Court on the standing issue and held that Plaintiffs had standing to bring their claims. The Sixth Circuit nevertheless upheld the dismissal on Rule 12(b)(6) grounds,

finding that the Protestor Defendants' conduct was protected by the First Amendment, but also finding that the claims were not frivolous.[1]

On October 13, 2021, Defendants filed a Renewed and Supplemented Fee Petition Pursuant to 42 U.S.C. §1988 and Motion for Sanctions Pursuant to 28 U.S.C. §1927 and this Court's Inherent Power to Sanction (the "Renewed Petition") (ECF No. 84). On November 19, 2021, Plaintiff Gerber, through his counsel, filed a Response to the Renewed Motion for Attorney Fees (ECF No. 99). On January 25, 2022, without a hearing, this Court issued an Order Granting Protestor Defendants' Motion for Attorney Fees and Sanctions (ECF No. 103) along with a corresponding Judgment for Attorney Fees (ECF No. 104).

On February 3, 2022, Plaintiff Brysk filed a Notice of Appeal of the Opinion and Judgment for Attorney Fees (ECF No. 107). On February 14, 2022, Plaintiff Gerber filed a Notice of Appeal of the Opinion and Judgment for Attorney Fees (ECF No. 109). This Court subsequently issued a certificate of service for the notices and the Sixth Circuit has since docketed the appeal. Now, during the pendency of the appeal, Plaintiff Gerber requests that this Court issue a stay on the execution of

---

[1] Plaintiff Brysk has filed a *writ of certiorari* in the United States Supreme Court requesting that the Sixth Circuit Court of Appeals decision be reversed. Plaintiff Gerber will file a *writ of certiorari* on or before April 1, 2022, as an extension was granted.

2

the Order and Judgment (ECF Nos. 103 and 104) pending the Sixth Circuit Appeal, including a waiver of any bond requirements.

## II. LEGAL ARGUMENT

Pursuant to Fed. R. Civ. P. Rule 62, "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). However, district courts may permit security other than a bond, or may waive the bond requirements altogether. *Townsend v. Holman Consulting Corporation,* 929 F.2d 1358 (9th Cir. 1990); *Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 758 (D.C. Cir. 1980).

In determining whether to grant a stay with a waiver of bond, the Court must consider the same factors as a preliminary injunction:

(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal.

(2) the likelihood that the moving party will be irreparably harmed absent a stay.

(3) the prospect that others will be harmed if the court grants the stay; and

(4) the public interest in granting the stay.

*Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001) (citing *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

At times, a bond for the full amount is "irrational, unnecessary, and self-defeating, amounting to a confiscation of the judgment debtor's property without due process." *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154 (2d Cir. 1986), *rev'd on other grounds*, 481 U.S. 1 (1987). Courts have the power to waive the bond requirements altogether. *Townsend,* 929 F.2d 1358 (9th Cir. 1990).

Courts have analyzed this issue with a balancing test in which the "party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal." *Griepentrog*, 945 F.2d at 153. "To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits." *Ohio ex rel. Celebrezze*, 812 F.2d 288, 290 (6th Cir. 1987) (citing *Cuomo v. United States Nuclear Regul. Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985)). The courts have treated the probability of success as inversely proportional to the amount of irreparable injury to Plaintiff absent the stay, i.e., "more of one excuses less of the other." *Griepentrog*, 945 F.2d at 153. The stay factors "are not prerequisites that must be met, but are interrelated considerations

4

that must be balanced together." *Id.* Based upon a review of the aforementioned factors, a stay including the waiver of the bond requirement is warranted.

### A. There is a high likelihood that Plaintiff Gerber will prevail on the merits of his appeal, which outweighs the remaining factors.

Plaintiff Gerber must show that "there is a likelihood of reversal." *Griepentrog*, 945 F.2d at 153. Here, there is a likelihood of reversal of the attorney fee award. To be awarded attorney fees, the Protestor Defendants were required to show that Plaintiffs' "case was frivolous, unreasonable, or without foundation." *Christiansburg Garmet Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978). Moreover, prevailing defendants should not be awarded fees so long as there was an arguable basis for pursuing a claim. *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 184 (6th Cir. 1985). Here, while the Sixth Circuit ultimately upheld this Court's dismissal, the Sixth Circuit did not believe Plaintiffs' claims were frivolous and went out of its way to say so by stating, "Plaintiffs' claims may be wrong and ultimately unsuccessful, but the fourteen pages that the concurrence devotes to analyzing the constitutional issues belie the conclusion that they are frivolous." *Gerber v. Herskovitz*, 14 F.4th at 508.

The Protestor Defendants failed to make a showing that Plaintiff's case was "frivolous, unreasonable, or without foundation," and should the Sixth Circuit consider its opinion on the underlying matter, there is a high likelihood of reversal as the Sixth Circuit already concluded the Plaintiffs' claims were not frivolous.

5

While this Court disagreed with the Sixth Circuit's opinion, it cannot be ignored. "Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Maslonka v. Hoffner*, No. 2:13-CV-14110, 2021 U.S. Dist. LEXIS 174025, at *10 (E.D. Mich. Sep. 14, 2021) (citing *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir 1994)). The law of the case doctrine "generally bars the district court from reconsidering those issues that the court of appeals has already explicitly or impliedly resolved." *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010). The purpose of the law of the case doctrine is to "enforce a district court's adherence to an appellate court's judgment." *Miller v. Maddox*, 866 F.3d 386, 388 (6th Cir. 2017).

The Sixth Circuit belied the conclusion that Plaintiffs' claims were frivolous, which barred the district court from reconsidering that issue. *Gerber*, 14 F.4th at 508; *see Keith*, 618 F.3d at 599. A decision on the frivolous nature of Plaintiffs' claims was not within this Court's discretion. Because the Sixth Circuit has already addressed the non-frivolity of Plaintiffs' claims, there is a high likelihood of reversal of the attorney fee award, which weighs in favor of a stay and waiver of bond requirements.

6

### B. *Plaintiff Gerber will be irreparably harmed absent a stay including a waiver of bond.*

"[T]he harm alleged should be evaluated in terms of its substantiality, the likelihood of its occurrence, and the proof provided by the movant." *Griepentrog*, 945 F.2d at 155 (citing *Cuomo*, 772 F.2d at 977). Moreover, the harm must be certain and immediate. *Id.* This Court held that Plaintiffs and Susselman were "jointly and severally liable to pay the attorney fees to Protestor Defendants." (Order, ECF No. 103, PageID.2775). Should this Court require Plaintiff Gerber to post a bond, he would be irreparably harmed as he is subjected to the full amount of the judgment despite it being entered "jointly and severally." If Plaintiff Gerber were the only party to post a bond to force an automatic stay, and if Plaintiff Gerber was ultimately unsuccessful on appeal, there is a high likelihood that the Protestor Defendants would collect in full on that bond, which in turn would allow Plaintiff Brysk and Susselman to walk away scot-free from the judgment. In such a situation, Plaintiff Gerber could be left responsible for the entire judgment without any recourse against Brysk and Susselman other than to pursue them in another action.

While Plaintiff Gerber maintains that the likelihood of success of reversal is high, should the Court of Appeals disagree, Plaintiff Gerber could be on the hook for the entire judgment, which undoubtedly presents an imminent harm to Plaintiff Gerber for full the amount of the judgment.

7

### C. *There is no concern for harm to the Protestor Defendants if this Court grants the stay and waives the bond requirement.*

While not dispositive on whether a stay without bond should be issued, there is no harm to the Protestor Defendants in granting the stay. Primarily, this case is still pending, and Protestor Defendants should be precluded from collecting on attorney fees, or a bond, until the Plaintiffs have exhausted all appellate remedies. Plaintiff Brysk has filed a *writ of certiorari* in the United States Supreme Court requesting that the Sixth Circuit Court of Appeals decision be reversed. Nathan Lewin, Gerber's attorney in the United States Supreme Court, intends to file a *writ of certiorari* before April 1, 2022, as an extension was granted. Assuming, *arguendo*, the Supreme Court grants the *writ of certiorari* and overturns the Sixth Circuit's opinion, it would result in the attorney fee issue being moot. It is entirely unreasonable that if the Plaintiffs Gerber and Brysk were to succeed in the appeal to the United States Supreme Court that they would still be assessed attorney fees for pursuing this case. There is no harm to Protestor Defendants as it is still possible Plaintiffs succeed in having the Sixth Circuit overturned, which would ultimately bar Protestor Defendants from recovering attorney fees as they would no longer be "prevailing defendants". *See Smith*, 754 F.2d at 184. There simply cannot be any harm for the Protestor Defendants until the Plaintiffs have exhausted all appeal remedies.

### D. There is a significant public interest in granting a stay without bond as there is a chilling effect by issuing an award of attorney fees in a civil rights matter.

The award of attorney fees in this matter undoubtedly has a chilling effect on future civil rights litigation. This concern is recognized in the high standard imposed on defendants seeking an award of attorney fees in such cases and the requirement "to strike a careful balance between not chilling civil rights claims and protecting the judicial process from abuse." *Cooksey v. Rechtigal*, 456 F. Supp. 2d 890, 893 (E.D. Mich. 2006) (citing *Goldstein v. Costco Wholesale Corp.,* 337 F.Supp.2d 771, 774 (E.D. Va. 2004) (quoting *Blue v. United States Dep't of Army,* 914 F.2d 525, 535 (4th Cir. 1990)). This is not a case where some congregants were simply attempting to shut down offensive speech. Instead, Plaintiff brought a lawsuit to balance his First Amendment right to practice religion free from harassment with the protesters' First Amendment right of freedom of speech. While Plaintiffs' claims were ultimately dismissed, Plaintiffs and their counsel should not be punished for pursuing them, particularly where Plaintiffs sought only to enforce their religious freedom rights with respect to the speech rights of the Protestors. Moreover, by not issuing a stay and allowing the execution on the Judgment on Attorney Fees, this Court is effectively discouraging prospective plaintiffs from bringing civil rights litigation due to the imminent threat of being assessed attorney fees.

9

### III. <u>CONCLUSION AND RELIEF REQUESTED</u>

The facts in this case warrant a stay on the execution of the judgment, including a waiver of any bond requirements. Plaintiff Gerber has established that the factors for a waiver of bond weigh heavily in his favor. As such, Plaintiff Gerber respectfully requests this Court issue a stay of the Order and Judgment (ECF Nos. 103 and 104) pending the Sixth Circuit Appeal, including the waiver of any bond by Plaintiff Gerber.

Respectfully Submitted:

PAESANO AKKASHIAN APKARIAN, P.C.

By: */s/ Alec M. Torigian*
  Brian M. Akkashian (P55544)
  Alec M. Torigian (P81909)
7457 Franklin Road, Suite 200
Bloomfield Hills, MI 48301
248-792-6886
atorigian@paalawfirm.com
Attorneys for Marvin Gerber

## CETRIFICATE OF SERVICE

I hereby certify that on February 24, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF counsel.

Respectfully Submitted:

PAESANO AKKASHIAN APKARIAN, P.C.

By: */s/ Alec M. Torigian*
  Brian M. Akkashian (P55544)
  Alec M. Torigian (P81909)
7457 Franklin Road, Suite 200
Bloomfield Hills, MI 48301
248-792-6886
atorigian@paalawfirm.com
Attorneys for Marvin Gerber