UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN GERBER, et al.,

    Plaintiffs,

v.

HENRY HERSKOVITZ, et al.,

    Defendants.

_____/

Case No. 19-13726
Honorable Victoria A. Roberts

**ORDER DENYING PLAINTIFF MARVIN GERBER'S MOTION
FOR STAY WITH WAIVER OF BOND PENDING APPEAL [ECF No. 114]**

I.     INTRODUCTION AND BACKGROUND

In January 2020, Plaintiffs Marvin Gerber and Miriam Brysk ("Plaintiffs") filed this action against a group of protestors ("Protestor Defendants"), the City of Ann Arbor, and several of its employees ("City Defendants"). They alleged that the Protestor Defendants infringed their federal and state rights by regularly protesting on the sidewalk in front of the Jewish synagogue Plaintiffs attend and that the City Defendants contributed to the infringement by failing to enforce Ann Arbor City Code.

The Court granted Defendants' motions to dismiss. It found that Plaintiffs lacked Article III standing. Plaintiffs appealed.

The Sixth Circuit affirmed the dismissal on other grounds. A two-judge majority held that Plaintiffs had standing but that dismissal was appropriate because they failed to state a claim on which relief can be granted. *Gerber v. Herskovitz*, 14 F.4th 500, 504, 512 (6th Cir. 2021).

The third judge – Judge Eric L. Clay – issued a concurring opinion in which he "concur[red] with the majority's decision to affirm" but indicated that he "would do so on the basis of Plaintiffs' lack of standing rather than as a result of the complaint's failure to state a claim." *Gerber*, 14 F.4th at 512, 523 (Clay, J., concurring). After acknowledging that dismissal for lack of subject-matter jurisdiction/standing based on the inadequacy of the federal claim is proper only when the claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise devoid of merit as not to involve a federal controversy,'" Judge Clay found that "Plaintiffs' claims are 'so frivolous as to be a contrived effort to create' federal jurisdiction." *Id.* at 522 (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998), and *Benalcazar v. Genoa Twp., Ohio*, 1 F.4th 421, 424 (6th Cir. 2021)).

On return to this Court, the Protestor Defendants moved for attorney fees and sanctions against Plaintiffs and their attorney, Marc Susselman.

2

The Court granted Protestor Defendants' request for attorney fees but denied sanctions. The Court held Plaintiffs and Susselman jointly and severally liable to Protestor Defendants for $158,721.75 in attorney fees. Judgment entered to that effect on January 25, 2022.

Gerber retained new counsel. Susselman is still counsel for Brysk.

On February 24, 2022, Gerber moved to stay execution of the judgment with waiver of bond pending appeal [ECF No. 114]. The motion is fully briefed. No hearing is necessary.

For the reasons below, the Court **DENIES** Gerber's motion.

## II. DISCUSSION

Execution on a judgment and proceedings to enforce it are automatically stayed for 30 days unless the Court orders otherwise. Fed. R. Civ. P. 62(a). A party may obtain a stay beyond the automatic 30 day stay "by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b); *Lewis v. United Joint Venture*, No. 07-CV-639, 2009 WL 1654600, at *1 (W.D. Mich. June 10, 2009) ("What constitutes 'appropriate terms' is a matter left to the trial court's discretion, but normally the party seeking a stay is required to post a bond [or other security] sufficient to protect fully the prevailing party's

interest in the judgment."). The Court has the discretion to waive the bond/security requirement under certain circumstances – such as where the party's "ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Id.* (quoting *Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003)).

Although "the Sixth Circuit has not defined a specific test to guide the Court's discretion when considering whether to grant an unsecured stay[,] . . . [b]ecause of Rule 62(b)'s dual protective role, a full supersedeas bond should almost always be required." *Koshani v. Barton*, No. 17-CV-265, 2019 WL 7288802, at *2 (E.D. Tenn. Aug. 14, 2019) (citations omitted); *see also Sofco Erectors, Inc. v. Trustees of Ohio Operating Engineers Pension Fund*, No. 19-CV-2238, 2021 WL 858728, at *2 (S.D. Ohio Mar. 8, 2021) (explaining that Rule 62(b) protects both parties' interests by ensuring that the prevailing party will recover in full if the decision is affirmed, while protecting the other side against the risk that it cannot recover any payment made if the decision is reversed.).

Absent a standard from the Sixth Circuit, district courts in this circuit require the party seeking waiver of the bond to establish "extraordinary circumstances." *See Koshani*, 2019 WL 7288802, at *2 (collecting cases). "Extraordinary circumstances include a showing by the appellant that his

4

ability to pay the judgment is so plain that the cost of the bond would be a waste of money, or that the bond requirement would put [his] other creditors in undue jeopardy." *Id.* (citation and internal quotation marks omitted). "The party seeking waiver has the burden 'to objectively demonstrate the reasons' for the waiver." *Id.* (citation omitted).

Gerber does not claim an undisputable ability to pay or hardship, and utterly fails to establish extraordinary circumstances warranting waiver of the bond/security requirement. In fact, rather than attempting to demonstrate extraordinary circumstances for waiver of bond, Gerber asks the Court to apply the four-factor test set forth in *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). This test requires the Court to consider the same factors considered in granting a preliminary injunction: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Id.* However, *Griepentrog* considered a requested stay of injunctive relief, not a stay of a monetary judgment.

The Court did not award injunctive relief in this case. And no Sixth Circuit decision has adopted *Griepentrog* as the test a court must apply when considering a request to waive bond to stay a money judgment pending appeal. Full security is ordinarily required. *See Acosta v. Min & Kim Inc.*, No. 15-CV-14310, 2018 WL 3586369, at *2 (E.D. Mich. July 26, 2018).

Gerber says the Court should stay execution of the judgment and waive the security requirement because: (1) there is no harm to the Protestor Defendants if the Court grants the stay; and (2) failing to do so would discourage prospective plaintiffs from bringing civil rights actions due to the threat of being assessed attorney fees.

Gerber also says:

> The only equitable result in this case is to grant a stay without bond because any other decision creates the risk of wildly unfair outcomes.
>
> For example, if Gerber posts a bond but Susselman/Brysk do not, Defendants will be able to collect against the Gerber bond, leaving Gerber responsible for the entire attorney fee award and letting Susselman/Brysk completely off the hook. If Gerber does not post a bond, but Susselman/Brysk do, Defendants (absent a stay) will likely attempt to collect the full judgment amount from Gerber while the appeals of the attorney fee award are pending. If the appeals are denied, Gerber may have already paid the entire attorney fee award, no amount will be remaining to collect against the Susselman/Brysk bond, and Susselman/Brysk will again evade any financial loss. In short, Gerber is "damned if he

> does, and damned if he doesn't," unless the Court grants a stay without bond, thereby ensuring that Gerber, Brysk and Susselman share the same level of risk if their appeals are ultimately denied.

[ECF No. 118, PageID.2950-51 (internal footnote omitted)].

None of Gerber's arguments constitutes an extraordinary circumstance justifying waiver of the bond/security requirement. *See Koshani*, 2019 WL 7288802, at *2.

Moreover, Gerber's argument that he is "damned if he does, and damned if he doesn't" makes no sense. Under Gerber's rationale, if he posts bond and Brysk and Susselman do not, Protestor Defendants will collect against Brysk and Susselman during the appeal. Additionally, he can seek recourse against Brysk and Susselman in another action if Protestor Defendants collect the entire award against him.

Because Gerber has not posted bond and has not shown extraordinary circumstances to justify its waiver, the Court denies a stay under Rule 62.

Gerber still may stay execution of the judgment by posting bond or other security. If he decides to do so, the Court must set the appropriate amount of the bond. *McKeon Prod., Inc. v. Honeywell Safety Prod. USA, Inc.*, No. 95-CV-76322, 2021 WL 287729, at *8 (E.D. Mich. Jan. 28, 2021)

7

("The court has discretion to decide both the need for a bond and the amount of the bond.").

Protestor Defendants ask the Court to set the bond at $350,000. That amount includes simple interest for the estimated length of the appeal, additional fees expected to be incurred during the appeal, and fees incurred briefing their request for attorney fees which they forgot to include in their petition.

The Court will not award fees for the attorney fees appeal; the Court finds that the appeal is not frivolous since fee awards to prevailing defendants is not routine and reserved for "truly egregious cases of misconduct." See Garner v. Cuyahoga Cty. Juv. Ct., 554 F.3d 624, 635 (6th Cir. 2009). The Court will also not award fees incurred for past work (e.g., briefing the motion for attorney fees) which defense counsel failed to previously request; they had ample time and opportunity to supplement their petition for fees and failed to do so.

The Court awarded $158,721.75 in attorney fees. The Court adds $5,000 to that award to account for interest during the appeal at a higher rate than the current rate based on rising inflation and the anticipated rise in interest rates over the coming months.

If Gerber and/or Brysk and Susselman opt to stay execution of the judgment by posting bond, the Court finds that the appropriate amount of the bond is $163,721.75.

## III. CONCLUSION

The Court **DENIES** Gerber's motion for stay with waiver of bond pending appeal [ECF No. 114].

Brysk filed a similar motion for stay of the judgment without a requirement that she or Susselman post bond in the Sixth Circuit. The motion is pending. So that Gerber, Brysk, and Susselman remain in similar positions, the Court extends the stay of the judgment with respect to Gerber until the Sixth Circuit rules on Brysk's motion.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 11, 2022

9